UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,                                              Case No. 15 MC 00171-P1

          Petitioner/Judgment Creditor,

     -against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

          Defendants/Judgment Debtors,

     -and-

JPMORGAN CHASE BANK, N.A.,                             RESPONDENT JPMORGAN
                                                       CHASE BANK, N.A.'S
          Respondent.               ANSWER TO PETITION FOR
_____                FOR TURNOVER ORDER,
                                                       COUNTERCLAIM, AND
JPMORGAN CHASE BANK, N.A.,                             THIRD-PARTY PETITION
                                                       IN INTERPLEADER
          Third-Party Petitioner,

     -against-

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METOPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

          Third-Party Respondents.
_____

Respondent JPMorgan Chase Bank, N.A. ("JPMCB"), by its attorneys, Levi Lubarsky Feigenbaum & Weiss LLP, for its answer to "Petitioner John Doe's Petition For Turnover Order Directed At JPMorgan Chase Bank, N.A." (the "Petition"), and for its counterclaim and third-party petition in interpleader, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "Introduction" to the Petition, except admits that a judgment has been entered in favor of Petitioner John Doe ("Doe" or "Petitioner") and against the Revolutionary Armed Forces of Colombia (the "FARC") and Ejercito De Liberacion Nacional ("ELN") (the "Judgment"), that the Judgment has been registered in this district, that a writ of execution was issued by this Court, and that Doe, by the Petition, seeks to collect on the Judgment.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Petition, except admits that Doe obtained the Judgment.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Petition.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Petition.

5. Admits the allegations of paragraph 4 of the Petition, except denies the specific amounts of assets and number of branches stated therein.

6. Admits the allegations set forth in paragraph 5 of the Petition.

7. Admits the allegations set forth in paragraph 6 of the Petition, except states that insofar as the allegations in paragraph 6 purport to state a legal conclusion, no response is required.

8.      Admits the allegations of paragraph 7 of the Petition.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Petition.  To the extent the allegations in paragraph 8 purport to state a legal conclusion, no response is required.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Petition.  To the extent the allegations in paragraph 9 purport to state a legal conclusion, no response is required.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Petition, except admits that venue in this district is proper.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Petition, except admits that Doe obtained the Judgment against the FARC and ELN, and that the Judgment has been registered in this district.

13.     Admits that portion of paragraph 12 of the Petition that alleges that Doe served a restraining notice on JPMCB.  To the extent the allegations in paragraph 12 purport to state a legal conclusion, no response is required.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Petition, except admits that the Court issued a writ of execution, and that the writ was eventually served on JPMCB.  To the extent the allegations in paragraph 13 purport to state a legal conclusion, no response is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Petition, except admits that JPMCB has in its custody blocked accounts in which Kassim Tajeddine ("Tajeddine"), Grand Stores Ltd. ("Grand Stores")

and/or Tajco a/k/a Tajco Ltd. ("Tajco") may have an interest. To the extent the allegations in paragraph 14 purport to state a legal conclusion, no response is required.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Petition, except admits that JPMCB blocked two accounts, in which Tajeddine may have an ownership interest, pursuant to regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department. To the extent the allegations in paragraph 15 of the Petition purport to state a legal conclusion, no response is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Petition, except admits that JPMCB blocked a wire transfer initiated by Grand Stores for the benefit of non-party ED & F Man Treasury Management PLC ("ED&F") and placed the proceeds of the blocked wire transfer into a blocked account pursuant to regulations issued by OFAC. To the extent the allegations in paragraph 16 purport to state a legal conclusion, no response is required.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Petition, except admits that JPMCB blocked a wire transfer sent for the benefit of non-party Leaders of Supply and Products SAL (Off-Shore) ("Leaders") and placed the proceeds of the blocked wire transfer into a blocked account pursuant to regulations issued by OFAC. To the extent the allegations in paragraph 17 purport to state a legal conclusion, no response is required.

19.     Admits that the blocked accounts referred to in paragraph 18 of the Petition are located in this district.

20.     The allegations set forth in paragraph 19 of the Petition purport to state a legal conclusion to which no response is required.

21.     The allegations set forth in paragraph 20 of the Petition purport to state a legal conclusion to which no response is required.

22.     The allegations set forth in paragraph 21 of the Petition purport to state a legal conclusion to which no response is required.

23.     The allegations set forth in paragraph 22 of the Petition purport to state a legal conclusion to which no response is required.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Petition, except admits that the FARC and ELN have been designated as SDGTs.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Petition, except admits that OFAC has designated Tajeddine, Grand Stores and Tajco as specially designated global terrorists ("SDGTs").

26.     Admits that the United States District Court for the Middle District of Florida issued the order referred to in paragraph 25 of the Petition, and respectfully refers the Court to the order for its precise terms.  To the extent the allegations in paragraph 25 purport to state a legal conclusion, no response is required.

27.     Admits that Doe has annexed to the Petition the affidavit of David L. Gaddis referred to in paragraph 26 of the Petition, and respectfully refers the Court to the affidavit for the precise statements made therein.  To the extent the allegations in paragraph 26 purport to state a legal conclusion, no response is required.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Petition.  To the extent the allegations in paragraph 27 of the Petition purport to state a legal conclusion, no response is required.

29.     The allegations of paragraph 28 of the Petition purport to state a legal conclusion to which no response is required.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Petition, except admits that Doe holds the Judgment, and that JPMCB has in its custody blocked accounts whose underlying blocked transactions purportedly involved Tajeddine, Grand Stores or Tajco.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Petition, except states that to the extent those allegations purport to state a legal conclusion, no response is required.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Petition.  To the extent the allegations in paragraph 31 of the Petition purport to state a legal conclusion, no response is required.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Petition.  To the extent the allegations in paragraph 32 purport to state a legal conclusion, no response is required.

34.     Admits the allegations of paragraph 33 of the Petition.

35.     Denies the allegations of paragraph 34 of the Petition.

## FIRST AFFIRMATIVE DEFENSE

36.     The Petition fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

37.     Persons and entities other than Doe may have interests in or rights to the blocked accounts, held at JPMCB, that are the subject of the Petition, and those interests or rights may be superior to Doe's right, if any, to execute on the blocked accounts to help satisfy the Judgment. Such persons and entities include parties to or participants in the respective wire transfers underlying the blocked accounts, and other judgment creditors of the FARC or ELN who have served writs of execution or other forms of process or notice of their claims.

## THIRD AFFIRMATIVE DEFENSE

38.     The funds in the blocked accounts at issue, having been blocked pursuant to OFAC regulations, cannot be transferred to Petitioner or anyone else except pursuant to either a license issued by OFAC permitting such a transfer or a final judgment under § 201 of the Terrorism Risk Insurance Act of 2002, Pub. Law No. 107-297 (codified following 28 U.S.C. § 1610) ("TRIA") after the Court's determination that Petitioner has met his burden of proof on all of the elements of a claim under TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)" and therefore subject to execution.

## FOURTH AFFIRMATIVE DEFENSE

39.     Petitioner has failed to name as respondents, and thereby bring before the Court, certain indispensable parties under Fed. R. Civ. P. 19, all of whom may have an interest in or claim to the funds in the blocked accounts at issue. Unless all such potentially interested parties are brought before the Court, JPMCB will likely be unable to obtain an appropriate discharge in the event it were directed to turn over to Doe the funds in the blocked accounts.

## FIFTH AFFIRMATIVE DEFENSE

40.     Tajeddine contends that, contrary to the findings of the United States District Court for the Middle District of Florida, he is not an agency or instrumentality of the FARC, and that none of his assets, blocked or otherwise, are therefore subject to execution under TRIA. Tajeddine is expected to appear in this case to seek a judicial determination that he is not an agency or instrumentality of the FARC. If he obtains such a determination, then the funds in the blocked accounts at issue cannot be turned over to Petitioner.

## SIXTH AFFIRMATIVE DEFENSE

41.     The blocked account at issue is not subject to execution under governing law. Under the Second Circuit Court of Appeal's recent decisions in *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014) ("*Calderon-Cardona*"),, and *Hausler v. JP Morgan JPMCB Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014) ("*Hausler*"), a blocked wire transfer, held by an intermediary bank, is subject to execution as property of a foreign state judgment debtor "only where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT [i.e., an electronic funds transfer or wire transfer] directly to the bank where the EFT is held pursuant to the block." *Calderon-Cardona*, 770 F.3d at 1002; *Hausler*, 770 F.3d at 212. As to two of the blocked accounts at issue, Grand Stores and Tajco, as the alleged instrumentalities of the FARC that originated the respective wire transfers underlying the two blocked accounts, did not make such a direct transmission to JPMCB. Under *Calderon-Cardona* and *Hausler*, accordingly, those alleged instrumentalities lack a property interest in the blocked accounts, which in turn are immune from execution under TRIA § 201.

## COUNTERCLAIM AND
## THIRD-PARTY PETITION IN INTERPLEADER

As a counterclaim against Doe, and as a third-party claim in interpleader against the third-party respondents identified above and described below, JPMCB alleges as follows:

A.    Nature of the Counterclaim and Third-Party Claim

42.    JPMCB files its third-party petition pursuant to Fed. R. Civ. P. 22, Sections 1335 and 2361 of Title 28, United States Code, Section 134 of the New York Banking Law, and New York Civil Practice Law and Rules ("CPLR") §§ 1006 and 5239 for a judicial determination of the rights, if any, of Petitioner, the third-party respondents, and any other persons or entities to the funds in the four blocked accounts that are the subject of the Petition (collectively, the "Blocked Accounts"). The Blocked Accounts, all of which JPMCB continues to hold today, were established upon JPMCB's block of transactions and wire transfers, as described in detail below, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as SDGTs.

43.    Petitioner now seeks an order under TRIA § 201 and CPLR § 5225(b) directing JPMCB to turn over to him, in partial satisfaction of the Judgment, the funds in the Blocked Accounts. But other persons and entities also have an interest in or claim to those funds, including other judgment creditors of the FARC, certain parties to the blocked wire transfers underlying two of the Blocked Accounts, and Tajeddine, who asserts that he is not an SDGT and is otherwise not an instrumentality of the FARC. JPMCB has accordingly filed the counterclaim and third-party claim set forth in this pleading in order to bring all such persons and entities before the Court and give them the opportunity to assert any claims they may have to the Blocked Accounts so that the Court can determine to whom, if anyone, the funds in the Blocked Accounts should be turned over. This proceeding is also necessary to enable JPMCB, in the

event it is directed to turn over the funds in the Blocked Accounts, to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that the bank would be subject to double or multiple liability as a result of inconsistent rulings in different forums.

B.      Jurisdiction and Venue

44.     This Court has subject matter jurisdiction over the third-party claim asserted herein (i) pursuant to 28 U.S.C. § 1331, because the claim arises under the laws and treaties of the United States, in particular TRIA; (ii) pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to Doe's Petition, which itself is within the Court's original jurisdiction, that they form part of the same case or controversy; and (iii) pursuant to 28 U.S.C. § 1335, because the third-party claim is in the nature of interpleader, JPMCB has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as third-party respondents are, upon information and belief, of adverse citizenship.

45.     Upon information and belief, venue of the counterclaim and third-party claim asserted in this third-party petition is properly set in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim – including Doe's registration of his judgment in this Court, Doe's delivery of a writ of execution to the United States Marshal's Office for the Southern District of New York (the "SDNY Marshal"), and the filing of the Petition – occurred in this district and the Blocked Accounts are all located here.

C.      The Parties

46.     Third-Party Petitioner JPMCB is a national banking association organized and existing under the laws of the United States, and maintains an office in this district.

47.     Petitioner and counterclaim respondent Doe was the plaintiff in an action entitled

John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK, in the United

States District Court for the Southern District of Florida, in which Doe recovered the Judgment –

a judgment, entered on January 5, 2012, in the amount of $36,800,000.00 against the FARC and

ELN.  Upon information and belief, Doe is a citizen of Venezuela and a resident alien in the

United States.

48.     Third-party respondents Keith Stansell, Marc Gonsalves, Thomas Howes, Judith

G. Janis, Christopher T. Janis, Greer C. Janis, Michael J. Janis, and Jonathan N. Janis (the

"Stansell Respondents" or the "Stansells") were plaintiffs in an action entitled Keith Stansell, et

al. v. Revolutionary Armed Forces of Colombia (FARC), et al., No. 09-CV-02308-RAL-MAP,

in the United States District Court for the Middle District of Florida (the "Stansells' Florida

Proceeding"), in which they recovered a judgment, entered on June 15, 2010, in the amount of

$318,030,000 against the FARC, among others.  By order dated July 22, 2015, the court in the

Stansells' Florida Proceeding ruled that it lacked *in rem* jurisdiction over the Blocked Account

and other assets located outside Florida and vacated writs of garnishments that the Stansells had

previously served on JPMCB and other garnishee banks.  The Stansells then commenced a new

proceeding, also entitled Keith Stansell, et al. v. Revolutionary Armed Forces of Colombia

(FARC), et al., No. 15-cv-06826, in the United States District Court for the Northern District of

Illinois (the "Stansells' Illinois Proceeding") in which they seek – as they did in their Florida

Proceeding, and as Doe does here – to execute on the Blocked Accounts and certain assets held

by other garnishee banks.  Upon information and belief, third-party respondents Keith Stansell,

Thomas Howes and Jonathan N. Janis are citizens of the State of Florida, Christopher T. Janis is

a citizen of the State of New York, Marc Gonsalves is a citizen of the State of Connecticut,

Judith G. Janis and Michael I. Janis are citizens of the State of Alabama, and Greer C. Janis is a citizen of the Commonwealth of Virginia,

49.     Third-party respondent Antonio Caballero ("Caballero") is the plaintiff in an action entitled <u>Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.</u>, No. 12-48803-CA-02, in the 11th Circuit Court for the State of Florida, Miami-Dade County, in which he recovered a judgment, entered on November 18, 2014, in the amount of $191,433,485.56 against, among others, the FARC and ELN.  Upon information and belief, Caballero is a citizen of Colombia and a resident alien of the United States.

50.     Upon information and belief, third-party respondent Kassim Tajeddine (referred to above and hereafter as "Tajeddine") is a citizen of a nation other than the United States, and is a resident of Gambia.  Tajeddine has been designated as an SDGT by OFAC and was found by the court in the Stansells' Florida Proceeding, though before Tajeddine appeared in that proceeding, to be an instrumentality of the FARC within the meaning of TRIA § 201(a). Tajeddine, however, who appeared in the Stansells' Florida Proceeding and has also appeared in the Illinois Proceeding, disputes that he is an instrumentality of the FARC.  Tajeddine has an interest in two of the four Blocked Accounts, both of which are deposit accounts maintained at JPMCB (the "Tajeddine Blocked Accounts").

51.     Upon information and belief, third-party respondent Metropolitan Life Insurance Company ("MetLife") is a corporation organized under the laws of the State of New York, with its principal place of business in this district.  As discussed below, MetLife may have a competing interest in the Tajeddine Blocked Accounts.

52.     Upon information and belief, third-party respondent Grand Stores Ltd. ("Grand Stores") is a corporation or other legal entity organized under the laws of Gambia, with its

principal place of business in Gambia. Grand Stores, which has been designated as an SDGT by OFAC, was a party to a blocked wire transfer that underlies one of the Blocked Accounts, which is referred to hereafter as the "Grand Stores Blocked Account."

53.     Upon information and belief, third-party respondent Trust Bank Ltd. ("Trust Bank") is a bank organized and existing under the laws of Gambia, with its principal place of business in Banjul, Gambia. As discussed below, Trust Bank was a party to the blocked wire transfer underlying the Grand Stores Blocked Account.

54.     Upon information and belief, third-party respondent Credit Suisse AG ("Credit Suisse") is a bank organized and existing under the laws of Switzerland, with its principal place of business in Zurich, Switzerland. As discussed below, Credit Suisse was a party to the blocked wire transfer underlying the Grand Stores Blocked Account.

55.     ED & F Man Treasury Management PLC ("ED&F"), a corporation or other legal entity organized under the laws of the United Kingdom with its principal place of business in London, England, was also a party to the blocked wire transfer underlying the Grand Stores Blocked Account, having been the beneficiary of the wire transfer initiated by Grand Stores. But under *Calderon-Cardona* and *Hausler*, ED&F, as a beneficiary, has no claim to the funds in the Grand Stores Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

56.     Upon information and belief, third-party respondent Tajco a/k/a Tajco Ltd. (referred to above and hereafter as "Tajco") is a corporation or other legal entity organized under the laws of Gambia, with its principal place of business in Gambia. Tajco, which has been designated as an SDGT by OFAC, was a party to a blocked wire transfer that underlies one of the Blocked Accounts, which is referred to hereafter as the "Tajco Blocked Account."

57.     Upon information and belief, third-party respondent Arab Gambian Islamic Bank Ltd. ("Arab Gambian") is a bank organized and existing under the laws of Gambia, with its principal place of business in Banjul, Gambia.  As discussed below, Arab Gambian was a party to the blocked wire transfer underlying the Tajco Blocked Account.

58.     Upon information and belief, third-party respondent AHLI United Bank UK PLC ("AHLI") is a bank organized and existing under the laws of the United Kingdom, with its principal place of business in London, England.  As discussed below, AHLI was a party to the blocked wire transfer underlying the Tajco Blocked Account.

59.     Lebanese Canadian Bank SAL ("Lebanese Canadian Bank"), a bank organized and existing under the laws of Lebanon with its principal place of business in Beirut, Lebanon, was also a party to the blocked wire transfer underlying the Tajco Blocked Account, having been the bank for the beneficiary of the wire transfer.  But under *Calderon-Cardona* and *Hausler*, Lebanese Canadian Bank, as a beneficiary's bank, has no claim to the funds in the Tajco Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

60.     Leaders of Supply and Products SAL (Offshore) (referred to above and hereafter as "Leaders"), a corporation or other legal entity organized under the laws of Lebanon with its principal place of business in Beirut, Lebanon, was also a party to the blocked wire transfer underlying the Tajco Blocked Accounts, having been the beneficiary of the wire transfer.  But under *Calderon-Cardona* and *Hausler*, Leaders, as a beneficiary, has no claim to the funds in the Tajco Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

D.     Facts Common To All Counterclaims and Third-Party Claims

(i)     The Blocked Accounts

(a)     The Tajeddine Blocked Accounts

61.     Of the two Tajeddine Blocked Accounts, the first, whose account number ends in 6923, is in the sum of $355,581.66 as of mid-March 2015 and was established on or about February 2, 2012.  The second, whose account number ends in 3534, is in the sum of $62,036.71 as of mid-March 2015 and was established on or about October 1, 2012.  Both accounts were blocked pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as an SDGT.  Upon information and belief, the funds in the blocked account ending in 6923 represent the surrender value of two insurance policies – a life insurance policy and personal accident policy – purchased by Tajeddine from a predecessor-in-interest of MetLife before his designation as an SDGT.  The funds in the blocked account ending in 3534 represent the value of the final premium payments received by MetLife for the two insurance policies.  The Tajeddine Blocked Accounts are located in New York, New York.

62.     Based on the information it has been given regarding the Tajeddine Blocked Accounts, JPMCB believes that the only two persons or entities with a potential ownership interest in the funds in the Tajeddine Blocked Accounts are Tajeddine and MetLife.  Because Tajeddine had been designated as an SDGT at the time the accounts were created, his interest in the accounts led JPMCB to block the accounts in accordance with OFAC's applicable sanctions regulations.

(b)     The Grand Stores Blocked Account

63.     The Grand Stores Blocked Account was established on or about May 30, 2012, after JPMCB blocked a wire transfer, in the amount of $400,951.41, pursuant to sanctions

regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as an SDGT. The Grand Stores Blocked Account, whose account number ends in 2908, is located in New York, New York.

64. The parties to the blocked wire transfer underlying the Grand Stores Blocked Account were the following: Grand Stores, as the originator; Trust Bank, as the originator's bank; Credit Suisse, as Trust Bank's correspondent bank; JPMCB, as the beneficiary's bank; and ED&F, as the beneficiary. Because Grand Stores had been designated as an SDGT by the time of the wire transfer, its presence in the wire transfer chain triggered JPMCB's block of the wire transfer in accordance with OFAC's applicable sanctions regulations.

(c)     The Tajco Blocked Account

65. The Tajco Blocked Account was established on or about December 22, 2010, after JPMCB blocked a wire transfer, in the amount of $120,416.00, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as an SDGT. The Tajco Blocked Account, whose account number ends in 2908, is located in New York, New York.

66. The parties to the blocked wire transfer underlying the Tajco Blocked Account were the following: Arab Gambian, as the originator's bank; AHLI, as Arab Gambian's correspondent bank; JPMCB, as an intermediary bank; Lebanese Canadian Bank, as the beneficiary's bank; and Leaders, as the beneficiary. JPMCB has not been able to determine the originator of the blocked wire transfer, though the wire transfer instructions, sent by Arab Gambian, identify Arab Gambian as both the originator and the originator's bank. The same instructions, however, also include a column entitled "payment details" in which B/O Tajco, at Ecowas Avenue in Banjul, Gambia, was identified, making it possible that Tajco was the

originator or otherwise a party to the wire transfer. Because Tajco had been designated as an SDGT by the time of the wire transfer, its presence in the wire transfer chain triggered JPMCB's block of the wire transfer in accordance with OFAC's applicable sanctions regulations.

      (ii)    <u>Petitioner's Claims to the Blocked Accounts</u>

      67.    Upon information and belief, Doe obtained the Judgment against the FARC and ELN on January 5, 2012 in his action in the United States District Court for the Southern District of Florida entitled <u>John Doe v. Ejercito de Liberacion Nacional, et al.</u>, No. 10-21517-CIV-HUCK. The Judgment was entered under the Alien Tort Statute, 28 U.S.C. § 1350, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. As of the time of this third-party petition, the Judgment, which the judgment debtors have not voluntarily paid, remains unsatisfied.

      68.    On or about June 18, 2015, Doe registered the Judgment in the Southern District of New York in this proceeding. On or about August 28, 2015, the SDNY Marshal served a writ of execution on JPMCB as part of Doe's effort to enforce the Judgment. On August 31, 2015, Doe filed the Petition under Fed. R. Civ. P. 69, TRIA and CPLR §§ 5225(b), seeking an order directing JPMCB to turn over to him the funds in the Blocked Accounts.

      (iii)    <u>The Stansell Respondents' Claims to the Blocked Accounts</u>

      69.    Upon information and belief, on June 15, 2010, the Stansell Respondents obtained a judgment against the FARC and others in the amount of $318,030,000 in the Stansells' Florida Proceeding. Upon information and belief, as of the time of this third-party petition, the Stansells' judgment against the FARC has been only partially satisfied.

      70.    On or about March 31, 2015, the Stansells served writs of garnishment upon JPMCB in the Stansells' Florida Proceeding. As noted, by order dated July 22, 2015, the court

in that proceeding ruled that it lacked *in rem* jurisdiction over the Blocked Accounts and other assets located outside Florida and vacated writs of garnishments that the Stansells had previously served on JPMCB and other garnishee banks. The Stansells then commenced the Illinois Proceeding, in which they, like Doe in this Court, seek to execute on the Blocked Accounts and certain blocked accounts held by other garnishee banks. The Stansells served a third-party citation on JPMCB on or about August 6, 2015, and filed a motion in the Illinois Proceeding on August 30, 2015 for the turnover of the funds in the Blocked Accounts. As of the time of this third-party petition, that turnover motion is still pending, and JPMCB will be moving in the Illinois Proceeding by September 25, 2015 to transfer that proceeding to this Court, stay it pending the outcome of this interpleader proceeding, or dismiss it for lack of *in rem* jurisdiction.

(iv)     Caballero's Possible Claims to the Blocked Accounts

71.     Upon information and belief, on November 18, 2014, Caballero obtained a judgment against the FARC, in the amount of $191,433,485.56, in his action in the 11th Circuit Court for the State of Florida. Upon information and belief, as of the time of this third-party petition, Caballero's judgment remains unsatisfied.

72.     As of the time of this third-party petition, Caballero has not served JPMCB with a writ of execution or comparable lien that covers the Blocked Accounts. It follows that, vis-à-vis either Doe or the Stansell Respondents, Caballero is unlikely to have priority for purposes of executing on the Blocked Accounts. JPMCB has nonetheless named Caballero as a third-party respondent to ensure that Caballero is fully covered by any discharge that may at some future time be entered in this proceeding.

(v)     Tajeddine's Claims to the Tajeddine Blocked Accounts

73.     As noted, Tajeddine disputes that he is an SDGT or an instrumentality of the FARC and contends, accordingly, that the Tajeddine Blocked Accounts are not subject to execution under TRIA § 201(a) because they are not, he says, an asset of the FARC or an instrumentality thereof.  Tajeddine objected in the Stansells' Florida Proceeding to the turnover to the Stansells of the funds in the Tajeddine Blocked Accounts, and has appeared in the Stansells' Illinois Proceeding and is expected to move to transfer, stay or dismiss that proceeding.  Tajeddine is expected to appear in this case to seek a judicial determination, after a hearing, that he is not an instrumentality of the FARC and should have the funds in the Tajeddine Blocked Accounts returned to him.

(vi)    The Interests of the Other Third-Party Respondents in the Blocked Accounts

74.     The remaining third-party respondents have been named as respondents in light of their respective positions as parties involved with the transactions underlying one or more of the Blocked Accounts.  MetLife, which appears to have an interest in the insurance policies involved with the Tajeddine Blocked Accounts, may have an interest in the funds in those accounts.  Grand Stores, as the originator, Trust Bank, as the originator's bank, and Credit Suisse, as Trust Bank's correspondent bank, were all upstream parties to the wire transfer underlying the Grand Stores Blocked Account and may therefore claim an interest in the funds in that account.  Tajco, as the putative originator, Arab Gambian, as the possible originator and the originator's bank, and AHLI, as Arab Gambian's correspondent bank, were all upstream parties to the wire transfer underlying the Tajco Blocked Account and may therefore claim an interest in the funds in that account.

75. Although JPMCB is unaware that Grand Stores, Trust Bank, Tajco and Arab Gambian have to date ever made a claim to any of the Blocked Accounts, any one of them could conceivably do so. Credit Suisse, meanwhile, as the party to the Grand Stores wire transfer that directly transmitted the blocked funds to JPMCB, which blocked the wire transfer, is the sole entity that has an ownership interest in the Grand Stores Blocked Account under the law as established by the Second Circuit in *Calderon-Cardona* and *Hausler*. Likewise, AHLI, as the party to the Tajco wire transfer that directly transmitted the blocked funds to JPMCB, as the intermediary bank, is the sole entity that has an ownership interest in the Tajco Blocked Account under *Calderon-Cardona* and *Hausler.*

*    *    *

76. Because of Doe's and the third-party respondents' existing and prospective claims to the funds in one or more of the Blocked Accounts, and all the more so because the Stansells have commenced turnover proceedings in a separate forum in Illinois, JPMCB is being exposed to conflicting claims, to vexatious and burdensome litigation in different courts and different proceedings, to the attendant risk of inconsistent rulings, and ultimately to the prospect of double or multiple liability as to the same blocked assets.

77. Under these circumstances, this interpleader proceeding is the most effective and cost-effective means by which all interested parties can be brought before one Court, a single determination can be made as to who, if anyone, is entitled to the funds in any one or more of the Blocked Accounts, and JPMCB, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Blocked Accounts that is binding on all interested parties and not subject to future attack.

## FIRST COUNTERCLAIM AND FIRST
## THIRD-PARTY CLAIM:  FOR INTERPLEADER RELIEF

78.     JPMCB repeats and realleges the allegations in paragraphs 1 through 77 above as if they were set forth here in full.

79.     Petitioner has commenced this action seeking a turnover order under TRIA, Fed. R. Civ. P. 69 and CPLR § 5225(b) directing that JPMCB turn over to him the funds in the Blocked Accounts.  The Stansell Respondents have similarly moved for a turnover order in their Illinois Proceeding seeking, under Illinois enforcement procedures, the exact same result.  Both Petitioner and the Stansell Respondents therefore have claims to the Blocked Accounts within the meaning of Fed. R. Civ. P. 22.  Caballero, as a judgment creditor of the FARC, could also conceivably assert a claim to the Blocked Accounts.

80.     Tajeddine has also asserted claims to the Tajeddine Blocked Accounts, within the meaning of Rule 22, insofar as he asserts that he is neither an SDGT nor an instrumentality of the FARC, that the funds in the Tajeddine Blocked Accounts are as a result not subject to execution under TRIA or any other statute or rule, and that the funds should therefore be returned to him. On similar grounds, Grand Stores and Tajco may also assert a claim to, respectively, the Grand Stores Blocked Account and the Tajco Blocked Account.  MetLife may have an interest in the Tajeddine Blocked Accounts as the party that deposited the funds with JPMCB.  Trust Bank and Credit Suisse also have a possible interest in the Grand Stores Blocked Account in their capacity as upstream parties to the blocked wire transfer underlying the Account.  Arab Gambian and AHLI have a possible interest in the Tajco Blocked Account in their capacity as upstream parties to the blocked wire transfer underlying the Account.  Under *Calderon-Cardona* and *Hausler*, Credit Suisse's interest in the Grand Stores Blocked Account and AHLI's interest in the Tajco Blocked Account are, in fact, superior to that of any person or entity to those respective accounts

insofar as each was the entity that directly transmitted the wire transfer funds to the party that blocked the wire transfer, JPMCB.

81.     JPMCB itself is a neutral stakeholder and takes no position on which, if any, of the parties at issue has the superior claim to the funds in any one of the Blocked Accounts.  But because JPMCB is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing Doe and the third-party respondents before the Court and requiring them to litigate their respective claims to the Blocked Accounts.

82.     JPMCB is ultimately entitled to an order (i) determining which, if any, of the parties at issue is entitled to the funds in the Blocked Accounts; (ii) to the extent those funds are directed to be turned over, discharging JPMCB from any further liability with respect to the relevant Blocked Accounts; and (iii) restraining and enjoining Doe and the third-party respondents from instituting or prosecuting any future proceeding, in any jurisdiction, with respect to any one or more of the Blocked Accounts.

83.     JPMCB is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this interpleader proceeding and the judgment enforcement efforts of Doe and the Stansell Respondents.  Any such attorneys' fees and costs are to be awarded out of the funds in the Blocked Accounts that may be turned over, to Doe or anyone else, under any judgment entered in this action.

WHEREFORE, JPMCB requests the entry of a judgment as follows:

a.      Dismissing the Petition in its entirety;

b.      Determining the rights, if any, of Doe and the third-party respondents to the funds in the Blocked Accounts;

c.      Determining that service of this third-party petition, the third-party summons, and other relevant documents upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

d.      Determining that this Court has subject matter jurisdiction, personal jurisdiction and *in rem* jurisdiction over Doe, the third-party respondents and the Blocked Accounts to the extent necessary to determine the parties' respective rights with respect to the Blocked Accounts;

e.      Determining (i) whether the Blocked Accounts are subject to execution under existing law in the Second Circuit as established in *Calderon-Cardona* and *Hausler*; (ii) whether Tajeddine, Grand Stores and TAJCO are instrumentalities of the FARC, and therefore whether the Blocked Accounts are assets subject to execution under TRIA; (iii) to the extent the Blocked Accounts are subject to execution, whether Doe or one of the third-party respondents has priority for purposes of executing on any one or more of the Blocked Accounts;

f.      Discharging JPMCB from any and all liability to Doe, the third-party respondents, and all other persons and entities with respect to the funds in the Blocked Accounts to the extent those funds are ordered to be turned over to any one or more of those parties;

g.      Permanently restraining and enjoining Doe, the third-party respondents, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any of the funds in the Blocked Accounts that JPMCB is ordered to turn over to any party;

h.      Awarding JPMCB its costs and expenses, including reasonable attorneys' fees, incurred in connection with this third-party proceeding and the judgment enforcement efforts of Doe and the Stansell Respondents; and

i.      Awarding JPMCB such other and further relief as may be just and proper.

Dated:      New York, New York
            September 18, 2015

LEVI LUBARSKY FEIGENBAUM
& WEISS LLP

By: \_\_s/Steven B. Feigenbaum_____
      Steven B. Feigenbaum
655 Third Avenue, 27th Floor
New York, New York 10017
(212) 308-6100 (telephone)
(212) 308-8830 (facsimile)
sfeigenbaum@llfwlaw.com
*Attorneys for Respondent/Third-Party Petitioner*
*JPMorgan Chase Bank, N.A.*