UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:15-cv-08652

JOHN DOE,

    Plaintiff/Judgment Creditor,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants/Judgment Debtors,

JPMORGAN CHASE BANK, N.A.,

    Respondent.

_____/

**THIRD-PARTY CLAIMANT KASSIM TAJIDEEN'S RESPONSE IN OPPOSITION TO THIRD-PARTY RESPONDENT STANSELL'S MOTION TO TRANSFER AND/OR DISMISS RESPONDENT JPMORGAN CHASE BANK, N.A.'S THIRD-PARTY INTERPLEADER COMPLAINT**

Third-Party Claimant Kassim Tajideen ("Claimant") files this brief in opposition to the Stansell Third-Party Respondents' (the "Stansell Respondents") motion to transfer and/or dismiss the third party interpleader complaint, DE 19, filed by JPMorgan Chase Bank, N.A. ("JPMC"), DE 11.

Claimant is entitled to intervene as a matter of right because he is the owner of the assets in the disputed blocked account at JPMC. C.P.L.R. § 5225(b). JPMC has filed an interpleader action in an effort to resolve multiple claims to Claimant's assets. Claimant opposes the Stansell Respondents' motion to transfer and/or dismiss the third party interpleader complaint (the "Transfer Motion") because Claimant believes the interpleader action should be litigated on the

- i -

merits in this district, where Plaintiff John Doe registered his judgment against the Revolutionary Armed Forces of Colombia-People's Army (the "FARC"), where the Claimant's assets are held in a blocked account, where the assets and the garnishee bank JPMC both are subject to the Court's jurisdiction, and where most of the parties agree the case should be heard. Indeed, for the sake of efficiency and judicial economy, Claimant would support the consolidation of *all* the related cases before a single court in New York, rather than continuing to engage in piecemeal litigation in multiple federal courts.

Claimant opposes the Transfer Motion for the additional reason that the Northern District of Illinois, the Stansell Respondents' preferred forum, is improper. The assets and blocked account in question are not located in that district. Although the garnishee bank JPMC has a presence in that district, it is not headquartered there and, in any case, none of the other parties resides in that district. Nor are there any witnesses or documents or other evidence there. Indeed, there is no other connection to the Northern District of Illinois, other than the Stansell Respondents' attempt at forum shopping, apparently motivated by their view of the procedures or precedent in that district, and perhaps also their desire to avoid this district, where they lost the race with Plaintiff John Doe to be the first in this district to register a judgment against the judgment debtor, the FARC.

The Stansell Respondents' forum-shopping—first in Florida and then in Illinois—should not be rewarded by granting their Transfer Motion. Rather, the case should be heard in New York, where Claimant, garnishee banks, and other interested respondents are prepared to litigate and consolidate these actions into a single case that can then be resolved on the merits. By contrast, hearing the case in Illinois would result in a duplication of the efforts of the New York courts, waste the judiciary's scarce time and resources, and risk inconsistent rulings and judicial

standards for identical factual questions. For these reasons, Claimant intends to support the briefs filed by the garnishee bank, JPMC, to keep this case in New York and oppose the Stansell Respondents' Transfer Motion and attempt to forum shop.

Wherever the case ultimately is heard and decided, the turnover petition (DE 4) should be denied because Plaintiff John Doe and the Stansell Respondents have no judgments against Claimant and Claimant has no relationship with the judgment debtor, an unrelated third party, the FARC, a Colombian narco-trafficking terrorist organization. Indeed, it is undisputed that Claimant here is not a member or otherwise supports the FARC. Claimant has no relationship of any kind with the FARC. Claimant's funds should therefore not be used under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, to satisfy Plaintiff's or the Stansell Respondents' respective judgments against the FARC.

Plaintiff and the Stansell Respondents contend that Claimant's assets should be used to satisfy judgments against the FARC on the theory that Claimant allegedly supports Hezbollah—a Lebanese terrorist organization—and Hezbollah allegedly does business with the FARC, but this theory fails for three reasons. *First*, Claimant has no relationship with Hezbollah. *Second*, Hezbollah is not part of the FARC. *Third*, even if Plaintiff and the Stansell Respondents could carry their burden of proving otherwise, they still could not meet their burden of proving that Claimant himself is an "agency or instrumentality" of the FARC. Thus, wherever the case is heard, the petitions for turnover of Claimant's assets must be dismissed.

In the alternative, Claimant respectfully requests a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*BI3, Inc. v. Hamor*,
  No. 08-CV-2384, 2011 WL 9728 (N.D. Ill. Jan. 3, 2011) ......................................................... 5

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................................................................. 4

*Gates v. Syrian Arab Republic*,
  755 F.3d 568 (7th Cir. 2014) .................................................................................................... 5

*John Doe v. Ejercito de Liberacion Nacional*,
  1:15-mc-00171-P1 (S.D.N.Y. 2015) ......................................................................................... 4

*Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*,
  342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) .................................................................... 5

*Marshall v. Marshall*,
  547 U.S. 293 (2006) ................................................................................................................. 4

*Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*,
  8:09-CV-2308-RAL-MAP (M.D. Fla. 2015) ....................................................................... 1, 2

*Stansell v. FARC*,
  15-mc-00023-GLS-CFH (N.D. Ill. 2015) ................................................................................. 2

**STATE CASES**

*Park v. Townson & Alexander, Inc.*,
  287 Ill. App. 3d 772 (3d Dist. 1997) ........................................................................................ 4

**FEDERAL STATUTES**

Pub. L. No. 107-297 ....................................................................................................................... 1

**STATE STATUTES**

C.P.L.R. §§ 5225, 5239 .................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 19 ........................................................................................................................... 5

**MEMORANDUM OF LAW**

The Stansell Respondents have filed their Transfer Motion in an effort to have this case heard in the Northern District of Illinois.  The Transfer Motion should be denied for three reasons.  First, jurisdiction and venue are proper in this Court.  Second, jurisdiction and venue are not proper in the Northern District of Illinois.  Third, any transfer of the case to a district outside New York would waste judicial resources, create the risk of inconsistent rulings, and inconvenience the parties.

## I. Jurisdiction and Venue are Proper in This Court

This Court has subject matter jurisdiction over the turnover motion and the interpleader action pursuant to 28 U.S.C. § 1331, because the claim arises under the laws of the United States, *i.e.*, TRIA; pursuant to 28 U.S.C. § 1367, because the matters at issue here are within the Court's original jurisdiction, as part of the same case or controversy as the Plaintiff's original turnover petition; and pursuant to 28 U.S.C. § 1335, because the third-party claim is in the nature of an interpleader that meets federal requirements.  *See* JPMC Interpleader, DE 11 at 9.

Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391 because the events giving rise to these actions – including garnishee JPMC's maintenance of the blocked account, Plaintiff's registration of his judgment, Plaintiff's delivery of a writ of execution, and the filing of the Turnover Petition and Interpleader Action – occurred in this judicial district.  Moreover, this judicial district includes the headquarters of the garnishee JPMC.

## II. Jurisdiction and Venue are Not Proper in the Northern District of Illinois

The Transfer Motion should be denied because an Illinois court lacks *in rem* jurisdiction over the assets in question, which are located in New York, not Illinois.  *See*, *e.g.*, *Park v. Townson & Alexander, Inc.*, 287 Ill. App. 3d 772, 773 (3d Dist. 1997) (a "garnishee proceeding

is in the nature of a proceeding in rem" and "it is not enough that the garnishee be within the jurisdiction of the court issuing the process"; rather,"[t]he res itself must also be within the jurisdiction of such court") (internal quotation marks and citations omitted).  Moreover, venue in the Northern District of Illinois would be improper because the case has no *bona fide* connections to that judicial district.  The property in question is not there.  The Stansell Respondents do not reside there.  The John Doe Plaintiff does not reside there.  Claimant does not reside there.  The garnishee bank is not headquartered here.  Nor are there any witnesses or documents or other evidence there.  Indeed, there is no other connection to Illinois, other than the Stansell Respondents' attempt at forum shopping, apparently motivated by their view of the procedures or precedent in that district, and perhaps also their desire to beat Plaintiff John Doe in the race to register a judgment against the FARC.  This is not a proper basis on which to seek a transfer.  The Transfer Motion should therefore be denied.

Transfer would be improper for the additional reason that the Stansell Respondents have failed to bring an indispensable party, Plaintiff John Doe in this case, before the Illinois court as required under Fed. R. Civ. P. 19, as well as join or notify all other persons or entities that may have an interest in, or claim to, the funds.  *See, e.g.*, *BI3, Inc. v. Hamor*, No. 08-CV-2384, 2011 WL 9728, at *7 (N.D. Ill. Jan. 3, 2011) (dismissing action because, absent personal jurisdiction over necessary party, the court could not join that party, and it was unclear how the court could fashion a remedy that would not prejudice the non-joined necessary party).  The proceeding in Illinois is thus procedurally (and substantively) defective in numerous ways.[1]

### III. The Transfer Motion Should Be Denied for Additional Prudential Reasons

Transfer of this case to a district outside New York would waste judicial resources, create the risk of inconsistent rulings, and inconvenience the parties.  Transfer would waste judicial

---

[1] Claimant also supports and incorporates by reference JPMC's arguments that jurisdiction and venue are proper.

resources because it would require the parties to litigate over the lack of jurisdiction and improper venue in the Northern District of Illinois.  Transfer would also create the risk of inconsistent rulings and the application of disparate judicial standards to identical factual scenarios.  In addition to the present case, there is an ongoing, related case in the Northern District of New York, *see John Doe v. Ejercito de Liberacion Nacional*, 1:15-cv-00023 (N.D.N.Y. 2015), where the same John Doe Plaintiff is seeking turnover of assets in a blocked account with the Northern District of New York.  In that case, another garnishee bank, Bank of New York Mellon, which has also been named in the Northern District of Illinois proceeding, recently filed an interpleader petition that named the Stansell Respondents, Claimant, and others as respondents. Whereas the two New York actions could be consolidated into a single proceeding, consolidation in Illinois is considerably less likely because Plaintiff John Doe is not currently a party to the proceeding in Illinois and the garnishee banks have not filed interpleader actions there.  Accordingly, if this case were transferred to Illinois, there would be a greater risk of inconsistent standards and rulings between the Northern District of Illinois and the Northern District of New York.

Moreover, transfer of this case to Illinois would reward forum shopping by the Stansell Respondents and further inconvenience the parties.  In 2010, the Stansell Respondents obtained in the Middle District of Florida ("MDF") an *ex parte*, default judgment against the FARC, a Colombian narco-terrorist group. *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*, 8:09-CV-2308-RAL-MAP (M.D. Fla. June 15, 2010).  The Stansell Respondents then attempted to enforce their judgment *not against the FARC*, but against Claimant based on the novel—and, we submit, baseless—theory that Claimant and his businesses are "agenc[ies] or

instrumentalit[ies]" of the FARC under Section 201(a) of TRIA. Pub. L. No. 107-297.[2] The district court in that case dismissed the case for lack of *in rem* jurisdiction, based on its conclusion that a federal court in Florida has no jurisdiction to adjudicate the ownership of property located in New York. *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*, 8:09-CV-2308-RAL-MAP (M.D. Fla. July 22, 2015) (order granting Claimant's various motions to dissolve writs of garnishment).

Rather than go to New York to litigate their claims (where the assets are located), however, the Stansell Respondents have done two things: first, they filed a notice of appeal in the U.S. Court of Appeals for the Eleventh Circuit (which they have recently withdrawn voluntarily), where presumably they intended to claim that jurisdiction is proper in Florida; and second, they filed Motions for Turnover in the Northern District of Illinois, where they now claim that jurisdiction is proper, DE 19, at 3-4 (referencing the Stansell Respondents' Illinois case). For reasons explained above, however, jurisdiction is lacking and venue is improper in Illinois, *see supra* Section II.

The Stansell Respondents' forum-shopping—first in Florida and then in Illinois—should not be rewarded. *See Gates v. Syrian Arab Republic*, 755 F.3d 568, 580 (7th Cir. 2014) ("Deferring to the later-filed case would encourage piecemeal litigation rather than avoid it. It would be a mistake to reward the…Respondents' attempt to trump priority in the Northern District of Illinois by filing a later, duplicative action in another district seeking to attach the same assets… Such duplicative litigation, however, wastes judicial and party resources and

---

[2] Claimant's accounts have been blocked by the U.S. Department of the Treasury Office of Foreign Assets Control ("OFAC") due to OFAC's designation of Mr. Tajideen and his businesses as a Specially Designated Global Terrorist ("SDGT") in relation to Mr. Tajideen's alleged links to Hezballah, a Lebanese terrorist organization. However, Mr. Tajideen denies any such links to Hezballah; has taken effective, comprehensive action in response to OFAC's designation to address any apparent risks; and remains in the midst of a multi-year "delisting" effort before OFAC. Neither OFAC, nor any other U.S. government agencies, have ever alleged any connections between Claimant and the FARC, let alone any "agency or instrumentality" relationship.

needlessly muddles proceedings in both districts"). Rather, they should be made to litigate their case in New York, where Claimant, garnishee banks, and other interested respondents are prepared to litigate and consolidate these actions into a single case that can then be resolved on the merits. By contrast, hearing the case in Illinois would result in a duplication of the efforts of the New York courts, waste the judicial system's scarce time and resources, and risk inconsistent rulings and judicial standards for identical factual questions. For these reasons, Claimant intends to support the briefs filed by the garnishee bank, JPMC, to keep this case in New York and oppose the Stansell Respondents' Transfer Motion.

### IV.    Conclusion

WHEREFORE, Claimant opposes the Stansell Respondents' motion to dismiss and/or transfer. Claimant seeks a ruling on the merits in this Court that the property in question belongs to Claimant and cannot be used to satisfy a judgment against a completely unrelated party, the FARC. In the alternative, Claimant respectfully requests a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

Respectfully submitted,

s/ David W. Bowker
David W. Bowker
New York Bar No. 4200184
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6558
Facsimile:  (202) 663-6363
David.Bowker@wilmerhale.com

Attorney for Kassim Tajideen

- 7 -

## CERTIFICATE OF SERVICE

I CERTIFY that on the 10th day of November, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ David W. Bowker
Attorney
