UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:15-cv-08652

JOHN DOE,

      Plaintiff/Judgment Creditor,

v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

      Defendants/Judgment Debtors, and

JPMORGAN CHASE BANK, N.A.,

      Respondent.

_____/

**THIRD-PARTY CLAIMANT KASSIM TAJIDEEN'S ANSWER TO RESPONDENT JPMORGAN CHASE BANK, N.A.'S COUNTERCLAIM AND THIRD PARTY PETITION IN INTERPLEADER**

      Third-Party Claimant Kassim Tajideen ("Claimant") hereby responds to Respondent JPMorgan Chase Bank, N.A.'s ("JPMC") Petition in Interpleader (DE 11) (the "Interpleader").

      Claimant is entitled to intervene as a matter of right because he is the owner of the assets in question, which are held at JPMC.  C.P.L.R. § 5225(b).  It is undisputed that neither Plaintiff John Doe, nor the identically-situated Stansell Third-Party Respondents (hereinafter "the Stansell Respondents") holds a judgment against Claimant.  Instead, Plaintiff and the Stansell Respondents seek the turnover of Claimant's funds under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, to satisfy judgments that each of Plaintiff and the Stansell Respondents obtained against another entity, a Colombian narco-trafficking terrorist organization known as the Revolutionary Armed Forces of Colombia-People's Army (the "FARC").  It is

undisputed, however, that Claimant does not belong to the FARC; indeed, Claimant has never had any relationship of any kind with the FARC.  Claimant's funds should therefore not be used to satisfy Plaintiff's or Third-Party Respondents' judgment against the FARC.

The theory advanced by the Plaintiff and the Stansell Respondents is that Claimant allegedly has some relationship with a different terrorist organization known as Hezbollah, which, in turn, allegedly is an "agency or instrumentality" of the FARC, and, therefore, that Plaintiff and the Stansell Respondents can treat Claimant as an "agency or instrumentality" of the FARC, for purposes of enforcing against Claimant the judgments against the FARC.

This theory fails for three reasons.  *First*, Claimant has no relationship with Hezbollah. *Second*, Hezbollah is not an agency or instrumentality of the FARC.  *Third*, even if Plaintiff and the Stansell Respondents could carry their burden of proving both of those allegations, it still would not meet their burden of proving that Claimant *himself* is an agency or instrumentality of the FARC.  The Plaintiff's Petition for Turnover (DE 4) should therefore be dismissed.

In the alternative, the Claimant respectfully requests a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

## <u>TABLE OF CONTENTS</u>

I.      Introduction ................................................................................................................1

II.     Although the Interpleader is Necessary to Bring all Parties Before the Court, the
        Plaintiff's Petition Should be Dismissed ...........................................................................3

III.    Conclusion .................................................................................................................5

ActiveUS 149477108v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*John Doe v. Ejercito de Liberacion Nacional,*
    No. 10-21517-CIV-HUCK (S.D. Fla. 2012).............................................................................6

*John Doe v. Ejercito de Liberacion Nacional,*
    Case No. 15-MC-00023 (N.D.N.Y. 2015)..............................................................................3

*Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.,*
    8:09-CV-2308-RAL-MAP (M.D. Fla. 2015)..........................................................................2

*Stansell v. Revolutionary Armed Forces of Colombia,*
    No. 15-CV-06826 (N.D. Ill. 2015) ....................................................................................3, 4

**Federal Statutes**

Pub. L. No. 107-297....................................................................................................................1, 2

**State Statutes**

C.P.L.R. §§ 5225, 5239, 304, and 2102......................................................................................1, 6

**Rules**

Fed. R. Civ. P. 69, 12(b)(6)..............................................................................................................6

N.D.N.Y. R. 7.1 ...............................................................................................................................6

- ii -

<u>MEMORANDUM OF LAW</u>

**I.     Introduction**

Claimant is entitled to intervene as a matter of right because he is the owner of the assets in question, which are held at JPMC.  C.P.L.R. § 5225(b).  JPMC filed the Interpleader because the John Doe Plaintiff here failed to bring all parties with a potential interest in the Claimant's assets before the Court through his Petition for Turnover, DE 4.  In particular, the Interpleader was necessary to bring before this Court another group of plaintiffs from identical litigation in Illinois, the Stansell Respondents, who claim an interest in the same assets claimed by the Plaintiff here.  The Stansell Respondents have made an appearance and responded to the Interpleader on October 3, 2015.  DE 19.

The John Doe Plaintiff and the Stansell Respondents have both obtained a judgment—not against Claimant—but against a Colombian narco-trafficking terrorist organization known as the FARC in 2010.  *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*, 8:09-CV-2308-RAL-MAP (M.D. Fla. June 15, 2010).  They have no judgment against Claimant.  This is not disputed by any party to this litigation.

The John Doe Plaintiff and the Stansell Respondents have also pursued a litigation strategy that involves seeking the turnover of Claimant's funds under TRIA, Pub. L. No. 107-297, to satisfy their judgment against the FARC.  In fact, the John Doe Plaintiff and the Stansell Respondents have engaged in a race around the country to be the first to file their actions against certain of Claimant's assets in blocked accounts.  First, the Stansell Plaintiffs brought a case seeking Claimant's assets in the Middle District of Florida by obtaining *ex parte* writs of garnishment against the assets in early 2015 (before Claimant had an opportunity to appear and contest the allegations), which that Court subsequently vacated for lack of jurisdiction.  *Stansell et al. v. Revolutionary Armed Forces of Colombia (FARC) et al.*, 8:09-CV-2308-RAL-MAP

- 1 -

(M.D. Fla., July 22, 2015) (vacating writ and dismissing for lack of jurisdiction).  Next, the John Doe Plaintiff registered his judgment in this Court, DE 1, and in the Northern District of New York, both districts in which the Claimant's accounts in question (or those of his businesses) are maintained by various banks, as part of John Doe Plaintiff's effort to obtain a writ of execution against the same assets.  *John Doe v. Ejercito de Liberacion Nacional*, Case No. 15-CV-00023 (N.D.N.Y. 2015).  Finally, in another attempt at forum-shopping, the Stansell Respondents re-filed their Florida case in the Northern District of Illinois—a venue with no connection to the case or the assets—apparently because they prefer the case law or procedural rules in the district to those in New York, and because they lost the race to file first in New York.  *Stansell v. Revolutionary Armed Forces of Colombia*, No. 15-CV-06826 (N.D. Ill. 2015).

It remains undisputed—by any party, including the John Doe Plaintiff and the Stansell Respondents—that Claimant is not a part of or otherwise supports the FARC.  Indeed, Claimant has never had any relationship of any kind with the FARC.  Claimant's funds should therefore not be used to satisfy Plaintiff's or the Stansell Respondents' judgment against the FARC.

Plaintiff's and Stansell Respondents' theory is that Claimant allegedly has some relationship with a different terrorist organization known as Hezbollah, which, in turn, allegedly is an "agency or instrumentality" of the FARC, and, therefore, that Claimant himself should be deemed to be an "agency or instrumentality" of the FARC through these alleged indirect relationships, such that Plaintiff John Doe and the Stansell Respondents can enforce against Claimant their respective judgments against the FARC.

The theory advanced by Plaintiff and the Stansell Respondents fails for three reasons. *First*, Claimant has no relationship with Hezbollah.  *Second*, Hezbollah is not an agency or instrumentality of the FARC.  *Third*, even if Plaintiff and the Stansell Respondents could carry their burden of proving both of those allegations, it still would not meet their burden of proving

- 2 -

that Claimant *himself* is an agency or instrumentality of the FARC.  The Plaintiff's Petition for Turnover should therefore be dismissed.

## II.      Although the Interpleader is Necessary to Bring all Parties Before the Court, the Plaintiff's Petition Should be Dismissed

JPMC has filed an Interpleader, DE 11, which is necessary to bring all interested parties before this Court, including the Stansell Respondents, who have filed a copycat action in the Northern District of Illinois involving the same assets at issue here. *Stansell v. FARC*, No. 15-CV06826 (N.D. Ill. 2015).  Although the Interpleader is necessary to consolidate related actions in a single forum, Claimant denies the allegations in the Plaintiff's Petition, DE 4, and in the Stansell Respondent's response, DE 19, and contends that, regardless of the forum, this action should be dismissed on the merits, as described at length in Claimant's brief filed today (which Claimant incorporates by reference), in opposition to the Plaintiff's Petition.  Below, Claimant responds further to particular paragraphs in JPMC's Interpleader, DE 11, beginning with paragraph 42 on page 9:

42.-43.  Denied in part.  Claimant has an interest in the blocked accounts and denies that he or his businesses are agencies or instrumentalities of the FARC, as described at length in Claimant's opposition to the Plaintiff's Petition; Claimant supports JPMC's attempt to bring all interested parties before a single Court to adjudicate the merits and avoid inconsistent rulings in various courts.

44.      Denied in part.  Claimant reserves the right to challenge these actions on additional grounds, including but not limited to lack of jurisdiction.

45.-48. Admitted based on knowledge and belief.

49.      Without knowledge.

- 3 -

50.      Denied in part.  Claimant denies that he was properly designated as a SDGT and denies that he and his businesses are agencies or instrumentalities of the FARC.  He is a resident of Lebanon.  Claimant notes that the Florida district court issued its "finding" in an *ex parte* proceeding, before Claimant had any opportunity to be heard, and that the finding was subsequently vacated for lack of subject matter jurisdiction.

51.-60. Without sufficient knowledge.

61.-62. Denied in part.  Claimant denies that he was properly designated as an SDGT and contends that only he has an interest to the property in the blocked account.

63.-66. Without sufficient knowledge.

67.-72. Denied in part.  Claimant contends that the assets in question belong only to Claimant and that no other party has a valid claim to the assets or the accounts in which they are held.

73.      Denied in part.  Claimant contends that the assets in question belong only to Claimant and has denied all allegations that he is an *agency* or instrumentality of the FARC.

74.      Denied in part.  Claimant contends that the assets in question belong only to Claimant and that no other party has a valid claim to the assets or the accounts in which they are held.

75.      Without sufficient knowledge.

76.-77. Admitted in part.  Claimant contends that no other party is entitled to the funds because Claimant and his businesses are not agencies or instrumentalities of the FARC. Claimant supports JPMC's attempt to bring all interested parties before a single Court to adjudicate the merits and avoid inconsistent rulings in various courts.

78.      No response required.

79.     Denied in part.  Claimant contends that the assets in question belong only to Claimant and that no other party has a valid claim to the assets or the accounts in which they are held.

80.   Denied in part.  Claimant denies that he was properly designated as an SDGT and denies that he and his businesses are *agencies* or instrumentalities of the FARC.

81.-82. Denied in part.  Claimant contends that only he has an interest to the property in the blocked account.  Claimant supports JPMC's attempt to bring all interested parties before a single Court to adjudicate the merits and avoid inconsistent rulings in various courts.

83.     Without knowledge.

## AFFIRMATIVE DEFENSE

Claimant denies all allegations made against him in Plaintiff's Petition for Turnover  (DE 4) and the Stansell Respondents answer to the Interpleader (DE 19) and incorporates by reference all arguments and denials made in Claimant's opposition to the Petition for Turnover filed today.

## III.   Conclusion

WHEREFORE, Claimant requests that Plaintiff's Petition for Turnover (DE 4) be dismissed for the reasons stated herein and in Claimants' opposition to the Petition for Turnover filed today.  In the alternative, the Claimant respectfully requests a trial to resolve these issues, as required by N.Y. C.P.L.R. §§ 5225, 5239 ("Where there appear to be disputed questions of fact, the court shall order a separate trial.").

Respectfully submitted,


/s/ David W. Bowker
David W. Bowker
New York Bar No. 4200184
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6558
Facsimile:  (202) 663-6363
David.Bowker@wilmerhale.com

Attorney for Kassim Tajideen

ActiveUS 149477108v.1

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on the 11th day of November, 2015, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record.

/s/ David W. Bowker
Attorney

- 7 -

ActiveUS 149477108v.1