UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

-against-

EJERCITO DE LIBERACION NACIONAL
and NATIONAL LIBERATION ARMY AND
FUERZAS ARMADAS REVOLUCIONARIOS
DE COLOMBIA,

                Defendants,

-and-

JPMORGAN CHASE BANK, N.A.

                Respondent.

No. 15 CV 8652-LTS

INITIAL CONFERENCE ORDER



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-17-2015

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1. It is hereby ORDERED that a pre-trial conference will be held in the above-captioned matter on **December 15, 2015 at 4:00 p.m.** in Courtroom No. 12D[1], 500 Pearl Street, New York, New York 10007. It is further

2. ORDERED that counsel[2] for the parties confer preliminarily at least twenty-one (21) days prior to the date set forth in paragraph 1 above to discuss the following matters:

    a. Pending motion practice, other pending proceedings, and the issues raised therein.
    b. Facts that are not disputed and facts that are in dispute.
    c. Contested and uncontested legal issues.
    d. Settlement.
    e. Whether mediation might facilitate resolution of the case.
    f. Whether each party consents to resolution of the case by a magistrate judge.
    g. Any anticipated discovery, including discovery of electronically stored information and procedures relevant thereto, and an appropriate deadline for the conclusion of discovery.
    h. Whether expert witness evidence will be required, and appropriate deadlines for expert

---

[1] On the day of the conference, check the electronic board in the lobby to be certain of the proper courtroom.

[2] As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding Pro-se, mean such party.

     witness discovery.
 i. Whether further dispositive motions may be appropriate, and a deadline for such motions.
 j. Whether evidentiary proceedings may be necessary and the likely duration of any such proceedings.

It is further

3. ORDERED that counsel for all parties must confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, no later than seven (7) days before the date set forth in paragraph 1 above a single document captioned PRE-CONFERENCE STATEMENT, which must be signed by all counsel. The statement must set forth the following information, which will constitute the written report required by Fed R. Civ. P. 26(f) if no such report has previously been submitted:

 a. A concise statement of the nature of this action.
 b. A concise statement of all material uncontested or admitted facts.
 c. A concise statement of all uncontested legal issues.
 d. A concise statement of all legal issues to be decided by the Court.
 e. Each party's concise statement of material disputed facts.
 f. A concise statement of the basis for this Court's exercise of subject matter jurisdiction of this case.
 g. The legal and factual basis for each motion currently pending before the Court and each party's position as to the merits and appropriate sequence for resolution of each motion.
 h. Whether limited discovery would be necessary or useful in determining the issues raised by the motions currently pending before the Court.
 i. The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Pre-Conference Statement shall not disclose to the Court specific settlement offers or demands.
 j. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.
 k. A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including final disposition (without identifying which parties have or have not so consented).
 l. Discovery, including the subjects on which any disclosure may be needed, and whether any discovery should be conducted in phases or be limited to or focus upon particular issues, a concise description of each party's plan for any discovery and a proposed discovery cut-off date.
 m. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.
 n. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

o.  A statement by each party as to whether the need for evidentiary proceedings is anticipated, and the amount of time expected to be needed for presentation of that party's case.
p.  What work, if any, remains before the case will be ready for final disposition.
q.  Any other information you believe may assist the Court in advancing the case to settlement or determination on the merits.
r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

4. ORDERED that counsel must be prepared to discuss the foregoing at the pre-trial conference, as well as whether mediation may be helpful in resolving this case. It is further

5. ORDERED that counsel attending the pre-trial conference must seek settlement authority from their respective clients prior to such conference. If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

6. In the event that any party fails to comply with this Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition of other appropriate penalties.

7. This case has been designated an electronic case. Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing promptly upon appearing in the case.

SO ORDERED.

Dated: New York, New York
November 17, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge