UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

    Petitioner/Judgment Creditor,

-against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants/Judgment Debtors,

-and-

JPMORGAN CHASE BANK, N.A.,

    Respondent.

Case No. 15-cv-08652 (~~VEC~~ LTS)(FM)
(formerly Case No. 15-mc-00171-P1)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-19-2015

---

JPMORGAN CHASE BANK, N.A.,

    Third-Party Petitioner,

-against-

KEITH STANSELL, et al.,

    Third-Party Respondents.

---

## STIPULATION AND ORDER REGARDING
## DISCHARGE AS TO A SELECT BLOCKED ACCOUNT

This Stipulation and Order is entered into by and between respondent/third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB") and third-party respondent Credit Suisse AG ("Credit Suisse").

WHEREAS:

a.  On January 5, 2012, Petitioner John Doe ("Doe") recovered a judgment in the amount of $36,800,000.00 (the "Judgment") against the Revolutionary Armed Forces of Colombia (the "FARC") and Ejercito De Liberacion Nacional in an action in the United States District Court for the Southern District of Florida entitled John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK. The Judgment was entered under the Alien Tort Statute, 28 U.S.C. § 1350, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

b.  As part of his effort to enforce the Judgment, Doe registered the Judgment in this Court and commenced this turnover proceeding. By this proceeding, Doe seeks the turnover, under § 201(a) of the Terrorism Relief Insurance Act of 2002 or § 1610(g) of the Foreign Sovereign Immunities Act, of the funds in multiple blocked accounts, including a blocked account at JPMCB ending in 2908, and holding the sum of $400,951.41, plus interest (the "Blocked Account"), that was established upon JPMCB's block of a wire transfer on or about May 30, 2012 pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and applicable to persons or entities designated by OFAC as specially designated global terrorists.

c.  To determine the rights of the parties to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed an interpleader petition in this proceeding naming as interpleader respondents certain of the parties to the wire transfer underlying the Blocked Account, as well as other judgment creditors of the FARC. As the interpleader petition states, Credit Suisse was one of the parties to the wire transfer underlying the Blocked Account.

d. Credit Suisse, however, disclaims an interest of any kind in the Blocked Account. Credit Suisse is accordingly prepared to relinquish and surrender any claim that it might have in or to the Blocked Account in exchange for JPMCB's dismissal of its interpleader action, as against Credit Suisse, with prejudice.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1. Any and all claims, rights and interests that Credit Suisse ever had, now has or may hereafter have in or to the Blocked Account are hereby relinquished, surrendered, terminated and extinguished with prejudice. Credit Suisse covenants and agrees not to assert, at any time, a claim against JPMCB as to the Blocked Account in any court or tribunal anywhere in the world.

2. In light of Credit Suisse's relinquishment of any claim to the Blocked Account, JPMCB shall dismiss Credit Suisse, with prejudice, from this interpleader action, such dismissal becoming effective upon the Court's entry of this stipulation as an order.

3. In consideration of JPMCB's dismissal of Credit Suisse from this interpleader action, Credit Suisse hereby releases and discharges JPMCB from any liability or obligations to Credit Suisse, of any kind whatsoever, with respect to the Blocked Account, as well from all claims or causes of action that Credit Suisse may have with respect to the Blocked Account.

4. Credit Suisse has no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court (i) awarding the Blocked Account to Doe or to any another person or entity, and (ii) discharging JPMCB from any liability, to Credit Suisse and any other person or entity, with respect to the Blocked Account. Credit Suisse agrees not to contest the validity of any such order or judgment in any future proceeding in this Court or in any other court.

3

5. This Stipulation and Order is tantamount to a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to (i) Credit Suisse's claims to, rights to or interest in the Blocked Account; (ii) JPMCB's dismissal of Credit Suisse as an interpleader respondent; and (iii) the discharge and release of JPMCB from any liability or obligation to Credit Suisse, of any kind whatsoever, as to the Blocked Account. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Blocked Account and that is entered (i) in this Court upon the conclusion of JPMCB's interpleader action and Doe's turnover proceeding insofar as those proceedings relate to the Blocked Account, or (ii) in any other court.

6. JPMCB agrees that it will not seek to recover from Credit Suisse any of its attorneys' fees and expenses incurred in connection with this turnover action, including its interpleader action. Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of JPMCB to recover out of the Blocked Account its attorneys' fees and expenses incurred in connection with its interpleader action.

7. This Stipulation and Order may be executed by email and in counterparts.

8. In the event the Court does not sign this Stipulation and Order, the recitals and stipulations herein shall not bind or be deemed admissions of JPMCB or Credit Suisse.

9. As of the date of the Court's signature below, the interpleader petition, as against Credit Suisse, is hereby dismissed with prejudice.

Dated: Nov. 5, 2015

JPMORGAN CHASE BANK, N.A.

By: _____
Name: Manuel W. Gottlieb
Title: Executive Director and
Assistant General Counsel

4

Dated: November 6, 2015        CREDIT SUISSE AG

By: _____
Name:  Simon Kunz, LL. M.
Title:  Director

By: _____
Name:  Daniel Kläy
Title:  Director

SO ORDERED:

_____        Dated: 11/19/15
United States District Judge
                    tmc

5