Swain, J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

        Petitioner/Judgment Creditor,

  -against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

        Defendants/Judgment Debtors,

  -and-

JPMORGAN CHASE BANK, N.A.,

        Respondent.

Case No. 15 MC 00171-P1

---

JPMORGAN CHASE BANK, N.A.,

        Third-Party Petitioner,

  -against-

KEITH STANSELL, et al.,

        Third-Party Respondents.

---

## STIPULATION AND ORDER REGARDING DISCHARGE AS TO SELECT BLOCKED ACCOUNTS

This Stipulation and Order is entered into by and between respondent/third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB") and third-party respondent AHLI United Bank UK PLC ("AHLI").

WHEREAS:

a. On January 5, 2012, Petitioner John Doe ("Doe") recovered a judgment in the amount of $36,800,000.00 (the "Judgment") against the Revolutionary Armed Forces of Colombia (the "FARC") and Ejercito De Liberacion Nacional in an action in the United States District Court for the Southern District of Florida entitled John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK. The Judgment was entered under the Alien Tort Statute, 28 U.S.C. § 1350, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

b. As part of his effort to enforce the Judgment, Doe registered the Judgment in this Court and commenced this turnover proceeding. By this proceeding, Doe seeks the turnover, under § 201(a) of the Terrorism Relief Insurance Act of 2002 or § 1610(g) of the Foreign Sovereign Immunities Act, of the funds in multiple blocked accounts, including a blocked account ending in 4295 (mistakenly referred to as 2908 in JPMCB's interpleader petition), and holding the sum of $120,416, plus interest (the "Blocked Account"), that was established upon the bank's block of a wire transfer on or about December 22, 2010 pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and applicable to persons or entities designated by OFAC as specially designated global terrorists.

c. To determine the rights of the parties to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed an interpleader petition in this proceeding naming as interpleader respondents certain of the parties to the wire transfer underlying the Blocked Account, as well as

2

other judgment creditors of the FARC. AHLI was one of the parties to the wire transfer underlying the Blocked Account.

  d. AHLI disclaims an interest of any kind in the Blocked Account. AHLI is accordingly prepared to relinquish and surrender any claim that it might have in or to the Blocked Account in exchange for JPMCB's dismissal of its interpleader action, as against AHLI, with prejudice.

  NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

  1. Any and all claims, rights and interests that AHLI ever had, now has or may hereafter have in or to the Blocked Account are hereby relinquished, surrendered, terminated and extinguished with prejudice. AHLI covenants and agrees not to assert, at any time, a claim against JPMCB as to the Blocked Account in any court or tribunal anywhere in the world.

  2. In light of AHLI's relinquishment of any claim to the Blocked Account, JPMCB shall dismiss AHLI, with prejudice, from this interpleader action upon the entry of this stipulation as an order.

  3. In consideration of JPMCB's dismissal of AHLI from this interpleader action, AHLI hereby discharges and releases JPMCB from any and all liability and obligations of any kind whatsoever with respect to the Blocked Account, and from any claims or causes of action that AHLI may have with respect to the Blocked Account.

  4. AHLI has no objection to, and will not oppose the entry of, any future order or judgment of this Court, in any other court in which Doe's and any other FARC judgment creditors' respective petitions or claims for turnover of the Blocked Account may ultimately be adjudicated, (i) awarding the Blocked Account to Doe or to any another person or entity, and (ii) discharging JPMCB from any liability, to AHLI and any other person or entity, with respect to

the Blocked Account. AHLI agrees not to contest the validity of any such order or judgment in any future proceeding in this Court or in any other court.

5. This Stipulation and Order is tantamount to a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to (i) AHLI's claims to, rights to or interest in the Blocked Account; (ii) JPMCB's dismissal of AHLI as an interpleader respondent; and (iii) the discharge and release of JPMCB from any liability or obligation to AHLI, of any kind whatsoever, as to the Blocked Account. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Blocked Account and that is entered (i) in this Court upon the conclusion of JPMCB's interpleader action and Doe's turnover proceeding insofar as those proceedings relate to the Blocked Account, or (ii) in any other court in which Doe's and any other FARC judgment creditors' respective petitions or claims for turnover of the Blocked Account may ultimately be adjudicated.

6. Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of JPMCB to recover out of the Blocked Account its attorneys' fees and expenses incurred in connection with its interpleader action.

7. This Stipulation and Order may be executed by email and in counterparts.

Dated:   December 8, 2015

JPMORGAN CHASE BANK, N.A.

By: _____
Name: Manuel W. Gottlieb
Title: Executive Director and
       Assistant General Counsel

AHLI UNITED BANK UK PLC

By: _____
Name: Emma Bodh
Title: Head of Legal & Company Secretary

SO ORDERED:

_____  12/9/15
United States District Judge

tmc