IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,                                                                  Case No. 15 cv 8652-LTS

      Petitioner/Judgment Creditor,

vs.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS REVOLUCIONARIOS
DE COLOMBIA, a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

      Defendants/Judgment Debtors,
and

JPMORGAN CHASE BANK, N.A.,                              **RESPONSE IN OPPOSITION**
                                                                                       **TO MOTION TO STRIKE**
      Respondent.
_____
JPMORGAN CHASE BANK, N.A.,

      Third Party Petitioner,

vs.

KEITH STANSELL,
MARC GONSALVES,
THOMAS HOWES,
JUDITH G. JANIS,
CHRISTOPHER T. JANIS,
GREER C. JANIS,
MICHAEL J. JANIS,
JONATHAN N. JANIS,
ANTONIO CABALLERO,
KASSIM TAJEDDINE,
METROPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD.,
TRUST BANK LTD.,
CREDIT SUISSE AG,
TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

      Third Party Respondents.
_____/

**RESPONSE IN OPPOSITION TO THIRD-PARTY CLAIMANT KASSIM TAJIDEEN'S MOTION TO STRIKE PLAINTIFF JOHN DOE'S EXPERT AFFIDAVIT**

Petitioner/Judgment Creditor John Doe hereby files this Response in Opposition to Third Party Claimant Kassim Tajideen's Motion to Strike Plaintiff John Doe's Expert Affidavit ("Motion to Strike") and states as follows.

**I.   Introduction.**

In this matter, Petitioner/Judgment Creditor John Doe served a Petition for Turnover Order on JP Morgan Chase Bank ("JPMCB") pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 102-297, concerning blocked assets of alleged agencies or instrumentalities of the judgment debtors, including the blocked assets of Kassim Tajideen[1] ("Tajideen") that stemmed from two insurance policies.

JPMCB then filed an interpleader petition against all entities that might claim an interest in those blocked assets, including Metropolitan Life Insurance Company (D.E. 11).  American Life Insurance Company, Lebanon Branch ("ALICO"), answered that interpleader petition as the correct party concerning the insurance accounts, and interposed the affirmative defense that it risked being forced to pay on Tajideen's insurance policies twice if the blocked funds were released to Petitioner.  (D.E. 41 at p. 14).  As a result, Petitioner/Judgment Creditor withdrew his claims against the blocked accounts in which Tajideen has any interest whatsoever.  (D.E. 54).  The Motion to Strike that Tajideen had filed in the interim is therefore moot and should be dismissed for that reason.

Even if the motion were not moot, it should be denied, as each of its purported grounds is incorrect.  Mr. Gaddis's affidavit is not excludable due to violation of federal law.  It does not violate 18 U.S.C. § 2017(1) because the United States is not a party to this action and does not

---

[1] The correct spelling of the surname Tajeddine is "Tajideen", according to his counsel.

have a direct and substantial interest in this case. Further, as Mr. Gaddis retired from the Drug Enforcement Agency ("DEA") in 2011, any two-year restriction would not bar him from testifying in this matter in 2015.

Tajideen's second argument, that the testimony should be excluded because it allegedly violates laws preventing disclosure of internal Department of Justice and non-public information, likewise fails. Even if the testimony did violate such rules, which it does not, there is no exclusionary rule in civil proceedings, and Mr. Tajideen, an alien who the United States has determined is a Specially Designated Global Terrorist ("Global Terrorist"), has no constitutional rights that could have been violated and that could be protected through an exclusionary rule. Mr. Tajideen's invocation of the exclusionary rule is fanciful.

After claiming that Mr. Gaddis's inside position at the DEA – and in particular his role supervising the investigation of Tajideen and the companies related to him – gave him access to too much specific information about the investigation and enforcement actions in which Tajideen was a target to allow Mr. Gaddis to testify against him, Tajideen then turns and argues that Gaddis's testimony lacks factual basis and therefore fails to satisfy Federal Rule of Evidence 702 and *Daubert*. In other words, he follows the argument that Mr. Gaddis knows too much with the argument that he knows too little. Tajideen's invocation of *Daubert* is misplaced. Mr. Gaddis's affidavit is in large part factual. Tajideen's support for the proposition of striking it is totally inapposite.

For all these reasons, the Motion to Strike should be denied.

**II.     Mr. Gaddis's affidavit should not be excluded based upon the argument that federal law prohibits his testimony.**

      **A.     No post-government employment restrictions require exclusion.**

Tajideen's lead argument is that Mr. Gaddis's testimony violates a federal law that prohibits former federal employees from testifying in cases "in which the United States or the District of Columbia is a party or has a direct and substantial interest."  18 U.S.C. § 207(1).  "In essence, this prohibition is designed to prevent former government officials from using the specific knowledge -- rather than any general expertise -- obtained during their employment for the benefit of parties whose interests conflict with those of the United States."  *United States v. Rosen*, 599 F. Supp. 2d 690, 2009 U.S. Dist. LEXIS 36142 (E.D. Va. 2009).  The Government is not a party to this action, and no real argument can be made that it has a direct and substantial interest in this action, or that Petitioner/Judgment Creditor's interests conflict with those of the United States.

Tajideen digs deep into 5 C.F.R. § 26401.201 (j) iii, a subsection of the implementing regulation for Section 207(1), to make his argument.  *See* Motion to Strike, p. 4.  That subsection, however, provides the factors that a "designated agency ethics official (DAEO) for the former employee's agency" (*id.*) should consider in the determination of whether the United States has a direct and substantial interest.  It specifically states, "The designated agency ethics official (DAEO) for the former employee's agency shall have the primary responsibility for coordinating this determination."  *Id*.  These guidelines for administrators clearly are not intended to create an exclusionary rule on behalf of a target of an agency action.

Nonetheless, applying the factors that 5 C.F.R. § 26401.201 (j) iii provides[2] supports the conclusion that the U.S. does not have a "direct and substantial interest" in the matter. The United States has made no claim to the blocked funds and thus has no financial interest in the matter. Plaintiff/Judgment Creditor is making no challenge to any policy, program or operation of any component of the U.S. Government. (In fact, Plaintiff/Judgment Creditor is referring to and relying on the policies and programs of the U.S. Government, not challenging them). No government agency is providing witness or documentary evidence in the matter.[3] The interest of the U.S. Government is little more than academic, in that OFAC simply wants to stay apprised of where blocked funds are and are not. 31 C.F.R. § 501.605, cited by Tajideen, requires service of the proceedings on OFAC to fulfill its desire to stay apprised. That the United States, despite notice provided pursuant to that regulation, has chosen to take no action in this matter leaves no doubt that it has determined it has no direct or substantial interest in it, and that Petitioner/Judgment Creditor's action does not conflict with it. The inquiry ends here.

With respect to prongs (B) and (C), the great majority of the affidavit concerns not a particular matter or a specific party, but the general knowledge of Mr. Gaddis, for example his knowledge of "a major narco-terrorist smuggling and money laundering route in use for at least the last decade under which FARC-generated cocaine was sold and transported to West Africa. Hezobollah terrorists then delivered the product and laundered the proceeds." *See* D.E. 4-2 at

---

[2](A) The component has a financial interest in the matter
(B) The matter is likely to have an effect on the policies, programs, or operations of the component;
(C) The component is involved in any proceeding associated with the matter, e.g., as by having provided witnesses or documentary evidence; and
(D) The component has more than an academic interest in the outcome of the matter.

[3] That Gaddis's affidavit refers to information published by OFAC, or sworn complaints filed by the United States Attorney's Office for the Southern District of New York, does not qualify as any agency providing witnesses or documentary evidence.

5

par. 17. And where the affidavit is more specific, it often relies on published materials or refers to sworn court documents. *See id*. at pars. 18, 20 and 22, quoting an OFAC publication and a sworn complaint. Clearly, the great majority of the affidavit is not specific testimony about a specific party.

Finally, Mr. Gaddis resigned from the DEA in 2011, over four years ago, so any two-year restriction contained in 18 U.S.C. § 207(1)(C) is inapplicable.

### B. No laws prohibiting disclosure of internal Department of Justice and non-public information require exclusion or the striking of the affidavit.

Tajideen's second argument, that the testimony should be excluded because it allegedly violates laws preventing disclosure of internal Department of Justice and non-public information, likewise fails. There is no exclusionary rule in civil proceedings. In fact, the very case that Tajideen relies upon for the proposition that "violations provide . . . grounds to exclude his testimony" (Motion to Strike at p.8, D.E. 44 at p. 12), supports Petitioner's, not Tajideen's, position. In the case Tajideen cites, the Court said of the application of the exclusionary rule,

> The exclusionary rule is "an exceptional remedy typically reserved for violations of constitutional rights." *United States v. Smith*, 196 F.3d 1034, 1040 (9th Cir. 1999); *see also United States v. Calandra*, 414 U.S. 338, 348, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974) (describing the exclusionary rule as a "judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect"). The Supreme Court has held the Fourth Amendment exclusionary rule does not generally apply in immigration proceedings, because, "[c]onsistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply . . . ." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038, 104 S. Ct. 3479, 82 L. Ed. 2d 778 (1984); *see also United States v. Janis*, 428 U.S. 433, 447, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976) (**The Supreme Court has "never . . . applied [the exclusionary rule] to exclude evidence from a civil proceeding, federal or state.**")

*Chuyon Yon Hong v. Mukasey*, 518 F.3d 1030, 1034 (9th Cir. 2008) (emphasis added).

Further, in *Chuyon*, the Court upheld a Board of Immigration Appeals decision that the party seeking to employ the exclusionary rule, "as an alien holding her permanent alien status as

a result of criminal fraud, had no protected interests violated." *Id.* at 1033. Likewise, Mr. Tajideen, an alien who the United States has determined is a Global Terrorist, has no Constitutional rights that could have been violated and that could be protected through an exclusionary rule. It is remarkable that Tajideen cites *Chuyon*, a ruling based on the twin pillars 1) that the exclusionary rule has no role in civil proceedings, and 2) that it only serves to protect Constitutionally protected rights.

### III.    Mr. Gaddis's affidavit should not be excluded on the grounds that it fails to satisfy the Daubert requirements.

After arguing that Mr. Gaddis has an "unfair advantage" (Motion to Strike at p. 3) and is improperly testifying to inside information about the investigations in which Tajideen was implicated and which lead the Department of the Treasury to designate him a Global Terrorist, Tajideen changes tack and argues that the affidavit lacks a factual basis. He invokes *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), a case concerning expert opinion testimony of a technical or scientific nature.

There is simply little argument that Mr. Gaddis's affidavit lacks a factual basis. Mr. Gaddis testifies to facts. Petitioner welcomes any counter-testimony or evidence that Mr. Tajideen may be able to provide. Petitioner looks forward to full discovery. But just because Mr. Gaddis does not know everything about Mr. Tajideen, it does not follow that his affidavit should be *stricken.*

Tajideen's support for the proposition of striking Mr. Gaddis's affidavit is inapposite. For example, *Nimely v. City of New York*, 414 F.3d 381, (2d Cir. 2005), concerned purported expert testimony about the trial testimony of police officers in an excessive force case, and the expert, addressing at trial the possibility that the officers had lied,

> "rejected" the possibility that Muirhead and McCarthy had lied, and explained various reasons why police officers have no incentive to give false statements in

>excessive force cases.  On cross-examination Dawson reiterated his conclusion that the police officers were "telling the truth as they perceived it."

*Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005).  Of course, in that case, the Court ruled that his statements "essentially instructed the jury as to an ultimate determination that was exclusively within its province, namely, the credibility of Muirhead and McCarthy."  *Id*.  Here, Mr. Gaddis's affidavit testimony bears no resemblance to testimony concerning the credibility of another witness's testimony.  Mr. Gaddis's affidavit does not invade the province of any jury.  There is simply no support for the proposition that it be stricken.

Likewise, *In re Rezulin Prod. Liability Litig*., 309 F.Supp.2d 531 (S.D.N.Y  2004), bears little resemblance to the situation at hand.  In that matter, purported expert witnesses on what constitutes ethical behavior by a pharmaceutical company in fact admitted "that their opinions concerning purported ethical standards are based on their personal, subjective views."  *In re Rezulin*, 309 F.Supp.2d at 543.  Their testimony failed to qualify as being based on *any* specialized knowledge, and so the exception to the general rule against opinion testimony for experts did not apply.

Here, the great bulk of Mr. Gaddis's testimony is factual, not opinion at all.  Its only opinion, stated in the final paragraph – that Tajideen is an agency or instrumentality of the FARC – is supported by the testimony placing Tajideen at the nexus of the drug trafficking and money-laundering collaboration between Hezbollah and the FARC.  *See* Gaddis Aff. at pars. 15-30, D.E. 4-1 at pp. 5-14.  Further, the determination of agency/instrumentality is based on the plain and ordinary meaning of those terms.  *Stansell v. Revolutionary Armed Forces of Columbia* (sic), 771 F.3d 713, 732(11th Cir. Fla. 2014) ("As the district court noted in its orders finding agency or instrumentality status, its standard 'us[ed] the plain and ordinary meaning of those terms.'  Claimants here give us no reason to believe that any other standard is preferable or

proper"). As such, it is not a legal conclusion that only a lawyer is qualified to testify to, or a subjective determination that only a jury can weigh, but rather one which someone with specialized knowledge of the relationship between the FARC and Hezbollah money laundering and drug trafficking operations is uniquely qualified to opine on. *Cf. In re Rezulin*, 309 F.Supp.2d at 546-547 (experts' testimony making inferences about "real motives" and making legal conclusion that conduct constituted negligence disallowed).

Of course, the Court or jury will eventually make the final determination of whether Tajideen is an agency or instrumentality of the FARC. But just because the affidavit concludes with Mr. Gaddis's opinion, based on facts and applying the plain and ordinary meaning of those terms, does not support striking the affidavit, and certainly not the entire affidavit, when the only opinion is in the final paragraph.

## IV. Conclusion

To remind, Petitioner/Judgment Creditor has withdrawn any claim in this matter to any asset in which Tajideen claims an interest. For that reason, the Motion to Strike filed by him should be denied as moot. Further, if considered, the Motion to Strike should be denied on the merits.

Dated this 14th day of December, 2015.    Respectfully submitted,

/s/ Brett E. von Borke
Brett E. von Borke, Esq.
New York Bar No. 5258876
bvb@grossmanroth.com
GROSSMAN ROTH, P.A.
2525 Ponce de Leon Boulevard, Suite 1150
Coral Gables, Florida  33134
Telephone:  (305) 442-8666
Facsimile:   (305) 285-1668
*Counsel for Petitioner/Judgment Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Brett E. von Borke
Brett E. von Borke, Esq.