UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JOHN DOE,

       Plaintiff,

  -v-                                                             No.  15 CV 8652-LTS

EJERCITO DE LIBERACION NACIONAL,
et al.,

       Defendants,

  -and-

JP MORGAN CHASE BANK, N.A.,

       Respondent.

----------------------------------------------------------

JP MORGAN CHASE BANK, N.A.,

       Third-Party Petitioner,

  -v-

KEITH STANSELL, et al.,

       Third-Party Respondents.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

       Before the Court is the motion of third party respondents Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Christopher Janis, Greer Janis, Michael Janis, and Jonathan Janis (collectively, the "Stansell Respondents") to transfer or dismiss this action. (Docket entry no. 19.)  Specifically, the Stansell Respondents move: (1) to transfer venue of this action to the United States District Court for the Northern District of Illinois, pursuant to 28

U.S.C. § 1404(a); or alternatively (2) to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b) for improper venue, lack of subject matter jurisdiction, lack of personal jurisdiction, and improper joinder of parties. The Court has carefully considered all of the submissions in connection with this motion practice, and, for the reasons that follow, denies the motion in its entirety.

BACKGROUND

This action was initiated in June 2015 as a miscellaneous matter with the registration by Plaintiff Doe of a $36.8 million judgment rendered against Defendants by the United States District Court for the Southern District of Florida. It subsequently ripened into a contested turnover proceeding with a third-party interpleader action, and was established on the books of the Court as a civil action under the docket number and caption reflected above.

The Stansell Respondents, who also hold a judgment against Defendant Fuerzas Armadas Revolucion de Colombia (the "FARC"), commenced similar judgment registration and turnover proceedings in the United States District Court for the Northern District of Illinois in August 2015. See No. 15 CV 6826 (N.D. Ill.). Citations to discover assets were issued from that Court as to assets held by Respondent JP Morgan Chase Bank, N.A. ("JP Morgan"), in the names of an individual and three entities whom the Doe Plaintiffs and the Stansell Respondents assert are agents or instrumentalities of the FARC. See id. (docket entry no. 5). The Stansell Respondents were brought into this action by the interpleader complaint of Respondent JP Morgan. (Docket entry no. 11). JP Morgan was named as a respondent in Plaintiff John Doe's August 31, 2015, petition in this Court for a turnover order (docket entry no. 4). In Doe's petition for turnover order, he seeks assets belonging to purported agents or instrumentalities of

the FARC. (Docket entry no. 4, ¶ 14.) Specifically, Doe's turnover petition targets assets titled to Kassim Tajideen, Grand Stores Ltd., and Tajco or Tajco Ltd., all of whom Doe claims are agents or instrumentalities of the FARC for purposes of executing upon his Florida judgment.[1] (Id.)

JP Morgan's third party complaint recites that it is intended to bring before the Court all of the parties that have previously stated some claim to the bank accounts Doe sought by his turnover order. Specifically, JP Morgan interpleaded:

1. The Stansell Respondents,

2. Tajideen, Grand Stores Ltd., and Tajco Ltd.,

3. Antonio Caballero, who holds a Florida state court judgment against the FARC, and

4. Various banks and insurance companies that were involved in the wire transfers that JP Morgan blocked and deposited into the accounts Doe identifies in his turnover order.

Upon being brought into this action by JP Morgan's third party complaint, the Stansell Respondents filed the instant motion to transfer or dismiss Doe's turnover litigation and the interpleader proceeding in this Court. The motion is opposed by Tajideen, JP Morgan, and Doe.

On December 7, 2015, after briefing was completed on this motion, Doe filed a

---

[1] The Terrorism Risk Insurance Act of 2002, Pub.L. No. 107–297, § 201(a), 116 Stat. 2322, 2337 ("TRIA"), permits execution of judgments against a state actor or terrorist party as well as any "agency or instrumentality" of such a party. Id.

The Stansell Respondents' Northern District of Illinois citation to discover assets targets, among other assets, the same four JP Morgan accounts identified in Doe's turnover petition in this Court.

Notice of Partial Withdrawal Without Prejudice, by which Doe withdrew the portion of his petition for turnover directed to two JP Morgan accounts that are purportedly owned by Tajideen. (Docket entry no. 54.)

## DISCUSSION

### The Motion to Transfer

The Stansell Respondents principally seek the transfer of this action to the Northern District of Illinois, for consolidation with an action the Stansell Respondents initiated in that court on August 5, 2015, by registering a judgment they received in 2010 against the FARC. That action is proceeding as case number 15 CV 6826 in the Northern District of Illinois before United States District Judge Gary Feinerman.

The Stansell Respondents' motion to transfer venue to Illinois is premised primarily on their legal argument that they have perfected a first-in-time judgment lien against the JP Morgan accounts Doe identified in his petition for turnover order. However, none of those accounts is held in the name of the ELN or the FARC, against whom Doe and the Stansell Respondents have judgments, and the Stansell Respondents have no final judgment against Tajideen or any entity with an interest in the JP Morgan accounts at issue in this litigation, nor has there been any final judicial determination that Tajideen or any of the entities is an agency or instrumentality of the FARC, the judgment debtor. As the Eleventh Circuit held in the Stansells' own Florida-based litigation, Tajideen and the other account holders are constitutionally entitled to due process in connection with any legal determination as to their status as agencies or instrumentalities; no such determination has yet been made. See Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713, 727 (11th Cir. 2014); see also Stansell v.

Revolutionary Armed Forces of Colombia, No. 8:09 CV 2308, docket entry no. 1056 (S.D. Fl. July 22, 2015) (withdrawing garnishment order due to lack of jurisdiction).  The Stansell Respondents' arguments that personal jurisdiction and lien priority have been established as against Tajideen and the account owners would therefore appear to be premature at this time, although the Stansell Respondents will be able to press those arguments in the context of the turnover and interpleader proceedings initiated here.

The Stansell Respondents' arguments must therefore be evaluated at this time in relation to the threshold question of which court should determine the merits of their claims and the competing claims of Doe, Tajideen, Grand Stores, and Tajco to legitimate ownership of the assets in question.  It is undisputed that all of the accounts at issue are held by JP Morgan in this district.  Doe's petition for turnover seeks to establish a right to those accounts by proving that Tajideen, Grand Stores, and Tajco are instrumentalities of the FARC, against which Doe has a final judgment.  The resolution of that claim requires that the Court have personal jurisdiction over Doe, JP Morgan, Tajideen, Grand Stores, and Tajco.  The case upon which the Stansell Respondents principally rely when arguing that the Northern District of Illinois has jurisdiction to resolve disputes over assets located outside of that district, Gates v. Syrian Arab Republic, 755 F.3d 568 (7th Cir. 2014), was one in which Syria, the judgment debtor, was the owner of the assets to which the turnover petition was directed and personal jurisdiction was uncontested.  That is not the case here, where the judgment creditors have yet to prove that the third party individual and entity account owners are agents or instrumentalities of FARC, the judgment debtor, and therefore liable under the TRIA to satisfy the judgment against the FARC.  Gates does not address the imposition of liens or execution upon assets in advance of a determination as to whether assets held by one party may be turned over to satisfy a judgment against a

different party, or the jurisdictional (and due process) questions attendant to such a determination.  Although Doe has since withdrawn his claim against the accounts that are titled to Tajideen, the JP Morgan interpleader action remains pending with respect to those accounts, necessitating jurisdiction to determine Tajideen's claim to superior rights in the property, and jurisdiction to direct the disposition of the property.

Under 28 U.S.C. § 1404(a), this Court may transfer an action "for the convenience of parties and witnesses, in the interest of justice" so long as the transferee district is one where the original action "might have been brought."  The Second Circuit has held that a court deciding a motion to transfer should consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-107 (2d Cir. 2006).  After consideration of the arguments of all parties, the Court finds that none of these factors weighs in favor of transfer to the Northern District of Illinois.

Doe, who was first to commence the judgment registration proceedings relevant to the instant controversy, chose the Southern District of New York as his forum, and that decision is given considerable weight.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 225 (1981).  JP Morgan, similarly, chose the Southern District of New York as the forum for the interpleader action.  New York is also a convenient forum directly tied to relevant documents, relevant parties, and the operative facts, given that the accounts in question are held in New York.  Moreover, there are no facts before the Court that indicate any connection between this action and the Northern District of Illinois or any reason why that court would be even

marginally more convenient for any of the parties other than the Stansell Respondents, who have chose to litigate there.  Indeed, even the Stansell Respondents appear to be seeking transfer to the Northern District of Illinois solely because of their perception that there is favorable Seventh Circuit law relevant to their judgment execution efforts, a rationale that is highly indicative of improper forum-shopping.  Accordingly, the Stansell Respondents have failed to demonstrate that the Southern District of New York is an inconvenient or improper forum for litigation of the issues relating to the JP Morgan accounts, and the motion to transfer is denied.

<u>The Motion, in the Alternative, to Dismiss the Turnover and Interpleader Proceedings</u>

*Venue*

Insofar as the Stansell Respondents' motion to dismiss is premised on improper venue, it is denied for substantially the reasons as outlined above.  Venue for Doe's action is clearly proper in this district, where the underlying assets are held.  Similarly, venue for JP Morgan's interpleader is also appropriately placed here, in the Southern District of New York.  Pursuant to the federal interpleader statute, 28 U.S.C. § 1397, an interpleader proceeding "may be brought in the judicial district in which one or more of the claimants resides."  While no claimant resides in New York, this does not end the analysis, as courts in the Southern District have held that the use of "may" (rather than "must") in the federal interpleader statute is intended to expand, rather than limit, the general statutory venue provision of 28 U.S.C. § 1391, which permits venue where "a substantial part of the property that is the subject of the action is situated."  See <u>A&E Television Networks, LLC v. Pivot Point Entertainment, LLC</u>, 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011).  Because it is uncontroverted that all of the accounts that are the subject of Doe's turnover petition are situated in this district, JP Morgan's interpleader action is appropriately venued here.

*Subject Matter Jurisdiction*

The Stansell Respondents assert that this Court lacks subject matter jurisdiction over JP Morgan's interpleader proceeding because JP Morgan has not deposited the relevant account assets into the registry of this Court.  The Stansell Respondents' position is unavailing.  JP Morgan's failure, as of this date, to deposit the funds in question in the Court's registry, as required by the federal interpleader statute, 28 U.S.C. § 1335(a)(1), does not deprive the Court of subject matter jurisdiction.  It is established practice in this district to give the party asserting interpleader jurisdiction over contested funds an opportunity to deposit those funds prior to dismissing the action because "deposit has been construed as a requirement of maintaining interpleader jurisdiction, rather than a prerequisite to bringing suit."  William Penn Life Ins. Co. of N.Y. v. Viscuso, 569 F. Supp. 2d 355, 360 (S.D.N.Y. 2008).  The Court notes that JP Morgan proffers that its failure to make the deposit was due, at least in part, to uncertainty as to the outcome of the venue-related motion practice that is resolved by this Memorandum Opinion and Order.

JP Morgan has argued that it should not be required to deposit the funds at issue, or post a bond, in order to maintain its interpleader action, relying on Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc., 1984 WL 635 (S.D.N.Y. July 16, 1984).  Although the Price Court did state, in dicta, that a deposit may not be a jurisdictional prerequisite in all cases, more recent district court decisions from across the Second Circuit have held that some deposit or bond is plainly required in order to maintain an interpleader action.  See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 398 (S.D.N.Y. 2006) (citing cases).  On the record before the Court, there is no reason in this case to deviate from the statutorily prescribed practice of depositing the contested funds with the court during the pendency of the interpleader.  The Court

therefore directs JP Morgan to deposit the funds within 28 days of entry of this decision.

*Personal Jurisdiction*

The Stansell Respondents also move to dismiss this action for lack of personal jurisdiction. Specifically, the Stansell Respondents assert that: (1) there is incomplete diversity of citizenship, (2) that this Court does not have personal jurisdiction over them. The Court addresses these issues in turn.

First, the test for diversity of citizenship in an interpleader action requires only that the stakeholder corporation be diverse from all claimants named as third party respondents. Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000). JP Morgan represents that it is a citizen of Ohio for purposes of diversity jurisdiction (docket entry no. 11 (JP Morgan Answer, ¶ 47), and the Stansell Respondents do not contest this assertion in their responsive briefing. Because none of the third party respondents named in JP Morgan's interpleader is a citizen of Ohio (docket entry no. 11 (JP Morgan Answer, ¶¶ 49-60)), the requisites of diversity jurisdiction are met here.

Second, any lack of personal jurisdiction over the Stansell Respondents is not a proper basis for dismissal of this entire action. The parties named by JP Morgan are all potential or actual claimants to the accounts named in Doe's petition for a turnover order. However, this Court's evaluation of Doe's petition requires only, for purposes of Federal Rule of Civil Procedure 19, the participation of JP Morgan and the named owners of the accounts JP Morgan holds. If the Stansell Respondents wish to assert a competing claim as to those accounts, they must appear before this Court and litigate that claim. However, there is no bar to the determination of Doe's claims in the absence of the Stansell Respondents.

CONCLUSION

For the foregoing reasons, the Stansell Respondents' motion to transfer or dismiss this action is denied in its entirety.

JP Morgan is directed to deposit with the Clerk of this Court the funds identified in its interpleader complaint within 28 days of the entry of this Memorandum Opinion and Order. The Clerk of Court is directed to hold the funds in the Court Registry Investment System (CRIS) Account pending further order of the Court.

This Memorandum Opinion and Order resolves docket entry no. 19.

SO ORDERED.

Dated: New York, New York
       December 16, 2015

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge