IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

JOHN DOE,

       Petitioner/Judgment Creditor             No. 15 CV 8652-LTS

v.                                            Judge Laura Taylor Swain

EJERCITO DE LIBERACION NACIONAL ("ELN"), et al.

       Defendants/Judgment Debtors
and

JPMORGAN CHASE BANK, N.A., and

       Respondent,

_____

JPMORGAN CHASE BANK, N.A

       Third Party Petitioner,

v.

KEITH STANSELL,  et al.,

       Third Party Respondents.

_____

**STANSELL RESPONDENTS' ANSWER TO INTERPLEADER PETITION
AND COUNTERCLAIM FOR TURNOVER**

Third Party Respondents, KEITH STANSELL, MARC GONSALVES, THOMAS

HOWES, JUDITH  JANIS, CHRISTOPHER  JANIS, MICHAEL JANIS, GREER JANIS, and

JONATHAN JANIS (hereinafter the "Stansell Judgment Creditors"), hereby Answer the

JPMorgan Chase Bank, N.A. ("JPMCB") Third Party Petition in Interpleader [DE 11], and

counterclaim against JPMCB for turnover of the subject blocked assets based on their motions

for turnover of same pending before the Northern District of Illinois in *Stansell v. FARC et al*,

NDIL Case No. 15-cv-06826.

## ANSWER TO THIRD PARTY COMPLAINT IN INTERPLEADER

42.     Admitted.

43.     Admitted that Stansell Judgment Creditors and the SDGT Kassim Tajeddine have claims against the blocked accounts, denied that any other parties have any interest in or claim to these blocked accounts.

44.     Admitted that only upon JPMCB's deposit of the disputed funds into the court's registry will this court have subject matter jurisdiction to proceed with the statutory interpleader action.  In the absence of subject matter jurisdiction for a statutory interpleader claim, the Stansell Judgment Creditors are not subject to nationwide service of process and as non-residents of the State of New York with no presence or business activities there, they are not subject to personal jurisdiction in New York.

45.     Denied.

46.     Admitted.

47.     Admitted that Doe obtained said judgment, denied that said judgment is valid.

48.     Admitted, except that none of the Stansell Judgment Creditors are residents of New York, and not all of the states of residence are accurate.

49.     Admitted.

50.     Admitted.

51.     Denied.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted insofar as ED&F was only an intended beneficiary of a cancelled EFT, not the actual beneficiary of a completed EFT.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Admitted insofar as Lebanese Canadian Bank was only the intended beneficiary's bank of a cancelled EFT, not the actual beneficiary's bank of a completed EFT.

60.     Admitted insofar as Leaders was only an intended beneficiary of a cancelled EFT, not the actual beneficiary of a completed EFT.

61.     Unable to admit or deny at this time.

62.     Admitted that SDGT Kassim Tajeddine owns the blocked assets in the Tajeddine Blocked Accounts.  Denied that METLIFE or ALICO have any claim to or interest in these blocked funds superior to those of the owner Tajeddine.

63.     Unable to admit or deny at this time.

64.     Admitted.

65.     Unable to admit or deny at this time.

66.     Denied that JPMCB has not been able to determine the originator of the blocked wire transfer.  Admitted that B/O proves that the originator of this EFT was the SDGT Tajco.

67.     Admitted that Doe obtained said judgment, denied that said judgment is valid.

68.     Unable to admit or deny, no USM 285 form has ever been filed reflecting what was served or when.

69.     Admitted.

70.     Admitted, except that the Illinois Citation was served on JPMCB on August 5, 2015, not "on or about August 6, 2015".

71.     Admitted.

72.     Admitted that Caballero has never made any claim on the subject blocked assets.

73.     Denied in part.  It is denied that Tajeddine disputes that he has in fact been designated by the Treasury Department as an SDGT.  Admitted that Tajeddine himself denies the OFAC factual finding that he is a member of the Hezbollah Network in Africa, and that he denies that he or Hezbollah is an agency or instrumentality of the FARC.

74.     Denied that any of these parties has a claim, denied that they have ever made a claim, and denied that any potential claim could be lawfully brought after the running of the UCC 3 year statute of limitations, and because any such conceivable claim is blocked.

75.     Denied.

76.     Denied.

77.     Denied.

78.     See responses above.

79.     Admitted as to Stansell Judgment Creditors and Doe, denied as to Caballero.

80.     Denied.

81.     Denied.

82.     Assuming that JPMCB deposits the disputed funds into the court registry in compliance with Order DE 67, admitted.

83.     Denied.

## AFFIRMATIVE DEFENSES

1.      At the time of filing this Answer, JPMCB has yet to comply with this Court's

Order DE 67 requiring JPMCB to deposit all of the disputed funds into the court registry

(deposits due by January 13, 2016), and therefore Stansell Judgment Creditors assert that in the

absence of said deposits, this Court lacks subject matter jurisdiction for federal statutory

interpleader under 28 U.S.C. §1335.

2.      In the absence of subject matter jurisdiction for the statutory interpleader, the 28

U.S.C. §1335 nationwide service of process provisions do not apply and therefore the Stansell

Judgment Creditors are not subject to personal jurisdiction in New York until JPMCB deposits

all the disputed funds into the Court's registry.

3.      Stansell Judgment creditors assert that Third Party Respondent ANTONIO

CABALLERO was and is an improper and unnecessary party to the interpleader.

4.      Stansell Judgment creditors assert that Third Party Respondent AMERICAN

LIFE INSURANCE COMPANY, LEBANAON BRANCH was and is an improper and

unnecessary party to the interpleader.

5.      Stansell Judgment creditors assert that Third Party Respondent TRUST BANK

LTD. was and is an improper and unnecessary party to the interpleader.

6.      Stansell Judgment creditors assert that Third Party Respondent CREDIT SUISSE

AG was and is an improper and unnecessary party to the interpleader.,

7.      Stansell Judgment creditors assert that Third Party Respondent ARAB

GAMBIAN ISLAMIC BANK LTD. was and is an improper and unnecessary party to the

interpleader.

8.       Stansell Judgment creditors assert that Third Party Respondent AHLI UNITED

BANK UK PLC was and is an improper and unnecessary party to the interpleader.

## COUNTERCLAIM FOR TURNOVER

1.       On January 14, 2015, the Stansell Judgment Creditors filed a Motion [DE 892] for

Issuance of TRIA IEEPA/SDGT Writs of Garnishment in this action in the Middle District of

Florida ("MDFL").

2.       On February 17, 2015, the MDFL entered an Order [DE 900] making a

preliminary finding that Hezbollah and the OFAC designated SDGT members of the Hezbollah

Network in Africa (Tajco a/k/a Grand Stores; Grupo Arosfran; Kassim Tajideen) were agencies

or instrumentalities of the FARC under TRIA.  Absent any superseding court order, this

preliminary ruling, along with the agency or instrumentality standard itself, constitutes the *'law*

*of the case*' for purposes of perfecting the Stansell Judgment Creditors' judgment lien and/or to

determine priority against John Doe, with turnover of any blocked assets subject to a final

determination of agency or instrumentality status.[1]  The MDFL's standard for determining

---

[1] The law of the case doctrine holds that, "when a court has ruled on an issue, that decision
should generally be adhered to by that court in subsequent stages of the same case." *Arizona v.
California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983); *United States v.
Uccio*, 940 F.2d 753, 758 (2d Cir.1991). This doctrine, however, "is not an inviolate rule in this
Circuit." *United States v. Birney*, 686 F.2d 102, 107 (2d Cir.1982). Instead, the Second Circuit
has reiterated its "long-established view that the law of the case is, at best, a discretionary
doctrine which does not constitute a limitation on the court's power, but merely expresses the
general practice of refusing to reopen what has been decided." *Id*. (internal quotations omitted).
In general, however, **courts "should be loathe to do so in the absence of extraordinary
circumstances such as where the initial decision was 'clearly erroneous and would work a
manifest injustice**." ' *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 817, 108 S.Ct.
2166, 2178, 100 L.Ed.2d 811 (1988)(quoting *Arizona*, 460 U.S. at 618 n. 8, 103 S.Ct. at 1391 n.
8)(emphasis added).  The focus under this prong of the doctrine is whether, in choosing not to
apply the doctrine, the party seeking the benefit of the doctrine is prejudiced, where the term
"prejudice" refers to a lack of sufficiency of notice or a lack of sufficient opportunity to prepare
armed with the knowledge that the prior ruling is not deemed controlling. *Uccio*, 940 F.2d at
758.  The Stansell Judgment Creditors respectfully submit that the prior rulings were not 'clearly

agency or instrumentality of the FARC was specifically included in over 50 TRIA turnover

judgments in the Stansell case, including blocked accounts of members of FARC trafficking

partners the Cali cartel, Ochoa Vasco Network, Bermudez Suaza Organization and the North

Valley Cartel ("NVC").  The NVC turnover orders and judgments were the subject of

consolidated appeals in *Stansell v. FARC*, 771 F.3d 713 (11th Cir. 2014).  The MDFL's "agency

or instrumentality of the FARC" standard was specifically affirmed in *Stansell 2014*, 771 F.3d. at

729-32.  The MDFL standard used many times in this case, and affirmed on appeal, has never

required proof of a direct relationship with the FARC, only that the cartel or organization itself

was trafficking FARC cocaine, and that the blocked party account owner was a member of a

money laundering or financial network of the trafficking cartel or organization. *See Stansell* at

742 ("The evidence Plaintiffs presented to the district court was sufficient to establish the

required relationship between FARC and the Partnerships, **even if that relationship was**

**indirect**.")(emphasis added).

> 3.      The MDFL has also previously ruled in this case that in a blocked EFT:

> U.C.C. Article 4A's rules indicate that if, for any reason, an intermediary bank is
> unable to execute an EFT payment order within five funds transfer business days,
> **the EFT payment order is, by operation of law, deemed to be canceled**.  The
> cancellation of the EFT negates the relevant payment order/instructions assuring
> that the proceeds thereunder are no longer destined to or made available to the
> beneficiary indicated in the payment instructions. As the funds are no longer
> subject to onward transfer to the beneficiary, such beneficiary does not acquire
> nor does it retain any rights against the intermediary bank for their receipt.
> **Rather, the originating bank regains the right to the funds, and the**
> **originator has a right to the funds pursuant to a right of subrogation spelled**
> **out in U.C.C. § 4A-402(d)**.  Section 4A-402(e) then provides that when "an
> intermediary bank is obliged to refund payment [to the originator]…but is unable

---

erroneous", and that they will be prejudiced if this Court does not provide advance notice and
opportunity to prepare in the event the Court decides not to follow the prior rulings of the MDFL
and 11th Circuit on the "agency or instrumentality of a terrorist party" standard, or the MDFL's
ruling on the UCC's cancellation and originator's 'money back guarantee' provisions in ¶ 3.

to do so because it is not permitted by applicable law," the originator of the transfer is still deemed as retaining his rights of subrogation vis à vis the funds in question.

*See Stansell v. FARC*, MDFL Case No. 8:09-cv-2308, DE 808 pp. 7-8 (emphasis added).  This prior ruling also falls within the 'law of the case" doctrine.

4.      On August 30, 2015, the Stansell Judgment Creditors filed in the Northern District of Illinois ("NDIL") motions for turnover of the "Tajco Blocked Account", the "Grand Stores Blocked Account"[2] and the "Tajeddine Blocked Accounts" held by JPMCB which are the subject of this Third Party Complaint in Interpleader.

5.      The Stansell Judgment Creditors' motions for turnover remain pending in the NDIL, awaiting ruling on motions for 1404(a) transfer to this district, along with the following related NDIL filings:

- August 30, 2015: Appendix of U.S. Government factual findings, Congressional testimony, findings, and reports, federal indictments and guilty pleas, Executive Orders, federal statutes, and regulations, public records, sources and other materials reasonably relied upon by expert witnesses under the Federal Rules of Evidence in support of their post-judgmentexecution motions for turnover [NDIL DE 24];

- August 30, 2015: Notice of Filing Affidavits of Douglas Farah [NDIL DE 25-1] and William Walker [NDIL DE 25-2];

- August 30, 2015: Motion for Turnover to JPMCB ("Tajco Blocked Account" and "Grand Stores Blocked Account")[NDIL DE 27, including 9 exhibits thereto];

- August 30, 2015: Motion for Turnover to JPMCB ("Tajeddine Blocked Account") [NDIL DE 28, including 9 exhibits thereto];

- August 30, 2015:  Memorandum of Law in Support of Motions for Turnover [NDIL DE 31, including 8 exhibits thereto];

- September 30, 2015: Memorandum of Law in Opposition to Turnover Motions filed by JPMCB [NDIL DE 69];

---

[2] According to the Treasury Department's Office of Foreign Assets Control, Tajco is an alias for Grand Stores, Tradex and several other alias names.

- September 30, 2015: Memorandum of Law in Opposition to Turnover Motions filed by SDGTs Kassim Tajeddine and Grupo Arosfran [NDIL DE 70, including 17 exhibits];

- September 30, 2015:  Tajeddine/Grupo's *Daubert* Motion to Strike Plaintiffs' Expert Affidavits and Exclude Testimony [NDIL DE 73];

- October 19, 2015: Plaintiffs' Reply (to Grupo/Tajeddine's Response [DE 70] in Support of Motions for Turnover [NDIL DE 83, including 2 exhibits thereto];

- October 19, 2015: Plaintiffs' Reply (to JPMCB's Response [DE 69] in Support of Motions for Turnover [NDIL DE 85];

- November 5, 2015:  Plaintiffs' Response in Opposition to *Daubert* Motion [DE 73] to Strike and Exclude Plaintiffs' Experts [NDIL DE 92, including 2 exhibits];

- November 13, 2015:  Plaintiffs' *Daubert* Motion to Strike/Exclude Grupo/Tajeddine Expert Ibrahim Warde [NDIL DE 97];

- November 19, 2015:  Grupo/Tajeddine Reply in Support of *Daubert* Motion to Strike Plaintiffs' Experts [NDIL DE 100];

- December 3, 2015:  Grupo/Tajeddine Response in Opposition to Plaintiffs' *Daubert* Motion to Strike Ibrahim Warde [NDIL DE 107];

- December 7, 2015: Plaintiffs' Reply in Support of *Daubert* Motion to Strike Ibrahim Warde [NDIL DE 109];

6.      In the event the NDIL grants one or more of the pending motions for 1404(a) transfer, it is expected that the NDIL Clerk will transmit the entire docket to the SDNY, including the fully briefed and pending turnover motions with supporting appendix and expert witness affidavits, as well as the fully briefed *Daubert* motions to strike both sides experts.  If these items are not transferred with the docket, the Stansell Judgment Creditors will promptly refile same with this Court.

WHEREFORE, The Stansell Plaintiffs respectfully pray that the Court :

(1)      Apply the MDFL's prior ruling in this action establishing the legal standard for determining "agency or instrumentality of a terrorist party", which was then affirmed in this

action by the 11th Circuit Court of Appeal, as the proper standard under the 'law of the case'

doctrine;

(2)     Find that the FTO Hezbollah's narcotics trafficking relations with the FARC

makes Hezbollah an agency or instrumentality of the Judgment Debtor FARC for purposes of

TRIA;

(3)     Find that the blocked party SDGTs [Grand Stores a/k/a Tajco; Grupo Arosfran;

Kassim Tajeddine] have failed to rebut the OFAC final agency action factual findings (which are

entitled to greater than *Chevron* deference) designating them as "Hezbollah Network in Africa"

members for running Hezbollah "cover" companies in Africa and contributing tens of millions of

dollars to Hezbollah, and are therefore  each an agency or instrumentality of the Judgment

Debtor FARC for purposes of TRIA execution;

(4)     Find that the "Tajco Blocked Accounts" and "Grand Stores Blocked Account" are

owned by the blocked SDGTs as originators of the canceled EFTs pursuant to the UCC's

'money back guarantee' provisions, and that no other party has any right, title or interest therein

superior to the blocked ownership interest of these SDGTs;

(5)     Find that the "Tajeddine Blocked Accounts" are owned by the SDGT Kassim

Tajeddine, and that ALICO and no other party has any right, title or interest therein superior to

the blocked ownership interest of Kassim Tajeddine;

(6)     Find that the Stansell Respondents have judgment lien priority over Petitioner

John Doe, or in the alternative, that John Doe's final default judgment is void for lack of subject

matter jurisdiction;

(7)     enter a turnover Order under CPLR 5225 directing that the Clerk of Court and/or

JPMCB pay and turnover to the Stansell Plaintiffs (i) Blocked Account XXX 2908 - Grand

Stores (approx. $400,951.41); and (ii) Blocked Account  XXX 4295 - Tajco (approx..

$120,416); and

      (8)      enter a turnover Order under CPLR 5225 directing that the Clerk of Court and/or

JPMCB pay and turnover to the Stansell Plaintiffs the blocked accounts of Kassim Tajiddene:

(i) approx. $355,581.66 held in blocked account XXX 6923**;** and (ii) approx. $62,036.71 held in

blocked account XXX 3534.

      (7)      Grant other such relief as the Court deems just and proper.

                         /s/ Tony Korvick
                         Tony Korvick, Esq.
                         Newt Porter, Esq.
                         PORTER & KORVICK, P.A.
                         Attorneys for Stansell Respondents
                         9655 S. Dixie Highway
                         Suite 208
                         Miami, FL 33156
                         305-373-5040
                         tkorvick@porterandkorvick.com
                         NDNY Bar No. 107293

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2015, I served the foregoing via First Class
International Mail, or First Class U.S. Mail, to the following persons who are not believed to
have received CM/ECF service upon filing:
NONE

                         By: */s/ Tony Korvick*
                         TONY KORVICK
                         PORTER & KORVICK, P.A.
                         9655 South Dixie Highway Suite 208
                         Miami, Florida 33156
                         (305) 373-5040      (305) 668-9154 FAX
                         tkorvick@porterandkorvick.com