UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN DOE,  CASE NO.:

        Plaintiff,
v.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN,
a/k/a National Liberation Army,
FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC,
a/k/a REVOLUTIONARY ARMED
FORCES OF COLOMBIA,

        Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, John Doe, who brings this action within this Court's jurisdiction for damages caused by Defendants by international criminal actions in violation of the laws of nations and the laws of the United States.

## NATURE OF THE ACTION

In this action, Plaintiff seeks damages from Defendants who, while acting in criminal conspiracy, kidnapped Plaintiff in Venezuela, trafficked him internationally, and held him hostage and tortured him for nearly a year in a part of Colombia over which they exercised dominion, leaving him a physically, emotionally, financially and psychologically broken man.

## THE PARTIES

1. Plaintiff, John Doe, is a Resident Alien of the United States, a resident of this District, and a citizen of Venezuela.

2. Defendant, the National Liberation Army, an English translation of the Spanish name of the group Ejercito de Liberacion Nacional (hereinafter referred to as ELN), is an armed and violent organization in the Republic of Colombia. Since its inception in the early 1960s, ELN has targeted both Colombian and foreign nationals while engaged in terrorist activity that includes murder, hostage taking, and the violent destruction of property.

3. Defendant, the Revolutionary Armed Forces of Colombia, an English translation of the Spanish name of the group Fuerzas Armadas Revolucionarias de Colombia (hereinafter referred to as FARC), is the largest armed and violent organization in the Republic of Colombia. Since forming in the early 1960s, FARC has targeted both Colombian and foreign nationals while engaged in terrorist activity that include murder, hostage taking, and the violent destruction of property.

4. Defendants ELN and FARC have from time to time cooperated and coordinated their efforts, including, inter alia, cooperating in the kidnapping, and torture perpetrated on plaintiff as alleged herein, as well as the international trafficking of narcotics, each of which activity supports the other.

## JURISDICTION

5. This action is brought pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1350 (Alien Tort Statute), and 18 U.S.C. § 1961-1968 (Civil Rico).

6. Federal subject matter jurisdiction exists for an Alien Tort Statute (ATS) claim when the following three elements are satisfied: (1) an alien (2) sues for a tort (3) committed in violation of the law of nations. 28 U.S.C. § 1350. Plaintiff is an alien suing for torts committed in violation of the laws of nation, including international kidnapping, international trafficking, and torture committed by quasi-state entities. Federal subject matter exists under Civil Rico where acts are taken in furtherance of a criminal conspiracy with effects on the United States. FARC and ELN are criminal conspiracies with effects on the United States. FARC and ELN engage in their acts of hostage-taking and torture in part to control parts of Colombia that they use to support their narcotics trafficking efforts in the United States, and vice versa. This matter concerns federal questions as it alleges a cause of action for Civil RICO and causes of action for violations of the law of nations, which are part of federal common law.

7. Jurisdiction over this matter and over the defendants is further predicated upon 18 U.S.C. § 1965, Federal Rule of Civil Procedure 4(k)(1)(c), and Federal Rule of Civil Procedure 4(k)(2).

**BACKGROUND FACTUAL ALLEGATIONS**

8. ELN and FARC are the largest guerilla/insurgent groups in Colombia. At all times relevant to this action, they administered approximately 50% of the Colombian National Territory.

9. In 1998, then President Andres Pastrana recognized the FARC's authority and ceded to them five municipalities equivalent to the

size of Switzerland, an area still largely controlled by the FARC. Since the 1980s, the FARC has lobbied to be treated as a state, particularly a "state of belligerence" as that term is defined by the Geneva Conventions of August 12, 1949 and additional protocols.

10. The U.S. Department of State has designated ELN and FARC as a Foreign Terrorist Organizations pursuant to Title 8, U.S.C. § 1189. U.S. Dept. of State, Office of the Coordinator for Counterterrorism, Feb. 5, 2010, http://www.state.gov/s/ct/rls/other/des/123085.htm

11. According to the U.S. Department of State, ELN and FARC have committed the following human rights abuses: political killings; kidnappings and forced disappearances; massive forced displacements; infringement on citizens' privacy rights; restrictions on freedom of movement; widespread recruitment of child soldiers; attacks against human rights activists; and harassment, intimidation, and killings of teachers and trade unionists. U.S. Dept. of State, Bureau of W. Hemisphere Affairs, Feb. 5, 2010, ( http://www.state.gov/r/pa/ei/bgn/35754.htm).

12. ELN and FARC are quasi-state paramilitary organizations that operate in a defined territory, are self-controlled and engage in formal relations with other entities.

13. ELN and FARC operate outside of the authority of the Colombian state. According to the U.S. Department of State, ELN and FARC have committed killings of off-duty members of the public security

forces and officials; and subornation and intimidation of judges, prosecutors, and witnesses.

14. International kidnapping is a recognized violation of international law and the law of nations. It is akin to piracy in that it is a violation of the law of nations even when committed by non-states.

15. At all times relevant hereto, ELN and FARC collaborated, conspired, aided and abetted and acted as the agents of each other.

**FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF**

16. On or about September 27, 1997 the Plaintiff, John Doe, was returning from a business trip and traveling by bus from Colombia to Venezuela on business.

17. Along with many other vehicles, the passenger bus he was riding in was stopped at the foot of the Puente Internaciónal Simon Bolivar in San Antonio del Tachira, Venezuela, which connects the Colombian city of Cucuta to Venezuela.

18. ELN stopped the bus on the Venezuelan side of the border, took John Doe hostage, along with other passengers, ordered the hostages into a truck under threat of arms, placed bags over all of the hostages' heads, including the Plaintiff, and transported the hostages back across the border into Colombia, and further transported them for nine to ten hours, until reaching the remote jungle in Colombia.

19. ELN officers mistakenly identified Plaintiff as the mayor of Cucuta. They beat John Doe. These beatings left John Doe bleeding and with most of his upper teeth broken. After breaking Plaintiff's teeth, ELN

officers proceeded to brand John Doe's upper lip with pliers leaving a gaping hole in that area.

20. Once in the remote jungle, Plaintiff was interrogated and repeatedly beaten by ELN officers. Because John Doe insisted he was not the mayor of Cucuta and that he did not understand why he was there or what the ELN wanted, ELN officers removed all of Plaintiff's toenails, shot him in the ankle and then forced him to walk. The ranking officer then ordered John Doe killed.

21. John Doe pleaded for his life with the ELN. He told them his family had money and that his family would pay a ransom. When ELN was able to corroborate his story, they categorized him as a financial/economic capture.

22. Approximately two weeks after his kidnapping, ELN sold John Doe to the FARC.

23. While held by FARC, Plaintiff was made to walk for hours on a daily basis. On many occasions he attempted to escape, unsuccessfully. Each failed attempt brought with it bouts of torture and beatings.

24. Because John Doe attempted to escape many times, FARC ordered Plaintiff to dig a hole that would be used as a cell to punish him. When placed in the hole, Plaintiff was chained at the leg to prevent any attempts of escape. John Doe was forced to urinate and defecate in the same area where he sat and slept.

Case 1:08-cv-21515-PCH Document 44 Filed 02/24/15 Page 7 of 14
Case 1:15-cv-08652-LTS Document 105-1 Filed 02/24/17 Page 7 of 16
Page 7

25. During the time Plaintiff was in captivity, he and the other prisoners were scarcely given food. Because of the extreme hunger, Plaintiff was forced to eat whatever he found in the earth, which most of the time was nothing. Driven by hunger and thirst, he resorted to eating his own fingernails and flesh and drinking his own urine.

26. John Doe and other prisoners were raped and forced to perform sexual acts in view of FARC members and other prisoners

27. On several occasions, Plaintiff, together with other hostages, were lined up for an execution style firing squad assimilating an execution using blank bullets. There were times when prisoners were shot and those lucky enough to survive were forced to dig holes for the dead bodies.

28. John Doe was held captive for a period of approximately eleven months. FARC demanded an $8,800,000.00 ransom from the family. In order to pay for his freedom, the family sold all of their belongings. He was finally released when his family paid $6,800,000.00 dollars in ransom, with the remaining $2,000,000.00 still owed to the FARC.

29. As a result of John Doe's eleven month imprisonment with ELN and FARC, he suffers from hydrocephalus; infection in both of his feet from the removal of all the toenails and from the constant walking without shoes and without care for his feet; major teeth and jaw injuries resulting in multiple oral surgeries and the implantation of dentures; two reconstructive facial surgeries; and endured multiple ophthalmological

surgeries. He also suffered and continues to suffer extreme psychological trauma.

## GENERAL ALLEGATIONS

30. At all times relevant to this Complaint, ELN and FARC conspired to kidnap, traffic, threaten, imprison, torture, and physically and psychologically harm the Plaintiff.

31. At all times relevant to this Complaint, ELN and FARC used means of state repression to kidnap, traffic, threaten, imprison, torture, and physically and psychologically harm the Plaintiff in violation of international law.

32. The acts described herein were inflicted under the color of law and/or under color of official authority and/or in conspiracy on behalf of those acting under color of official authority, and were inflicted deliberately and intentionally.

33. Defendants participated in, directed and/or authorized the tortuous conduct resulting from the unlawful conspiracy to perpetuate the crimes of kidnapping, human trafficking, and torture.

34. The Defendants' actions violated international law and were outside the legitimate scope of any duties as any official of any government.

35. At all times relevant to this Complaint, kidnapping, torture, and human trafficking were illegal according to customary international law as well as the laws of Colombia and the United States.

Case 1:10-cv-21517-CMA Document 1 Entered on FLSD Docket 05/10/2010 Page 9 of 16
Case 1:10-cv-21517-CMA Document 165 Filed 03/16/15 Page 9 of 14
Page 9

36. The acts described herein were inflicted deliberately and intentionally.

37. The acts and injuries to Plaintiff described herein were part of a pattern and practice of systematic human rights violations designed, ordered, implemented and/or directed by Defendants and/or their agents.

38. FARC and ELN entered into a conspiracy with the criminal intent to raise illicit funds through, *inter alia*, international kidnapping and hostage taking, drug trafficking, and human trafficking. This arrangement shall be referred to herein as the FARC/ELN international conspiracy.

39. FARC and ELN both directly committed the acts alleged herein and gave knowledge and practical assistance, each to the other, to commit the acts alleged herein by entering into the FARC/ELN international conspiracy with the intent of raising funds through, *inter alia*, international kidnapping and hostage taking, drug trafficking, and human trafficking.

### COUNT I

### INTERNATIONAL HOSTAGE-TAKING AND TRAFFICKING IN PERSONS IN VIOLATION OF THE LAW OF NATIONS

40. All prior paragraphs are incorporated herein.

41. FARC and ELN committed international hostage-taking and trafficking in persons in violation of the law of nations against John Doe.

42. The acts of hostage-taking described herein constitute a violation of the law of nations as reflected, expressed, defined and

codified in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

43. International hostage-taking is a well-recognized violation of international law. Norms against international kidnapping are universal, obligatory and specific.

44. International hostage-taking is of international mutual concern among nations.

45. International hostage-taking was codified as a well-recognized violation of international law by the International Convention Against the Taking of Hostages, G.A. Res. 146 (XXXIV), U.N. GAOR, 34th Sess., Supp. No. 46, at 245, U.N. Doc. A/34/46 (1979), entered into force June 3, 1983.

46. The preamble to this convention states:

> That the taking of hostages is an offence of grave concern to the international community and that, in accordance with the provisions of this Convention, any person committing an act of hostage taking shall either be prosecuted or extradited.

47. Said convention recognizes that the offense is of international character and of grave mutual concern and so outlaws it whether the perpetrators or victims are individuals or states. It reads:

> Any person who seizes or detains and threatens to kill, to injure or to continue to detain another person (hereinafter referred to as the "hostage") in order to compel a third party, namely, a State, an international intergovernmental organization, a natural or juridical person, or a group of persons, to do or abstain from doing any act as an explicit or implicit condition for the release of the hostage commits the offence of taking of hostages ("hostage-taking") within the meaning of this Convention.

48. Defendants' actions also constitute international trafficking in persons. The acts of trafficking in persons described herein constitute a violation of the law of nations as reflected, expressed, defined and codified in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

### COUNT II—TORTURE

49. All prior paragraphs are incorporated herein.

50. FARC and ELN committed torture in violation of the law of nations against John Doe.

51. Torture is a well-recognized violation when committed by a state or quasi-state. FARC and ELN are quasi-states or together constitute quasi-states.

52. The torture described herein was carried out by or at the instigation, under the control or authority, or with the consent or acquiescence of the governing officials of FARC and ELN.

53. The acts described herein caused Plaintiff to suffer severed physical and mental pain and suffering.

54. The acts described herein were inflicted deliberately and intentionally for purposes that include, among others, obtaining information or a confession (in this case, that Plaintiff was the mayor his captors mistook him for), punishing the victim, intimidating the victim or third persons (in this case, the residents).

55. The acts described herein were committed under the actual or apparent authority of a quasi-state entity.

Law Offices Grossman Roth, P.A.
2525 Ponce de Leon Boulevard, Suite 1150, Coral Gables, Florida 33134   T 305.442.8666   F 305.285.1668

56. The acts of torture described herein constitute a violation of the law of nations as reflected, expressed, defined and codified in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

## COUNT III—CIVIL RICO

57. All prior paragraphs are incorporated herein.

58. FARC and ELN engaged in an international criminal conspiracy referenced herein as the FARC/ELN international conspiracy.

59. ELN AND FARC are enterprises engaged in foreign commerce.

60. Defendants are engaged in interstate acts of commerce and the acts alleged herein have a potential effect on commerce.

61. Over a period of years, Defendants, with joint venturers, co-conspirators or agents, in violation of 18 U.S.C. § 1962(b), through a pattern of racketeering activity, has acquired or maintained an interest in or control of the FARC/ELN international conspiracy, which are engaged in or affect interstate commerce.

62. Over a period of years, Defendants, with joint venturers, co-conspirators or agents, in violation of 18 U.S.C. § 1962(c) and (d), conspired to and did conduct the affairs of the FARC/ELN international conspiracy through a pattern of racketeering activities.

63. Over a period of years, Defendants, with joint venturers, co-conspirators or agents, conducted or participated directly or indirectly in the conduct of the partnership joint venture through a pattern of

racketeering activity within the meaning of 18 U.S.C. § 1961(5) in violation of 18 U.S.C. § 1862(c).

64. In particular, the conduct of Defendants, with joint venturers, co-conspirators or agents, in trafficking Plaintiff and others, constitutes a violation of 18 U.S.C. § 1590, which constitutes racketeering activity according to 18 U.S.C. § 1961 (1)(B) and specifically its reference to acts prohibited by 18 U.S.C. § 1581-1591 (relating to peonage, slavery and trafficking in persons.

65. Further, the conduct of Defendants, with joint venturers, co-conspirators or agents, in threatening to murder Plaintiff constitutes racketeering activity as defined in 18 U.S.C. 1961 (1)(A).

66. Further, the conduct of Defendants, with joint venturers, co-conspirators or agents, in forcing Plaintiff's family to surrender a ransom and in forcing Plaintiff to do their bidding through fear, intimidation, and threats of violence, constitutes a pattern of extortion, which is enumerated as one of the racketeering activities in both 18 U.S.C. § 1961 (1)(A) and 18 U.S.C. § 1961 (1)(B) and specifically its reference to 18 U.S.C. § 1951, otherwise known as the Hobbs Act.

67. Defendants, with joint venturers, co-conspirators or agents, engaged in such conduct in order to obtain profits for the enterprise through a considered disregard for Plaintiff.

68. Plaintiff was injured by the loss of his livelihood.

69. Defendants, with joint venturers, co-conspirators or agents, through their participation in the FARC/ELN international conspiracy caused a substantial effect on the United States.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants and demands damages in the amount of $100,000,000.00 arising out of Defendants kidnapping and hostage-taking, torture, and for loss of property or income plus interest, costs, and such other monetary and equitable relief, including punitive damages to deter Defendants' criminal activities.

Respectfully submitted,

**GROSSMAN ROTH, P.A.**
2525 Ponce de Leon Boulevard
Ste. 1150
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Facsimile: (305) 285-1668

By: _____
Seth E. Miles
Florida Bar No. 385530
sem@grossmanroth.com

**DO CAMPO & THORNTON, P.A.**
John Thornton
Florida Bar No. 004820
Orlando do Campo
Florida Bar No. 156582
Bank of America Tower
100 S.E. 2nd Street, Ste. 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

§JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
JOHN DOE

**DEFENDANTS**
EJERCITO DE LIBERACION NACIONAL, a/k/a ELN, a/k/a NATIONAL LIBERAL ARMY, ETC.

(b) County of Residence of First Listed Plaintiff  DADE COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Seth E. Miles, Esq., GROSSMAN ROTH, P.A., 2525 Ponce De Leon Blvd., Suite 1150, Coral Gables, Florida. Telephone (305) 442-8666

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☑ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE _____ DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331(federal question); 28 U.S.C. 1350 (Alien Tort Statute); and 18 U.S.C. 1961-1968 (Civil Rico) Plaintiff was taken against his will, tortured and kept as hostage by the Defendant.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _____
DATE _____

FOR OFFICE USE ONLY
AMOUNT _____ RECEIPT # _____ IFP _____

Case 1:10-cv-21517-PCH Document 1 Entered on FLSD Docket 05/10/2010 Page 2 of 2
Case 1:15-cv-08652-LTS Document 1-1 Filed 12/31/15 Page 16 of 16

JS 44 Reverse (Rev. 02/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.