# LEVI LUBARSKY FEIGENBAUM & WEISS LLP

ATTORNEYS AT LAW
655 THIRD AVENUE
27TH FLOOR
NEW YORK, NEW YORK 10017

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLFWLAW.COM



December 30, 2015

BY ECF

Hon. Laura T. Swain
United States District Judge
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007



Re:   John Doe v. Ejercito de Liberacion Nacional et al., 15-cv-08652 (LTS)

Dear Judge Swain:

As counsel to respondent/third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB"), I write to request a two-week adjournment of the date by which JPMCB has been directed to deposit with the Clerk of Court the blocked funds (the "Blocked Funds") identified in JPMCB's interpleader petition dated September 18, 2015 (ECF No. 11). I have conferred with all counsel of record in the case, and none object to this request.[1]

By Memorandum Opinion and Order dated and entered on December 16, 2015 (the "Order"), Your Honor directed JPMCB to deposit the Blocked Funds with the Clerk of the Court within 28 days of the entry of the Order, i.e., by January 13, 2016. (ECF No. 67, at 10.) Since the time the Order was entered, I have spoken with the U.S. Attorney's Office for the Southern District of New York regarding the case generally and the Court's directive, and earlier this week I spoke with representatives of both the U.S. Attorney's Office and the Office of Foreign Assets Control ("OFAC") of the U.S. Treasury Department. Both government offices told me that they are deciding whether to file a statement of interest in this proceeding urging the Court to reverse itself and vacate the Order to the extent it directs JPMCB to deposit the Blocked Funds into the

---

[1] The Stansell respondents do not oppose JPMCB's request but reserve the right to argue that, absent a deposit of the Blocked Funds into the Court registry, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1335. For reasons derived from the very basis for this extension request – the U.S. Government's contemplated objection to the deposit of the Blocked Funds into the registry as being in conflict with applicable sanctions regulations – JPMCB believes that any such argument would be baseless.

Hon. Laura T. Swain
December 30, 2015
Page 2 of 2

Court registry. Funds blocked under sanctions regulations promulgated by OFAC are typically never paid into a court registry during the pendency of litigation under the Terrorism Risk Insurance Act ("TRIA"), and in one of the few instances in which such payments were ordered – in a litigation before Judge Hellerstein involving the Government of Sudan – the U.S. Attorney's Office took the position that payments into the Court registry conflicted with sanctions regulations applicable to the Sudan. (The U.S. Attorney's Office expressed that position in a publicly filed letter dated August 22, 2008 to Judge Hellerstein, a copy of which, without its exhibits, is annexed.) In the event the Government does ask the Court to reverse its directive to pay the Blocked Funds into the Court registry, JPMCB will likewise adopt the Government's position.

The Government representatives also told me, however, that due mainly to the holidays, they will need additional time to confer with the appropriate people before they can make the decision on whether to file a statement of interest. Any such decision is therefore unlikely to be made before the middle or end of the week of January 4, 2016. But because the process of unblocking the four accounts at issue and effectuating the payment of the funds into the Court registry will take up to ten days, JPMCB cannot both wait for the government's decision and meet the current payment deadline of January 13, 2016. JPMCB respectfully requests, accordingly, that the Court extend the payment deadline by two weeks, from January 13 to January 27, 2016, without prejudice to the bank's right to seek, if necessary, a further short extension depending upon when the Government acts. The Blocked Funds are at no risk of being moved during that time.

We thank the Court for its consideration.

Respectfully,

Steven B. Feigenbaum

cc: Counsel of Record
(by ECF)

The requested extension is granted.
Dk #77 resolved.

SO ORDERED:

_____ 1/4/2016
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE