IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,                                                    Case No. 15 cv 8652-LTS

       Petitioner/Judgment Creditor,

vs.

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

       Defendants/Judgment Debtors,

and

JP MORGAN CHASE BANK, N.A.,                          **NOTICE OF**
                                                     **SUPPLEMENTAL AUTHORITY**
       Respondent.
_____

JP MORGAN CHASE BANK, N.A.,

       Third Party Petitioner,

vs.

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METROPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

       Third Party Respondents.
_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Doe files this Notice of Supplemental Authority in support of his Response to Third-Parties' Motion to Vacate. Within the last few weeks, the Second Circuit Court of Appeals ruled in *Baker v. Gates*, No. 14-cv-4371, 2015 WL 9461824 (2d Cir. Dec. 28, 2015), a strikingly similar case. Just as here, Baker and Gates were competing judgment creditors with default judgments against Syria for terrorist acts. *See id.* at *1.  Gates moved, under Federal Rule of Civil Procedure 60(b)(4), to vacate Baker's judgment, just as Third-Parties do here. *See id.* at *2.  The district court denied the motion and the Second Circuit affirmed the holding that the "Gates Plaintiffs lacked standing to bring the Rule 60(b) motion [because] [o]n its face, Rule 60(b) affords relief from judgment only to 'a party or its legal representative.'" *Id.* at *2 (citations omitted).  Under Second Circuit law, any exceptions to this black letter law "are so factually cabined" that the Court has "summarily refused" to extend their reach "more broadly."  *Id.* Most importantly, the Court explicitly refused to do so under the "instant situation," a "situation" perfectly analogous to the case at bar. *Id.*

Dated this 18th day of January, 2016.

Respectfully submitted,

/s/Brett E. von Borke
Brett E. von Borke
S.D.N.Y. Bar Code:  bb4480
vonborke@bucknermiles.com
**BUCKNER + MILES**
2811 SW 3rd Avenue
Miami, FL 33129
Telephone No.: 305-964-8003
Facsimile: 786.523.0485

*Counsel for Plaintiff/Judgment Creditor*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court via the CM/ECF system on this 18th day of January, 2016, and all parties that have entered their appearances in this action will receive notice thereby and may access the filing through the Court's CM/ECF system.

/s/Brett E. von Borke
Brett E. von Borke
vonborke@bucknermiles.com