UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————

JOHN DOE,                                                    Case No. 15-cv-8652 (LTS)

                  Petitioner/Judgment Creditor,

          -against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

               Defendants/Judgment Debtors,

          -and-

JPMORGAN CHASE BANK, N.A.,

              Respondent.                    REPLY OF RESPONDENT/
———————————————————————————        THIRD-PARTY PETITIONER
                                                  JPMORGAN CHASE BANK, N.A.
JPMORGAN CHASE BANK, N.A.,                  TO STANSELLS' COUNTER-
                                                  <u>CLAIM FOR TURNOVER</u>
              Third-Party Petitioner,

          -against-

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METOPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

             Third-Party Respondents.
———————————————————————————

Respondent/third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB"), by its attorneys, Levi Lubarsky Feigenbaum & Weiss LLP, for its reply to the counterclaim of third-party respondents Keith Stansell et al. (the "Stansells"), as set forth in "Stansell Respondents' Answer to Interpleader Petition and Counterclaim for Turnover" dated December 30, 2015 (ECF No. 78) (the "Counterclaim"), alleges as follows:

1.      Admits the allegations set forth in paragraph 1 of the Counterclaim, except that, to the extent the allegations in paragraph 1 concerning the Stansells' filing "in this action" purport to state a legal conclusion concerning the unity of proceedings for "law of the case" purposes, no response is required.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Counterclaim, except admits that the United States District Court for the Middle District of Florida (the "MDFL") entered the Order cited in this paragraph and refers to that Order for its terms.  To the extent the allegations in paragraph 2 purport to state a legal conclusion, no response is required.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counterclaim, except admits that the MDFL issued the Order cited in this paragraph and refers to that Order for its terms.  To the extent the allegations in paragraph 3 purport to state a legal conclusion, no response is required.

4.      Admits the allegations set forth in paragraph 4 of the Counterclaim.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Counterclaim, except admits that, as of the time of this reply, the Stansells' motions for turnover of blocked assets held by JPMCB remain pending in the United States District Court for the Northern District of Illinois (the "NDIL"), and that those

motions await ruling on JPMCB's pending motion in the NDIL to (i) transfer the NDIL

proceeding under 28 U.S.C. § 1404(a) to this Court; or (ii) alternatively to stay the NDIL

proceeding, as against JPMCB, pending the resolution of the related, prior pending judgment

enforcement proceeding in this Court; or (iii) alternatively to dismiss the NDIL proceeding, as

against JPMCB, under Fed. R. Civ. P. 12(b)(1) for lack of *in rem* jurisdiction over the bank

accounts at issue that are held by JPMCB.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 6 of the Counterclaim.

AFFIRMATIVE DEFENSES

JPMCB, without assuming the burden of proof for those matters on which the Stansells

bear that burden, for its affirmative defenses, alleges as follows:

FIRST AFFIRMATIVE DEFENSE

7.      The Counterclaim fails to state a claim on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

8.      Certain persons and entities other than the Stansells have asserted interests in or

rights to one or more of the four blocked accounts, held at JPMCB, that are the subject of the

Counterclaim (the "Blocked Accounts"), and those interests or rights may be superior to the

Stansells' right, if any, to execute on any of the Blocked Accounts to help satisfy their judgment

against defendant/judgment debtor the Revolutionary Armed Forces of Colombia (the "FARC").

THIRD AFFIRMATIVE DEFENSE

9.      After petitioner John Doe ("Doe") filed his turnover petition in this action,

JPMCB brought its Third-Party Petition in Interpleader dated September 18, 2015 (ECF No. 11)

to bring before the Court the Stansells and all other persons and entities with a possible interest

3

in or claim to one or more of the Blocked Accounts.  JPMCB's interpleader action remains

pending before the Court, and there can be no turnover of funds from the Blocked Accounts to

the Stansells or any other persons or entities until after there has been a judicial determination of

the rights, if any, of all parties that have asserted a claim to or interest in one or more of the

Blocked Accounts.

FOURTH AFFIRMATIVE DEFENSE

10.      The funds in the Blocked Accounts, having been blocked pursuant to OFAC

regulations, cannot be transferred to the Stansells or anyone else except pursuant to either a

license issued by OFAC that permits such a transfer, or a final judgment under § 201 of the

Terrorism Risk Insurance Act of 2002, Pub. Law No. 107-297 (codified following 28 U.S.C.

§ 1610) ("TRIA") entered after the Court's determination that the Stansells have met their

burden of proof on all of the elements of a claim under TRIA § 201(a), including the requirement

that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party

(including . . . any agency or instrumentality of that terrorist party)" and therefore subject to

execution.

FIFTH AFFIRMATIVE DEFENSE

11.      Third-party respondent Kassim Tajideen ("Tajideen," sued herein as "Kassim

Tajeddine") contends that, contrary to the findings of the MDFL, he is not an agency or

instrumentality of the FARC, and that none of his assets, blocked or otherwise, are therefore

subject to execution under TRIA, including the two blocked deposit accounts that are among the

Blocked Accounts.  Tajideen has appeared in this action to seek a judicial determination that he

is not an agency or instrumentality of the FARC.  Another party, third-party respondent

American Life Insurance Company, Lebanon Branch ("Alico Lebanon," mistakenly pleaded as

4

Metropolitan Life Insurance Company), also claims a conditional interest in the two blocked deposit accounts.  If Tajideen obtains a determination that he is not an agency or instrumentality of the FARC, or if Alico Lebanon obtains a determination that it has the superior rights to the funds in the two blocked deposit accounts, then those funds cannot be turned over to the Stansells.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

12.    Two of the four Blocked Accounts consist of the proceeds of blocked wire transfers and are not subject to execution under governing law.  Under the Second Circuit Court of Appeal's recent decisions in *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014) ("*Calderon-Cardona*"), and *Hausler v. JP Morgan JPMCB Bank, N.A.*, 770 F.3d 207, 212 (2d Cir. 2014) ("*Hausler*"), a blocked wire transfer, held by an intermediary bank, is subject to execution as property of a foreign state judgment debtor "only where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT [i.e., an electronic funds transfer or wire transfer] directly to the bank where the EFT is held pursuant to the block." *Calderon-Cardona*, 770 F.3d at 1002; *Hausler*, 770 F.3d at 212.  As to two of the Blocked Accounts, third-party respondents Grand Stores Ltd. and Tajco a/k/a Tajco Ltd., as the alleged instrumentalities of the FARC that originated or may have originated the respective wire transfers underlying the two blocked accounts, did not make such a direct transmission to JPMCB.  Under *Calderon-Cardona* and *Hausler*, accordingly, those alleged instrumentalities lack a property interest in the two blocked wire transfer accounts, which in turn are immune from execution under TRIA § 201.  On or about January 19, 2016, the United States Supreme Court denied petitions in both *Calderon-Cardona* and *Hausler* for a writ of certiorari.

WHEREFORE, JPMCB requests the entry of a judgment as follows:

a.       Dismissing the Counterclaim, in its entirety, with prejudice;

b.       Awarding JPMCB its costs and expenses, including reasonable attorneys' fees,

incurred in connection with this third-party proceeding and the judgment enforcement efforts of

Doe and the Stansells;

c.       Granting such other and further relief to JPMCB as may be just and proper.

Dated:       New York, New York
             January 20, 2016

                              LEVI LUBARSKY FEIGENBAUM
                              & WEISS LLP

                              By: /s/  Steven B. Feigenbaum
                                     Steven B. Feigenbaum
                              655 Third Avenue, 27th Floor
                              New York, New York 10017
                              (212) 308-6100 (telephone)
                              (212) 308-8830 (facsimile)
                              sfeigenbaum@llfwlaw.com
                              *Attorneys for Respondent/Third-Party Petitioner*
                              *JPMorgan Chase Bank, N.A.*