IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,
      Petitioner/Judgment Creditor              Case No.: 15 CV 8652-LTS

                                                                                     Judge Laura Taylor Swain

EJERCITO DE LIBERACION NACIONAL ("ELN"),
et al.,
      Defendants/Judgment Debtors
and

JPMORGAN CHASE BANK, N.A., and
      Respondent,
_____

JPMORGAN CHASE BANK, N.A
      Third-Party Petitioner,
v.

KEITH STANSELL,  et al.,
      Third Party Respondents.
_____

**STIPULATION OF VOLUNTARY DISMISSAL**
**PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**

     WHEREAS on or about August 7, 2015 Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis (the "Stansell Parties") served Citations to Discover Assets dated August 5, 2015 (the "Citations") on JPMorgan Chase Bank, NA ("JPMCB") and The Bank of New York Mellon ("BNYM") (collectively, the "Banks");

     WHEREAS JPMCB and BNYM responded to the Citations by identifying certain accounts that hold the proceeds of electronic funds transfers (EFTs), or proceeds related to an insurance policy, that the Banks blocked pursuant to sanctions regulations;

     WHEREAS the Stansell Parties thereafter filed two motions for turnover (NDIL DE 27-28), seeking an order directing that four accounts at JPMCB, which bear account numbers ending

in 4295, 2908, 6923 and 3534 and are identified with greater particularity in the motions for turnover ("the "JPMCB Blocked Accounts"), be turned over in satisfaction of a judgment obtained by the Stansell Parties against the Revolutionary Armed Forces of Columbia ("FARC") and other parties;

WHEREAS JPMCB thereafter filed an opposition to the turnover motion directed to it (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS the Stansell Parties filed a motion for turnover (NDIL DE 29), seeking an order directing that one account at BNYM, which bears account number ending in 8400 and is identified with greater particularity in the motion for turnover ("the "BNYM Blocked Account"), be turned over in satisfaction of the Stansell Parties' judgment against the FARC and other parties;

WHEREAS BNYM thereafter filed an opposition to the turnover motion directed to it (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS Third Party Claimants Grupo Arosfran Empreendimentos E Participacoes SARL ("Grupo Arosfran"), Ovlas Trading, S.A. ("Ovlas Trading"), and Kassim Tajideen ("Third Party Claimants") all filed a response (NDIL DE 70) in opposition to three of the turnover motions (NDIL DE 28-30), and a motion to transfer-dismiss (NDIL DE 65);

WHEREAS the Stansell Parties have now voluntarily dismissed their claims without prejudice to the JPMCB Blocked Accounts and the BNYM Blocked Accounts, and voluntarily dismissed their NDIL action without prejudice as to JPMCB and BNYM on January 28, 2016 [See NDIL DE 122 Stipulation for Voluntary Dismissal attached as Exhibit A];

NOW THEREFORE, the Stansell Parties, JPMCB, BNYM, John Doe, ALICO Lebanon Branch and the Third Party Claimants hereby stipulate and agree as follows:

1. The Stansell Parties hereby withdraw and voluntarily dismiss without prejudice their Answer and Counterclaim [SDNY DE 78] to JPMCB's Third Party Complaint in interpleader [SDNY DE 11] in this action.  The Stansell Parties' voluntary dismissal of their NDIL Citations and turnover motions, and of their Answer and Counterclaim in this action asserting their rights under those NDIL Citations, is without prejudice and is not an adjudication on the merits.

2. The Stansell Parties' voluntary dismissals are a standalone dismissal of their claims even though the Stansell Parties have voluntarily dismissed without prejudice their claims to the same JPMCB Blocked Assets and BNYM Blocked Assets in *Stansell et al v. FARC*, NDIL Case No. 15-cv-6826 [Exhibit A hereto].

3. The Stansell Parties agree and stipulate that, to the extent that any court enters a final turnover order or judgment directing that any or all of the funds in the JPMCB Blocked Accounts, or the BNYM Blocked Account, be turned over to any person or entity other than the Stansell Parties, then (i) that turnover order or judgment shall discharge JPMCB and BNYM from any and all liability to the Stansell Parties with respect to any funds turned over by the Banks; and (ii) the Stansell Parties shall thereafter be permanently restrained and enjoined from instituting or prosecuting any proceeding, in any jurisdiction, as to any such funds turned over by JPMCB or BNYM.

4. The Stansell parties' Answer and Counterclaim [SDNY DE 78] to the JPMCB interpleader Third Party Complaint [SDNY DE 11] shall be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) with each party to bear its own attorneys fees and costs.  For the avoidance of doubt, the parties stipulate and agree that this provision shall not waive any rights JPMCB or BNYM may have to recover their attorneys' fees

and costs incurred in connection with any interpleader action, including but not limited to the SDNY and NDNY Proceedings, that they have brought or may bring regarding, respectively, the JPMCB Blocked Accounts or the BNYM Blocked Account.

5.	This Stipulation of voluntary dismissal without prejudice renders moot the Stansell Parties' challenge to subject matter jurisdiction over the Banks' statutory interpleader actions in SDNY Case No. 15-cv-8652-LTS and NDNY Case No. 1:15-mc-00023-MAD, based on the Banks' failure to deposit the blocked assets into the Court registry, as Petitioner John Doe has Answered the Banks' interpleaders and has consented to personal jurisdiction for the Banks' Rule 22 interpleader, and has not demanded said deposit or challenged subject matter jurisdiction.

Agreed to by the undersigned parties on February 1, 2016.

DO CAMPO & THORNTON, P.A.

By: /s/ John Thonrton

Orlando do Campo
100 S.E. 2nd Street, Ste. 2700
Miami, Florida 33131
(305) 358-6600
(305) 358-6601 (facsimile)
jt@dandtlaw.com
New York Bar No.: 2711232
*Attorneys for Petitioner John Doe*

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

By: /s/ Randi F. Knepper

Randi F. Knepper
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
*Attorneys for Third Party Respondent, American Life Insurance Company—Lebanon Branch, incorrectly pleaded as "Metropolitan Life Insurance Company"*

LEVI LUBARSKY FEIGENBAUM & WEISS LLP

By: /s/ Steve Feigenbaum

Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor
New York, NY 10017
(212) 308-6100
(212) 308-8830 (Fax)
sfeigenbaum@llfwlaw.com

*Attorneys for Citation Respondents JP Morgan Chase Bank, NA and The Bank of New York Mellon*

PORTER & KORVICK, P.A.

By:  /s/ Tony  Korvick

Tony Korvick
Newt Porter
9655 South Dixie Highway Suite 208
Miami, Florida 33156
305-373-5040 (Tel)
tkorvick@porterandkorvick.com
nporter@porterandkorvick.com

*Attorneys for Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis*

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ David Bowker, Esq.

Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6558
(202) 663-6363 (Fax)
David.Bowker@wilmerhale.com

*Attorneys for Kassim Tajeddine, Grupo Arosfran and Ovlas Trading, SA*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that February 1, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to the all parties listed on the CM/ECF service list, and that a true and correct copy of the foregoing was also served via electronic mail transmission to:

NONE

                              By: */s/ Tony Korvick*
                              TONY KORVICK
                              PORTER & KORVICK, P.A.
                              9655 South Dixie Highway Suite 208
                              Miami, Florida 33156
                              (305) 373-5040        (305) 668-9154 FAX
                              tkorvick@porterandkorvick.com
                              Attorneys for Stansell Parties

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEITH STANSELL, <br> MARC GONSALVES, <br> THOMAS HOWES, <br> JUDITH JANIS, CHRISTOPHER JANIS, <br> GREER JANIS, <br> MICHAEL JANIS, and <br> JONATHAN JANIS <br><br> Plaintiffs, <br><br> v. <br><br> REVOLUTIONARY ARMED FORCES OF <br> COLOMBIA (FARC); et al., <br><br> Defendants, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br> THE BANK OF NEW YORK MELLON, <br> and DEUTSCHE BANK TRUST <br> COMPANY AMERICAS, <br><br> Third-Party Citation Respondents. | Case No. 15-cv-06826 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Young B. Kim |

## STIPULATION OF VOLUNTARY DISMISSAL
## PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)

WHEREAS on or about August 7, 2015, Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis (the "Stansell Parties") served Citations to Discover Assets dated August 5, 2015 (the "Citations") on JPMorgan Chase Bank, NA ("JPMCB"), The Bank of New York Mellon ("BNYM") and Deutsche Bank Trust Company Americas ("DBTCA") (collectively, the "Banks");

WHEREAS JPMCB, BNYM and DBTCA responded to the Citations by identifying certain accounts that hold the proceeds of electronic funds transfers (EFTs), or proceeds related to an insurance policy, that the Banks blocked pursuant to sanctions regulations;

WHEREAS the Stansell Parties thereafter filed two motions for turnover (NDIL DE 27-28) seeking an order directing that four accounts at JPMCB, which bear account numbers ending in 4295, 2908, 6923 and 3534 and are identified with greater particularity in the motions for turnover ("the "JPMCB Blocked Accounts"), be turned over in satisfaction of a judgment obtained by the Stansell Parties against the Revolutionary Armed Forces of Columbia ("FARC") and other parties;

WHEREAS JPMCB thereafter filed an opposition to the turnover motions (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS the Stansell Parties filed a motion for turnover (NDIL DE 29) seeking an order directing that one account at BNYM, which bears account number ending in 8400 and is identified with greater particularity in the motion for turnover ("the "BNYM Blocked Account"), be turned over in satisfaction of the Stansell Parties' judgment against the FARC and other parties;

WHEREAS BNYM thereafter filed an opposition to the turnover motion directed to it (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS the Stansell Parties filed a motion for turnover (NDIL DE 30) seeking an order directing that four accounts at DBTCA, which bear account numbers ending in 3-714, 3-749, 8-588, and 9-679 and are identified with greater particularity in the motion for turnover and Exhibit A thereto ("the "DBTCA Blocked Accounts"), be turned over in satisfaction of the Stansell Parties' judgment against the FARC and other parties;

WHEREAS DBTCA thereafter filed an opposition to the turnover motion directed to it and a motion to dismiss or transfer venue (NDIL DE 59-60);

WHEREAS third-party claimants Grupo Arosfran Empreendimentos E Participacoes SARL ("Grupo Arosfran"), Ovlas Trading, S.A. ("Ovlas Trading") and Kassim Tajideen ("Third-Party Claimants") all filed an opposition (NDIL DE 70) to three of the Stansell Parties' turnover motions (NDIL DE 28-30), as well as a motion to transfer or dismiss (NDIL DE 65);

WHEREAS the Stansell Parties desire to voluntarily dismiss their claims to the JPMCB Blocked Accounts, the BNYM Blocked Account, and the DBTCA Blocked Accounts, and voluntarily dismiss this action as to JPMCB, BNYM and DBTCA;

NOW THEREFORE, the Stansell Parties, JPMCB, BNYM, DBTCA and the Third-Party Claimants hereby stipulate and agree as follows:

1. The Stansell Parties hereby withdraw the Citations and voluntarily dismiss this action. The Stansell Parties' voluntary dismissal of this action is without prejudice and is not an adjudication on the merits of their turnover motions.

2. The Stansell Parties' voluntary dismissals are a standalone voluntary dismissal of their claims even though the Stansell Parties are also voluntarily dismissing without prejudice their claims to the same JPMCB Blocked Accounts in JPMCB's interpleader action in *John Doe v. ELN and FARC*, Case No. 15-cv-8652-LTS (Southern District of New York) (the "SDNY Proceeding"), and to the same BNYM Blocked Account in BNYM's interpleader action in *John Doe v. ELN and FARC,* Case No. 15-mc-00023 (Northern District of New York) (the "NDNY Proceeding").

3. The Stansell Parties agree and stipulate that, to the extent any court enters a final turnover order or judgment directing that any or all of the funds in the JPMCB Blocked Accounts, the BNYM Blocked Account, or the DBTCA Blocked Accounts be turned over to any person or entity other than the Stansell Parties, then (i) that turnover order or judgment shall

discharge JPMCB, BNYM and/or DBTCA from any and all liability to the Stansell Parties with respect to any funds turned over by the Banks; and (ii) the Stansell Parties shall thereafter be permanently restrained and enjoined from instituting or prosecuting any proceeding, in any jurisdiction, as to any such funds turned over by JPMCB, BNYM and/or DBTCA.

4. This action shall be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), with each party to bear its or their own attorneys' fees and costs. For the avoidance of doubt, the parties stipulate and agree that this provision shall not waive any rights that JPMCB, BNYM and DBTCA may have to recover their attorneys' fees and costs incurred in connection with any interpleader action, including but not limited to the SDNY and NDNY Proceedings, that they have brought or may bring regarding, respectively, the JPMCB Blocked Accounts, the BNYM Blocked Account and the DBTCA Blocked Accounts.

5. The turnover motions directed to JPMCB (NDIL DE 27-28), BNYM (NDIL DE 29) and DBTCA (NDIL DE 30), and the Banks' and Third-Party Claimants' respective motions to dismiss or transfer venue (NDIL DE 59-60, 63-65), are hereby rendered moot in light of this stipulation of dismissal.

| | |
|---|---|
| COVINGTON & BURLING LLP | PORTER & KORVICK, P.A. |
| By: /s/ Mark P. Gimbel | By: /s/ Tony Korvick |
| Mark P. Gimbel<br>Greg Nieberg<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>212-841-1000 (Tel)<br>mgimbel@cov.com<br>gnieberg@cov.com | Tony Korvick<br>Newt Porter<br>9655 South Dixie Highway Suite 208<br>Miami, Florida 33156<br>305-373-5040 (Tel)<br>tkorvick@porterandkorvick.com<br>nporter@porterandkorvick.com |
| STACK & O'CONNOR CHARTERED | THE LAW OFFICES OF ELIZABETH D. SHARP, P.C. |
| Paul F. Stack<br>140 S. Dearborn St., Suite 411<br>Chicago, IL 60603-5232<br>312-782-0690 (Tel)<br>312-782-0936 (Fax)<br>pstack@stacklaw.com | Elizabeth D. Sharp<br>200 S. Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>312-346-1726 (Tel)<br>312-346-2069 (Fax)<br>lsharp@sharp-law.com |
| *Attorneys for Citation Respondent Deutsche Bank Trust Company Americas* | *Attorneys for Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis* |
| LEVI LUBARSKY FEIGENBAUM & WEISS LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| By: /s/ Steve Feigenbaum | By: /s/ David Bowker, Esq. |
| Levi Lubarsky Feigenbaum & Weiss LLP<br>655 Third Avenue, 27th Floor<br>New York, New York 10017<br>(212) 308-6100<br>(212) 308-8830 (Fax)<br>sfeigenbaum@llfwlaw.com | Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>(202) 663-6558<br>(202) 663-6363 (Fax)<br>David.Bowker@wilmerhale.com |
| Burke, Warren, Mackay & Serritella, P.C.<br>330 North Wabash Avenue, 22nd Floor<br>Chicago, IL 60611-3607<br>(312) 840-7000<br>elesniak@burkelaw.com | *Attorneys for Third-Party Claimants Kassim Tajideen, Grupo Arosfran and Ovlas Trading, SA* |
| *Attorneys for Citation Respondents JPMorgan Chase Bank, N.A. and The Bank of New York Mellon* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that January 27, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to the all parties listed on the CM/ECF service list, and that a true and correct copy of the foregoing was also served via electronic mail transmission to:

John Thornton, Esq.
Do Campo & Thornton, P.A.
100 S.E. 2nd Street, Ste. 2700
Miami, Florida 33131
jt@dandtlaw.com
Attorneys for John Doe (SDNY/NDNY)

Randi F. Knepper
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
rknepper@mdmc-law.com
Attorneys for ALICO Lebanon (SDNY)

By: */s/ Tony Korvick*
TONY KORVICK
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
(305) 373-5040     (305) 668-9154 FAX
tkorvick@porterandkorvick.com
Attorneys for Stansell Parties

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH STANSELL, <br> MARC GONSALVES, <br> THOMAS HOWES, <br> JUDITH JANIS, CHRISTOPHER JANIS, <br> GREER JANIS, <br> MICHAEL JANIS, and <br> JONATHAN JANIS <br><br> Plaintiffs, <br><br> v. <br><br> REVOLUTIONARY ARMED FORCES OF <br> COLOMBIA (FARC); et al., <br><br> Defendants, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br> THE BANK OF NEW YORK MELLON, <br> and DEUTSCHE BANK TRUST <br> COMPANY AMERICAS, <br><br> Third-Party Citation Respondents. | Case No. 15-cv-06826 <br><br> Judge Gary Feinerman <br><br> Magistrate Judge Young B. Kim |

**STIPULATION OF VOLUNTARY DISMISSAL**
**PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**

WHEREAS on or about August 7, 2015, Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis (the "Stansell Parties") served Citations to Discover Assets dated August 5, 2015 (the "Citations") on JPMorgan Chase Bank, NA ("JPMCB"), The Bank of New York Mellon ("BNYM") and Deutsche Bank Trust Company Americas ("DBTCA") (collectively, the "Banks");

WHEREAS JPMCB, BNYM and DBTCA responded to the Citations by identifying certain accounts that hold the proceeds of electronic funds transfers (EFTs), or proceeds related to an insurance policy, that the Banks blocked pursuant to sanctions regulations;

WHEREAS the Stansell Parties thereafter filed two motions for turnover (NDIL DE 27-28) seeking an order directing that four accounts at JPMCB, which bear account numbers ending in 4295, 2908, 6923 and 3534 and are identified with greater particularity in the motions for turnover ("the "JPMCB Blocked Accounts"), be turned over in satisfaction of a judgment obtained by the Stansell Parties against the Revolutionary Armed Forces of Columbia ("FARC") and other parties;

WHEREAS JPMCB thereafter filed an opposition to the turnover motions (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS the Stansell Parties filed a motion for turnover (NDIL DE 29) seeking an order directing that one account at BNYM, which bears account number ending in 8400 and is identified with greater particularity in the motion for turnover ("the "BNYM Blocked Account"), be turned over in satisfaction of the Stansell Parties' judgment against the FARC and other parties;

WHEREAS BNYM thereafter filed an opposition to the turnover motion directed to it (NDIL DE 69) and a motion to dismiss or transfer venue (NDIL DE 63-64);

WHEREAS the Stansell Parties filed a motion for turnover (NDIL DE 30) seeking an order directing that four accounts at DBTCA, which bear account numbers ending in 3-714, 3-749, 8-588, and 9-679 and are identified with greater particularity in the motion for turnover and Exhibit A thereto ("the "DBTCA Blocked Accounts"), be turned over in satisfaction of the Stansell Parties' judgment against the FARC and other parties;

WHEREAS DBTCA thereafter filed an opposition to the turnover motion directed to it and a motion to dismiss or transfer venue (NDIL DE 59-60);

WHEREAS third-party claimants Grupo Arosfran Empreendimentos E Participacoes SARL ("Grupo Arosfran"), Ovlas Trading, S.A. ("Ovlas Trading") and Kassim Tajideen ("Third-Party Claimants") all filed an opposition (NDIL DE 70) to three of the Stansell Parties' turnover motions (NDIL DE 28-30), as well as a motion to transfer or dismiss (NDIL DE 65);

WHEREAS the Stansell Parties desire to voluntarily dismiss their claims to the JPMCB Blocked Accounts, the BNYM Blocked Account, and the DBTCA Blocked Accounts, and voluntarily dismiss this action as to JPMCB, BNYM and DBTCA;

NOW THEREFORE, the Stansell Parties, JPMCB, BNYM, DBTCA and the Third-Party Claimants hereby stipulate and agree as follows:

1. The Stansell Parties hereby withdraw the Citations and voluntarily dismiss this action. The Stansell Parties' voluntary dismissal of this action is without prejudice and is not an adjudication on the merits of their turnover motions.

2. The Stansell Parties' voluntary dismissals are a standalone voluntary dismissal of their claims even though the Stansell Parties are also voluntarily dismissing without prejudice their claims to the same JPMCB Blocked Accounts in JPMCB's interpleader action in *John Doe v. ELN and FARC*, Case No. 15-cv-8652-LTS (Southern District of New York) (the "SDNY Proceeding"), and to the same BNYM Blocked Account in BNYM's interpleader action in *John Doe v. ELN and FARC,* Case No. 15-mc-00023 (Northern District of New York) (the "NDNY Proceeding").

3. The Stansell Parties agree and stipulate that, to the extent any court enters a final turnover order or judgment directing that any or all of the funds in the JPMCB Blocked Accounts, the BNYM Blocked Account, or the DBTCA Blocked Accounts be turned over to any person or entity other than the Stansell Parties, then (i) that turnover order or judgment shall

3

discharge JPMCB, BNYM and/or DBTCA from any and all liability to the Stansell Parties with respect to any funds turned over by the Banks; and (ii) the Stansell Parties shall thereafter be permanently restrained and enjoined from instituting or prosecuting any proceeding, in any jurisdiction, as to any such funds turned over by JPMCB, BNYM and/or DBTCA.

4. This action shall be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), with each party to bear its or their own attorneys' fees and costs. For the avoidance of doubt, the parties stipulate and agree that this provision shall not waive any rights that JPMCB, BNYM and DBTCA may have to recover their attorneys' fees and costs incurred in connection with any interpleader action, including but not limited to the SDNY and NDNY Proceedings, that they have brought or may bring regarding, respectively, the JPMCB Blocked Accounts, the BNYM Blocked Account and the DBTCA Blocked Accounts.

5. The turnover motions directed to JPMCB (NDIL DE 27-28), BNYM (NDIL DE 29) and DBTCA (NDIL DE 30), and the Banks' and Third-Party Claimants' respective motions to dismiss or transfer venue (NDIL DE 59-60, 63-65), are hereby rendered moot in light of this stipulation of dismissal.

| | |
|---|---|
| COVINGTON & BURLING LLP<br><br>By: /s/ Mark P. Gimbel<br><br>Mark P. Gimbel<br>Greg Nieberg<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>212-841-1000 (Tel)<br>mgimbel@cov.com<br>gnieberg@cov.com<br><br>STACK & O'CONNOR CHARTERED<br><br>Paul F. Stack<br>140 S. Dearborn St., Suite 411<br>Chicago, IL 60603-5232<br>312-782-0690 (Tel)<br>312-782-0936 (Fax)<br>pstack@stacklaw.com<br><br>*Attorneys for Citation Respondent Deutsche Bank Trust Company Americas* | PORTER & KORVICK, P.A.<br><br>By: /s/ Tony Korvick<br><br>Tony Korvick<br>Newt Porter<br>9655 South Dixie Highway Suite 208<br>Miami, Florida 33156<br>305-373-5040 (Tel)<br>tkorvick@porterandkorvick.com<br>nporter@porterandkorvick.com<br><br>THE LAW OFFICES OF ELIZABETH D. SHARP, P.C.<br><br>Elizabeth D. Sharp<br>200 S. Wacker Drive, Suite 2300<br>Chicago, IL 60606<br>312-346-1726 (Tel)<br>312-346-2069 (Fax)<br>lsharp@sharp-law.com<br><br>*Attorneys for Plaintiffs Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis, and Jonathan Janis* |
| LEVI LUBARSKY FEIGENBAUM & WEISS LLP<br><br>By: /s/ Steve Feigenbaum<br><br>Levi Lubarsky Feigenbaum & Weiss LLP<br>655 Third Avenue, 27th Floor<br>New York, New York 10017<br>(212) 308-6100<br>(212) 308-8830 (Fax)<br>sfeigenbaum@llfwlaw.com<br><br>Burke, Warren, Mackay & Serritella, P.C.<br>330 North Wabash Avenue, 22nd Floor<br>Chicago, IL 60611-3607<br>(312) 840-7000<br>elesniak@burkelaw.com<br><br>*Attorneys for Citation Respondents JPMorgan Chase Bank, N.A. and The Bank of New York Mellon* | WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>By: /s/ David Bowker, Esq.<br><br>Wilmer Cutler Pickering Hale and Dorr LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>(202) 663-6558<br>(202) 663-6363 (Fax)<br>David.Bowker@wilmerhale.com<br><br>*Attorneys for Third-Party Claimants Kassim Tajideen, Grupo Arosfran and Ovlas Trading, SA* |

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that January 27, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification to the all parties listed on the CM/ECF service list, and that a true and correct copy of the foregoing was also served via electronic mail transmission to:

John Thornton, Esq.
Do Campo & Thornton, P.A.
100 S.E. 2nd Street, Ste. 2700
Miami, Florida 33131
jt@dandtlaw.com
Attorneys for John Doe (SDNY/NDNY)

Randi F. Knepper
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
rknepper@mdmc-law.com
Attorneys for ALICO Lebanon (SDNY)

                                          By: */s/ Tony Korvick*
                                              TONY KORVICK
                                              PORTER & KORVICK, P.A.
                                              9655 South Dixie Highway Suite 208
                                              Miami, Florida 33156
                                              (305) 373-5040        (305) 668-9154 FAX
                                              tkorvick@porterandkorvick.com
                                              Attorneys for Stansell Parties