UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

    Petitioner/Judgment Creditor,

-against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army, and
FUERZAS ARMADAS REVOLUCIONARIOS
DE COLOMBIA, a/k/a FARC, a/k/a
REVOLUTIONARY ARMED FORCES OF
COLOMBIA,

    Defendants/Judgment Debtors,

-and-

JPMORGAN CHASE BANK, N.A.,

    Respondent.

---

JPMORGAN CHASE BANK, N.A.,

    Third-Party Petitioner,

-against-

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METOPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

    Third-Party Respondents.

Case No. 15-cv-8652 (LTS)

**STIPULATION OF VOLUNTARY DISMISSAL OF STANSELL RESPONDENTS' CLAIMS PURSUANT TO FED. R. CIV. P. 41(a)(1)(ii)**

WHEREAS, on or about August 7, 2015, third-party respondents Keith Stansell, Marc Gonsalves, Thomas Howes, Judith Janis, Greer Janis, Michael Janis and Jonathan Janis (the "Stansell Parties"), as part of their now-dismissed action in the Northern District of Illinois entitled *Stansell et al. v. Revolutionary Armed Forces of Columbia et al.*, Case No. 15-cv-6826 (the "NDIL Action"), served Citations to Discover Assets dated August 5, 2015 (the "Citations") on JPMorgan Chase Bank, NA ("JPMCB");

WHEREAS, JPMCB responded to the Citations by identifying certain accounts that hold the proceeds of electronic funds transfers (EFTs), or proceeds related to an insurance policy, that JPMCB blocked pursuant to sanctions regulations;

WHEREAS, the Stansell Parties thereafter filed two motions for turnover in the NDIL Action (NDIL DE 27-28) (the "NDIL Action") seeking an order directing that four accounts at JPMCB, which bear account numbers ending in 4295, 2908, 6923 and 3534 and are identified with greater particularity in the turnover motions ("the "JPMCB Blocked Accounts"), be turned over in satisfaction of a judgment obtained by the Stansell Parties against the Revolutionary Armed Forces of Columbia ("FARC") and other parties;

WHEREAS, JPMCB thereafter filed an opposition to the Stansell Parties' turnover motions directed to it (NDIL DE 69) and a motion to dismiss the NDIL Action or transfer it to this Court (NDIL DE 63-64);

WHEREAS, third-party claimant Kassim Tajideen ("Tajideen") filed a response (NDIL DE 70) in opposition to three of the turnover motions (NDIL DE 28-30), and a motion to transfer or dismiss (NDIL DE 65);

WHEREAS, on September 18, 2015, JPMCB filed an answer and third-party petition in interpleader (the "Interpleader Petition" [DE 11]) in this Court for a judicial determination of the

rights, if any, of the Stansell Parties, Petitioner John Doe, and all other third-party respondents to the funds in any one or more of the JPMCB Blocked Accounts;

WHEREAS, the Stansell Parties thereafter moved to dismiss the Interpleader Petitioner or transfer it to the NDIL Action, and JPMCB opposed that motion;

WHEREAS, by Order dated and entered on December 16, 2015 [DE 67], the Court denied the Stansell Parties' motion to dismiss or transfer;

WHEREAS, the Stansell Parties have now voluntarily dismissed, without prejudice, their claims to the JPMCB Blocked Accounts, and voluntarily dismissed their NDIL action without prejudice on January 28, 2016 (*see* Stipulation for Voluntary Dismissal [NDIL DE 122], attached as Exhibit A);

NOW THEREFORE, the Stansell Parties, JPMCB, John Doe, third-party respondent American Life Insurance Company – Lebanon Branch ("Alico Lebanon," which will be substituted for Metropolitan Life Insurance Company as a named third-party respondent), and Tajideen hereby stipulate and agree as follows:

1. The Stansell Parties hereby withdraw and voluntarily dismiss without prejudice their Answer and Counterclaim [DE 78] to JPMCB's Interpleader Petition. The Stansell Parties' voluntary dismissal of their NDIL Citations and turnover motions, and of their Answer and Counterclaim in this action asserting their rights under those NDIL Citations, are without prejudice and are not an adjudication on the merits of the Stansell Parties' turnover claims and motions.

2. The Stansell Parties' voluntary dismissal of its claims is a standalone dismissal of their claims even though the Stansell Parties have voluntarily dismissed without prejudice their claims to the same JPMCB Blocked Assets in the NDIL Action.

3

3. The Stansell Parties agree and stipulate that, to the extent this Court or any other court enters a final turnover order or judgment directing that any or all of the funds in the JPMCB Blocked Accounts be turned over to any person or entity other than the Stansell Parties, then (i) that turnover order or judgment shall discharge JPMCB from any and all liability to the Stansell Parties with respect to any funds turned over; and (ii) the Stansell Parties shall thereafter be permanently restrained and enjoined from instituting or prosecuting any proceeding, in any jurisdiction, as to any such funds turned over by JPMCB.

4. The Stansell parties' Answer and Counterclaim to JPMCB's Interpleader Petition shall be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), with each party to bear its or their own attorneys' fees and costs. For the avoidance of doubt, the parties stipulate and agree that this provision shall not waive any rights that JPMCB may have to recover its attorneys' fees and costs incurred in commencing and prosecuting its interpleader action in this proceeding or in another proceeding regarding the JPMCB Blocked Accounts.

5. This stipulation of voluntary dismissal without prejudice renders moot the Stansell Parties' challenge to the Court's subject matter jurisdiction, over JPMCB's statutory interpleader action under 28 U.S.C. § 1335, based on JPMCB's not having deposited the funds in the JPMCB Blocked Accounts into the SDNY registry. In John Doe's reply to JPMCB's counterclaim against him asserted in its Interpleader Petition, John Doe consented to personal jurisdiction of JPMCB's interpleader claim under Fed. R. Civ. P. 22, and did not challenge the Court's subject matter jurisdiction over JPMCB's statutory interpleader claims or demand that the funds in the JPMCB Blocked Accounts be paid into the SDNY registry.

Dated: February 5, 2016

4

DO CAMPO & THORNTON, P.A.
Miami Tower
100 S.E. Second Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By:

/s/Orlando do Campo
ORLANDO DO CAMPO
New York Bar No: 2711232
od@dandtlaw.com
*Counsel for Petitioner John Doe*

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP

By: /s/ Randi F. Knepper

Randi F. Knepper
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
*Attorneys for Third Party Respondent
American Life Insurance Company—Lebanon
Branch (incorrectly pleaded as "Metropolitan
Life Insurance Company")*

LEVI LUBARSKY FEIGENBAUM & WEISS
LLP

By: /s/ Steve Feigenbaum

Levi Lubarsky Feigenbaum & Weiss LLP
655 Third Avenue, 27th Floor
New York, NY 10017
(212) 308-6100
(212) 308-8830 (Fax)
sfeigenbaum@llfwlaw.com

*Attorneys for Respondent/Third-Party
Petitioner JPMorgan Chase Bank, N.A.*

PORTER & KORVICK, P.A.

By: /s/ Tony Korvick

Tony Korvick
Newt Porter
9655 South Dixie Highway Suite 208
Miami, Florida 33156
305-373-5040 (Tel)
tkorvick@porterandkorvick.com
nporter@porterandkorvick.com

*Attorneys for Third-Party Respondents Keith
Stansell, Marc Gonsalves, Thomas Howes,
Judith Janis, Greer Janis, Michael Janis, and
Jonathan Janis*

WILMER CUTLER PICKERING HALE AND
DORR LLP

By: /s/ David Bowker, Esq.

Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6558
(202) 663-6363 (Fax)
David.Bowker@wilmerhale.com

*Attorneys for Third-Party Respondent Kassim
Tajideen (identified in the caption as "Kassim
Tajeddine")*

5

## SO ORDERED:



2/5/2016
U.S.D.J.