UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-8-2016

JOHN DOE,

    Petitioner/Judgment Creditor,

-against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

    Defendants/Judgment Debtors,

-and-

JPMORGAN CHASE BANK, N.A.,

    Respondent.

Case No. 15-cv-8652 (LTS)

STIPULATION AND ORDER
DISMISSING WITHOUT
PREJUDICE THE THIRD PARTY
INTERPLEADER PETITION AS
IT RELATES TO KASSIM
TAJIDEEN AND AMERICAN
LIFE INSURANCE COMPANY -
LEBANON BRANCH

JPMORGAN CHASE BANK, N.A.,

    Third-Party Petitioner,

-against-

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METOPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD.,
and AHLI UNITED BANK UK PLC,

    Third-Party Respondents.

WHEREAS:

a. On January 5, 2012, Petitioner John Doe ("Doe") obtained a judgment in the amount of $36,800,000.00 (the "Judgment") against the Revolutionary Armed Forces of Colombia (the "FARC") and Ejercito de Liberacion Nacional in an action in the United States District Court for the Southern District of Florida entitled John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK. The Judgment was entered under the Alien Tort Statute, 28 U.S.C. § 1350, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

b. As part of his efforts to enforce the Judgment, Doe registered the Judgment in this Court and commenced this turnover proceeding. By this proceeding, Doe seeks the turnover, under § 201(a) of the Terrorism Relief Insurance Act of 2002 or § 1610(g) of the Foreign Sovereign Immunities Act, of the funds in four separate blocked accounts held by JPMorgan Chase Bank, N.A. ("JPMCB"). The JPMCB accounts are blocked in accordance with sanction regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and applicable to persons or entities designated by OFAC as specially designated global terrorists ("SDGTs").

c. The four blocked accounts at issue include the following two blocked accounts: (i) a blocked account ending in 6923 (the "6923 Account"), which holds the sum of $355,581.66 as of mid-March 2015 and was established on or about February 2, 2012; and (ii) a blocked account ending in 3534, which holds the sum of $62,036.71 as of mid-March 2015 and was established on or about October 1, 2012. American Life Insurance Company – Lebanon Branch ("Alico-Lebanon") established these two blocked accounts (referred to hereinafter as the "Tajideen Blocked Accounts") with JPMCB in the name of third-party respondent Kassim

2

Tajideen ("Tajideen," identified in the caption as Kassim Tajeddine). The Tajideen Blocked Accounts contain the surrender value of a life insurance policy issued by Alico Lebanon to Tajideen and certain premium payments received by Alico-Lebanon in connection with the same life insurance policy and a personal accident policy also issued by Alico-Lebanon to Tajideen. Both insurance policies were issued before Tajideen was added to OFAC's SDGT list, and Alico Lebanon established the Tajideen Block Accounts when Tajideen was added to that list in order to comply with the sanctions regulations.

d.     To determine the rights of the parties with a potential ownership interest in or claim to the funds in the four blocked accounts as to which Doe seeks a turnover, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed a third-party petition in interpleader in this proceeding naming as interpleader respondents all persons and entities that JPMCB believed had an interest in or claim to the funds in one or more of the four blocked accounts, including the Tajideen Blocked Accounts (ECF No. 11).

e.     JPMCB had reasonable grounds to believe that Metropolitan Life Insurance Company ("MetLife") had a potential ownership interest in the funds in the Tajideen Blocked Accounts at the time it filed the third party petition in interpleader. Accordingly, in its interpleader petition, JPMCB named MetLife as a third-party respondent with respect to the Tajideen Blocked Accounts.

f.     JPMCB was later informed that Alico-Lebanon, not MetLife, had sold the two insurance policies to Tajideen and had established the Tajideen Blocked Accounts with JPMCB. Alico-Lebanon confirmed as much in its Answer and Affirmative Defenses (the "Answer"), dated and filed on November 11, 2015 (ECF No. 41), to JPMCB's third-party petition in

3

interpleader. By way of its Answer, Alico-Lebanon asserts a present contingent interest in the funds in the Tajideen Blocked Accounts.

h.      John Doe subsequently filed a Notice of Partial Withdrawal, without prejudice, on December 7, 2015 (ECF No. 54) withdrawing any claim to the Tajideen Blocked Accounts. The Notice of Partial Withdrawal provides, in pertinent part, as follows:

> any claim to the funds held in 1) blocked account no. 6923, containing the surrender value [sic] of two insurance policies – a life insurance policy and/or personal accident policy – purchased by Kassim Tajeddine from American Life Insurance Company, Lebanon Branch, a predecessor – in – interest or subsidiary of Third Party Respondent Metropolitan Life Insurance Company before his designation as a Specially Designated Global Terrorist; and 2) blocked accounts ending in 3534 containing the final premium payments received by American Life Insurance Company, Lebanon Branch, from Kassim Tajeddine for the two insurance policies.

(ECF No. 54).

i.      Respondents, Keith Stansell, Mark Gonsalves, Thomas Howes, Judith Janis, Christopher T. Janis, Greer C. Janis, Michael J. Janis, Jonathan Janis (the "Stansell Parties") were also named as parties by JPMCB in the third-party petition in interpleader based upon their previous claim and turnover motions.

j.      The Stansell Parties voluntary dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii) their answer and counterclaim (ECF No. 41) to JPMCB's third-party petition in interpleader (ECF No. 119), thereby dismissing their claims to all of the blocked accounts, including the Tajideen Blocked Accounts.

l.      As the result of Doe's and the Stansell Parties' dismissal and/or withdrawal of their respective claims as against the Tajideen Blocked Accounts, there are no longer competing claims to the Tajideen Blocked Accounts asserted by any party to this proceeding, other than

4

Tajideen, who continues to maintain his rights as account holder to the Tajideen Blocked Accounts.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1.     JPMCB's third party petition in interpleader be and hereby is dismissed without prejudice as against Kassim Tajideen and Alico-Lebanon;

2.     All allegations in the third-party interpleader petition relating to the 6923 account and 3534 account be and hereby are deemed withdrawn and stricken without prejudice;

3.     All allegations in Petitioner John Doe's Petition for Turnover Order Directed at JP Morgan Chase Bank, N.A. relating to the 6923 account and 3534 account be and hereby are deemed withdrawn and stricken without prejudice;

4.     The third-party interpleader petition and any other claims or causes of action asserted as against Tajideen or Alico-Lebanon are voluntarily dismissed without prejudice;

5.     This Stipulation is without prejudice to JPMCB's right to seek reimbursement of its legal fees and costs, out of the 6923 and 3534 accounts, incurred up to the time of this Stipulation in connection with its interpleader proceedings relating to the accounts, as well as any legal fees and costs that it incurs in connection with any future interpleader proceedings relating to the accounts; This Stipulation is also without prejudice to Alico Lebanon's and Tajideen's right to oppose any such efforts, in the event the funds are no longer blocked by OFAC; and

6.     This Stipulation and Order may be executed by email and in counterparts.

Dated:          March $\mathcal{7}$, 2016
3001071_1

5

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 S.E. Second Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: _____
    Orlando Do Campo
New York Bar No: 2711232
od@dandtlaw.com
*Counsel for Petitioner John Doe*

LEVI LUBARSKY FEIGENBAUM
& WEISS LLP

By: _____
    Steven B. Feigenbaum
655 Third Avenue, 27th Floor
New York, New York 10017
(212) 308-6100
(212) 308-8830 (facsimile)
sfeigenbaum@llfwlaw.com
*Attorneys for Respondent/Third-Party*
*Petitioner JPMorgan Chase Bank, N.A.*

McELROY, DEUTSCH, MULVANEY &
& CARPENTER, LLP

By: _____
    Randi F. Knepper
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
973-565-2033
973-425-0161 (facsimile)
rknepper@mdmc-law.com
*Attorneys for Third Party Respondent*
*American Life Insurance Company –*
*Lebanon Branch, incorrectly pleaded as*
*Metropolitan Life Insurance Company*

WILMER CUTLER PICKERING HALE &
DORR LLP

By: _____
    David W. Bowker
7 World Trade Center
New York, New York 10007
(212) 230-8852
(212) 230-8888 (facsimile)
david.bowker@wilmerhale.com
*Attorneys for Claimant,*
*Kassim Tajideen*

SO ORDERED:

_____
Hon. Laura T. Swain, U.S.D.J.

6

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 S.E. Second Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: _____
Orlando Do Campo
New York Bar No: 2711232
od@dandtlaw.com
*Counsel for Petitioner John Doe*

LEVI LUBARSKY FEIGENBAUM
& WEISS LLP

By: _____
Steven B. Feigenbaum
655 Third Avenue, 27th Floor
New York, New York 10017
(212) 308-6100
(212) 308-8830 (facsimile)
sfeigenbaum@llfwlaw.com
*Attorneys for Respondent/Third-Party*
*Petitioner JPMorgan Chase Bank, N.A.*

McELROY, DEUTSCH, MULVANEY &
& CARPENTER, LLP

By: _____
Randi F. Knepper
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
973-565-2033
973-425-0161 (facsimile)
rknepper@mdmc-law.com
*Attorneys for Third Party Respondent*
*American Life Insurance Company –*
*Lebanon Branch, incorrectly pleaded as*
*Metropolitan Life Insurance Company*

WILMER CUTLER PICKERING HALE &
DORR LLP

By: _____
David W. Bowker
7 World Trade Center
New York, New York 10007
(212) 230-8852
(212) 230-8888 (facsimile)
david.bowker@wilmerhale.com
*Attorneys for Claimant,*
*Kassim Tajideen*

SO ORDERED:

_____
Hon. Laura T. Swain, U.S.D.J.

6

**DO CAMPO & THORNTON, P.A.**
Miami Tower
100 S.E. Second Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 358-6600
Facsimile: (305) 358-6601

By: _____
Orlando Do Campo
New York Bar No: 2711232
od@dandtlaw.com
*Counsel for Petitioner John Doe*

LEVI LUBARSKY FEIGENBAUM
& WEISS LLP

By: _____
Steven B. Feigenbaum
655 Third Avenue, 27th Floor
New York, New York 10017
(212) 308-6100
(212) 308-8830 (facsimile)
sfeigenbaum@llfwlaw.com
*Attorneys for Respondent/Third-Party*
*Petitioner JPMorgan Chase Bank, N.A.*

McELROY, DEUTSCH, MULVANEY &
& CARPENTER, LLP

By: _____
Randi F. Knepper
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
973-565-2033
973-425-0161 (facsimile)
rknepper@mdmc-law.com
*Attorneys for Third Party Respondent*
*American Life Insurance Company –*
*Lebanon Branch, incorrectly pleaded as*
*Metropolitan Life Insurance Company*

WILMER CUTLER PICKERING HALE &
DORR LLP

By: _____
David W. Bowker
7 World Trade Center
New York, New York 10007
(212) 230-8852
(212) 230-8888 (facsimile)
david.bowker@wilmerhale.com
*Attorneys for Claimant,*
*Kassim Tajideen*

SO ORDERED:

_____ 3|8|16
Hon. Laura T. Swain, U.S.D.J.

6