UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOHN DOE,

        Plaintiff,

    -v-

EJERCITO DE LIBERACION NACIONAL,
et al.,

        Defendants,

    -and-

JP MORGAN CHASE BANK, N.A., and
DEUTSCHEBANK TRUST COMPANY
AMERICAS

        Respondents.

---------------------------------------------------------

JP MORGAN CHASE BANK, N.A.,

        Third-Party Petitioner,

    -v-

ANTONIO CABALLERO, KASSIM
TAJEDDINE, METOPOLITAN LIFE
INSURANCE COMPANY, GRAND STORES
LTD., TRUST BANK LTD., CREDIT SUISSE
AG, TAJCO a/k/a TAJCO LTD., ARAB
GAMBIAN ISLAMIC BANK LTD., and AHLI
UNITED BANK UK PLC,

        Third-Party Respondents.

------------------------------------------------------------X

No.  15 CV 8652-LTS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED  3-10-2016

MEMORANDUM ORDER

Before the Court is a letter motion dated March 1, 2016, by Respondent and

Third-Party Petitioner JP Morgan Chase Bank, N.A. ("JP Morgan"), requesting vacatur or

modification of this Court's prior order requiring the deposit of the money held in the blocked

accounts identified in JP Morgan's interpleader petition (the "Blocked Funds").

JP Morgan has invoked 28 U.S.C. section 1335 to establish this Court's

jurisdiction of its interpleader petition. (See docket entry no. 11, at ¶ 44.) The statute provides,

inter alia, that this Court "shall have original jurisdiction of any civil action of interpleader . . . if

. . . the plaintiff has deposited such money or property . . . into the registry of the court . . . or has

given bond payable to the clerk of the court in such amount and with such surety as the court or

judge may deem proper, conditioned upon the compliance by the plaintiff with the future order

or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C.S.

§1335(a)(1)-(2) (LexisNexis 2003).

JP Morgan's request that this Court permit the interpleader action to proceed in

the absence of a deposit of funds or other mechanism for compliance with the interpleader

statute cannot be squared with the plain meaning of Section 1335. See Metal Transport Corp. v.

Pacific Venture S.S. Corp., 288 F.2d 363, 365 (2d Cir. 1961). The sole decision cited by JP

Morgan in support of its argument that deposit is a prudential, rather than jurisdictional,

requirement under Section 1335, is Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.,

1984 WL 638 (S.D.N.Y. July 16, 1984). The Court's research has disclosed no decision citing

Price favorably for this proposition; rather, multiple courts in the Second Circuit have repeatedly

characterized Section 1335's requirements as jurisdictional and have suggested that Price is not

good law. See, e.g., Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 395-96 (S.D.N.Y.

2006) ("The deposit of [interpleader] funds is a jurisdictional requirement. . . . To the extent that

Price stands for the proposition that the deposit requirement is not jurisdictional, this does not

appear to find support in the case law."); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc., 691 F. Supp. 618, 621 (E.D.N.Y. 1998) (holding that the requirements of Section 1335 are jurisdictional). The relief requested by JP Morgan is therefore inconsistent with the jurisdictional requirements of the interpleader statute.

However, given JP Morgan's representations regarding applicable federal regulations prohibiting transfer of the Blocked Funds and the safety and security of the Blocked Funds during the pendency of this litigation, the motion for modification of the Court's order is granted, to the extent that JP Morgan will be permitted to post an unsecured bond with the Clerk of this Court, as contemplated by the second clause of Section 1335(a)(2).

Therefore, it is hereby

ORDERED, that this Court's Order of December 16, 2015, requiring JP Morgan to deposit the Blocked Funds, is hereby modified such that JP Morgan may satisfy the requirements of the December 16, 2015, Order by posting an unsecured bond substantially in the form annexed hereto as Exhibit A, in the amount of $1,000 (the "Bond") with the Clerk of the Court. The Bond must be posted by **March 25, 2016**.

SO ORDERED.

Dated: New York, New York
March 10, 2016

LAURA TAYLOR SWAIN
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JP MORGAN CHASE BANK, N.A.,

        Third-Party Petitioner,

    -v-                                 No.  15 CV 8652-LTS

ANTONIO CABALLERO, KASSIM
TAJEDDINE, METOPOLITAN LIFE
INSURANCE COMPANY, GRAND STORES
LTD., TRUST BANK LTD., CREDIT SUISSE
AG, TAJCO a/k/a TAJCO LTD., ARAB
GAMBIAN ISLAMIC BANK LTD., and AHLI
UNITED BANK UK PLC,

        Third-Party Respondents.

-----------------------------------------------------------x

## INTERPLEADER ACTION BOND

JP Morgan Chase Bank, N.A. ("JP Morgan"), by and through its undersigned authorized representative, hereby agrees to comply with the orders and judgments entered by the Court, including, but not limited to, any order to transfer or deposit the funds at issue in this interpleader proceeding, which shall be done in accordance with all applicable regulations set in place by the Office of Foreign Assets Control ("OFAC"), specifically:

    (1)    Funds totaling $400,951.41 on deposit with JP Morgan in an account ending in -2908 and identified by JP Morgan as the "Grand Stores Blocked Account" in its interpleader petition; and

    (2)    Funds totaling $120,416.00 on deposit with JP Morgan in an account ending in -2908 and identified by JP Morgan as the "Tajco Blocked Account" in its interpleader petition.

## AMOUNT OF BOND

This is an unsecured bond of $1,000.

## FORFEITURE

This bond may be forfeited if JP Morgan does not comply with the above

agreement.  The Court may enter a judgment of forfeiture against JP Morgan for the entire amount of the bond, including interest and costs, if JP Morgan does not comply with the agreement.

## RELEASE

The court may terminate this bond at any time.  The bond will be satisfied and the obligation released when either: (1) the action is dismissed; or (2) JP Morgan complies with a dispositive judgment of this Court.

## ACCEPTANCE

The undersigned declares under penalty of perjury that he/she has read this bond and agrees to its terms and conditions.


Date:  _____          By:  _____
                                                         JP Morgan Chase Bank, N.A.



                                                         *Clerk of Court*


Date:  _____          _____
                                                         *Signature of Clerk or Deputy Clerk of Court*