**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOE, | Case No. 15-cv-8652-LTS |
| Petitioner/Judgment Creditor, | |
| v. | **COMMERZBANK AG'S ANSWER**<br>**TO JOHN DOE'S PETITION FOR**<br>**TURNOVER ORDER** |
| EJERCITO DE LIBERACION NACIONAL<br>a/k/a ELN, a/k/a National Liberation Army,<br>and FUERZAS ARMADAS<br>REVOLUCIONARIOS DE COLOMBIA,<br>a/k/a FARC, a/k/a REVOLUTIONARY<br>ARMED FORCES OF COLOMBIA, | |
| Defendants/Judgment Debtors, and | |
| TAJCO A/K/A TAJCO LTD. A/K/A<br>TRADEX CO. LTD. AND OTHER ALIASES;<br>GOLFRATE HOLDINGS (ANGOLA) LDA<br>AND ALIASES; AND COMMERZBANK<br>AG NEW YORK BRANCH, | |
| Respondents. | |

Respondent Commerzbank AG ("COBA") by its attorneys Gibbons P.C., for its Answer

to the John Doe Petition for Turnover Order (the "Petition") states as follows:

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

factual allegations in paragraph 1.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the

factual allegations in paragraph 2.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the

factual allegations in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 4, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by the Office of Foreign Asset Control ("OFAC").

5.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 5, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by OFAC.

6.      Denies the factual allegations in paragraph 6, except admits that COBA is a foreign banking institution with a branch office located at Two World Financial Center, New York, New York.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 9, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 10.

11.      Denies the factual allegations in paragraph 11, except admits that COBA is a foreign banking institution with a branch office located at Two World Financial Center, New York, New York, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

2

12.     Admits the factual allegations in paragraph 12, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

13.     Denies the factual allegations in paragraph 13, if any, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 14, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 15, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 16, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by OFAC situated in this district, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 19, except admits that Petitioner served a restraining notice on COBA on or about July 14, 2015 and that the restraining notice speaks for itself.

20.     Denies the factual allegations in paragraph 20, except admits that on or about July 13, 2015, counsel for Petitioner communicated to COBA's counsel in another matter in Florida,

#2284558 v1
099999-30146

who has not appeared in this action, that COBA had an alleged responsibility to provide notice and certain exemption forms to the "defendant" in the case, as well as the account holders.

21.    Denies the factual allegations in paragraph 21.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 22.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 23.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 24.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26.

27.    Admits the factual allegations in paragraph 27.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 28, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by OFAC.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 29, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by the OFAC in accounts ending in 7307, 7313, 7391, 7394 and 7505.

4

30.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 30, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 31, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 32, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

33.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 33, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

34.    Admits the factual allegations in paragraph 34.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 35, if any, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 36, if any, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 37, if any, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

#2284558 v1
099999-30146

38.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 38, if any, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 39, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 40.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 41.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 42.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 43.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 44, and states that the Affidavit of David L. Gaddis speaks for itself.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 45, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 46, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

#2284558 v1
099999-30146

47.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 47, except admits that it is in possession of certain assets blocked pursuant to regulations implemented by the OFAC situated in this district, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 48, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 49, and states that the remaining allegations contain legal assertions or conclusions for which no answer is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Persons other than Fuerzas Armadas Revolucion De Colombia ("FARC") or its agencies and instrumentalities may have ownership or other interests in part of the funds at COBA that are the subject of this turnover proceeding (the "Funds") which may be superior to the rights of Petitioner, if any, to have execution against such Funds to satisfy the judgment allegedly entered in favor of Petitioner.  Any such persons may be indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether their interests are superior to the rights of Petitioner, if any.

### SECOND DEFENSE

To the extent that Petitioner claims that some or all of the Funds belong to persons that are agencies or instrumentalities of FARC, or that such persons have an interest in some part or all of the Funds, such persons may be indispensable parties hereto and have the right to receive

7

notice of these proceedings and an opportunity to be heard before this Court determines whether they are in fact agencies or instrumentalities of FARC or whether such assets are subject to execution to satisfy the judgment.

### THIRD DEFENSE

To the extent that Petitioner is seeking to satisfy any judgment from blocked assets subject to TRIA § 201, Petitioner must establish all of the elements necessary to obtain relief under that statute, including whether FARC is a "terrorist party," as that term is defined in TRIA; whether the Judgment was on a claim based on an "act of terrorism," as that term is defined in TRIA, or for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7); whether and to what extent the Funds belong to FARC or entities that are "agencies or instrumentalities" of FARC, as those terms are used in TRIA; and whether and to what extent the judgment is for compensatory damages, as opposed to other forms of relief.

### FOURTH DEFENSE

Petitioner must establish, in order to comply with the requirements of CPLR 5225(b) and Fed. R. Civ. P. 69, that a copy of the Petition was properly served on FARC.

### FIFTH DEFENSE

Petitioner must establish that his Petition states a cause of action or sets forth claims upon which relief may be granted.

### SIXTH DEFENSE

Petitioner must establish that, under New York law, wire transfer funds in the temporary possession of COBA as an intermediary bank are subject to attachment or turnover pursuant to *Hausler v. JPMorgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014) and *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014).

#2284558 v1
099999-30146

## SEVENTH DEFENSE

To the extent the Funds sought, when aggregated with other funds sought, exceed the judgment of Petitioner, the amount of the Funds to be turned over must be allocated, and a determination made regarding from which accounts all such funds should be debited, in such a way that no respondent and none of the other affected persons are required to turn over more than their allocable share of the amount necessary to satisfy any such judgment.


Dated: New York, New York
      March 24, 2016

      **GIBBONS P.C.**
      One Pennsylvania Plaza, 37th Floor
      New York, New York  10119-3701
      Telephone (212) 613-2000
      Facsimile (212) 290-2018

      *Attorneys for Respondent*
      *Commerzbank AG*


      By: ___/s/ Terry Myers_____
          Terry Myers
          Paul A. Saso

#2284558 v1
099999-30146