UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,                                      Case No. 15-cv-08652 (LTS)

                Petitioner/Judgment Creditor,

      -against-

EJERCITO DE LIBERACION NACIONAL,
a/k/a ELN, a/k/a National Liberation Army,
and FUERZAS ARMADAS
REVOLUCIONARIOS DE COLOMBIA,
a/k/a FARC, a/k/a REVOLUTIONARY
ARMED FORCES OF COLOMBIA,

             Defendants/Judgment Debtors,

      -and-

JPMORGAN CHASE BANK, N.A.,                     RESPONDENT JPMORGAN
                                               CHASE BANK, N.A.'S AMENDED
             Respondent.     ANSWER TO PETITION
_____   FOR TURNOVER ORDER,
                                               AMENDED COUNTERCLAIM, AND
JPMORGAN CHASE BANK, N.A.,                      AMENDED THIRD-PARTY
                                               PETITION IN INTERPLEADER
            Third-Party Petitioner,

      -against-

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL J. JANIS, JONATHAN N. JANIS,
ANTONIO CABALLERO, KASSIM TAJEDDINE,
METOPOLITAN LIFE INSURANCE COMPANY,
GRAND STORES LTD., TRUST BANK LTD.,
CREDIT SUISSE AG, TAJCO a/k/a TAJCO LTD.,
ARAB GAMBIAN ISLAMIC BANK LTD., AHLI
UNITED BANK UK PLC, ESTATE OF DONALD
J. HAVLISH, JR., ESTATE OF MICHAEL A.
BANE, ESTATE OF MARTIN BORYCZEWSKI,
ESTATE OF STEVEN CAFIERO, ESTATE OF
RICHARD M. CAPRONI, ESTATE OF PETER

CHIRCHIRILLO, ESTATE OF JEFFREY
COALE, ESTATE OF DANIEL M. COFFEY,
ESTATE OF JASON COFFEY, ESTATE OF
JEFFREY COLLMAN, ESTATE OF MICHAEL
DIEHL, ESTATE OF STEPHEN DORF, ESTATE
OF JUDY FERNANDEZ, ESTATE OF RONALD
GAMBOA, ESTATE OF WILLIAM R.
GODSHALK, ESTATE OF JOHN GRAZIOSO,
ESTATE OF LIMING GU, ESTATE OF JAMES
D. HALVORSON, ESTATE OF DENIS
LAVELLE, ESTATE OF ROBERT LEVINE,
ESTATE OF JOSEPH LOSTRANGIO, ESTATE
OF DORTHY MAURO, ESTATE OF MARY
MELENDEZ, ESTATE OF PETER T. MILANO,
ESTATE OF YVETTE NICHOLE MORENO,
ESTATE OF BRIAN NUNEZ, ESTATE OF
PHILIP PAUL OGNIBENE, ESTATE OF
SALVATORE T. PAPASSO, ESTATE OF JOHN
WILLIAM PERRY, ESTATE OF MARSHA
DIANAH RATCHFORD, ESTATE OF JOSHUA
SCOTT REISS, ESTATE OF JOHN M. RODAK,
ESTATE OF ELVIN ROMERO, ESTATE OF
RICHARD ROSENTHAL, ESTATE OF MARIA
THERESA SANTILLIAN, ESTATE OF VICTOR
SARACINI, ESTATE OF SCOTT SCHERTZER,
ESTATE OF PAUL K. SLOAN, ESTATE OF
GEORGE ERIC SMITH, ESTATE OF TIMOTHY
P. SOULAS, ESTATE OF WILLIAM R.
STEINER, ESTATE OF ANDREW
STERGIOPOULOS, ESTATE OF EDWARD W.
STRAUB, ESTATE OF JENNIFER TINO,
ESTATE OF JEANMARIE WALLENDORF,
ESTATE OF META WALLER, ESTATE OF
TIMOTHY RAYMOND WARD, FIONA
HAVLISH, DONALD HAVLISH, SR., WILLIAM
HAVLISH, SUSAN CONKLIN, TARA BANE,
DONALD BANE, CHRISTINA BANE-HAYES,
KRYSTYNA BORYCZEWSKI, ESTATE OF
MICHAEL BORYCZEWSKI, JULIA
BORYCZEWSKI, MICHELE BORYCZEWSKI,
RICHARD A. CAPRONI, DOLORES CAPRONI,
CHRISTOPHER CAPRONI, MICHAEL
CAPRONI, LISA CAPRONI-BROWN, CLARA
CHIRCHIRILLO, LIVIA CHIRCHIRILLO,
CATHERINE DEBLIECK, WILLIAM COALE,
FRANCES M. COFFEY, DANIEL D. COFFEY,

M.D., KEVIN M. COFFEY, DWAYNE W.
COLLMAN, BRIAN COLLMAN, CHARLES
COLLMAN, BRENDA SORENSON, LOISANNE
DIEHL, MORRIS DORF, ANNE MARIE DORF,
JOSEPH DORF, MICHELLE DORF, ROBERT
DORF, LINDA SAMMUT, CORAZON
FERNANDEZ, GRACE PARKINSON-
GODSHALK, TINA GRAZIOSO, MAUREEN
HALVORSON, JIN LIU, ALAN GU, GRACE
KNESKI, RONI LEVINE, TERESANNE
LOSTRANGIO, JOANNE LOVETT, REGINA
MARIA MERWIN, MARGARET MAURO,
RAMON MELENDEZ, PATRICIA MILANO, IVY
MORENO, ESTATE OF VINCENT A.
OGNIBENE, MARIE ANN PAPROCKI,
PATRICIA J. PERRY, CHRISTINE PAPASSO,
RODNEY RATCHFORD, RODNEY M.
RATCHFORD, MARSHEE R. RATCHFORD,
BENEFIT OF MARANDA C. RATCHFORD,
JOYCE ANN RODAK, CHELSEA NICOLE
RODAK, BENEFIT OF DEVON MARIE RODAK,
JOHN RODAK, REGINA RODAK, JOANNE
GORI, DIANE ROMERO, LOREN ROSENTHAL,
JUDITH REISS, EXPEDITO SANTILLIAN,
ESTER SANTILLIAN, ELLEN SARACINI,
GUARDIAN OF ANNE C. SARACINI, JOANNE
RENZI, PAUL SCHERTZER, RONALD S.
SLOAN, RAYMOND DOYLE SMITH,
KATHERINE SOULAS, RUSSA STEINER,
GEORGE STERGIOPOULOS, M.D., ANGELA
STERGIOPOULOS, SANDRA STRAUB, JOAN
E. TINO, PAMELA SCHIELE, CHRISTINE
BARTON (NOW PENCE), DOYLE RAYMOND
WARD, GERALD BINGHAM, ALICE
CARPENETO, STEPHEN L. CARTLEDGE,
MICHELLE WRIGHT, MAUREEN
HALVORSON, HAOMIN JIAN, FUMEI CHIEN,
HUICHUN JIAN, HUI-CHUAN JIAN, HUI-
CHIEN CHEN, HUI-ZON JIAN, MICHAEL
LOGUIDICE, RALPH S. MAERZ, MARTIN
PANIK, ESTATE OF LINDA ELLEN PANIK,
MARY LYNN-ANNA PANIK STANLEY,
HELEN ROSENTHAL, ALEXANDER ROWE,
ED RUSSIN, GLORIA RUSSIN, BARRY
RUSSIN, LEONARD ZEPLIN, and LEONA

ZEPLIN,

                        Third-Party Respondents.

_____

        Pursuant to the Court's leave granted to JPMCB at the March 11, 2016 pretrial

conference in this action and the Court's corresponding memo endorsement dated March 14,

2016 (ECF No. 149), respondent/third-party petitioner JPMorgan Chase Bank, N.A. ("JPMCB"),

by its attorneys, Levi Lubarsky Feigenbaum & Weiss LLP, hereby files its amended answer to

"Petitioner John Doe's Petition For Turnover Order Directed At JPMorgan Chase Bank, N.A."

(the "Petition"), and its amended counterclaim and amended third-party petition in interpleader.

        For convenience and simplicity, JPMCB, in its amended answer, has not altered or edited

its original responses to the allegations set forth in the Petition, even though claims relating to

certain of those allegations have since been dismissed.  (*See* ECF No. 142.)  The amended

answer merely updates two case citations in what is now JPMCB's Fifth Affirmative Defense,

and omits in its entirety what was formerly JPMCB's Fifth Affirmative Defense, so as to reflect

the dismissal of claims relating to certain blocked accounts.

        In its amended third-party petition, JPMCB (i) adds additional third-party respondents (as

defined below, the "Havlish Respondents" or the "Havlishes"), (ii) includes a section

summarizing developments since the September 2015 filing of JPMCB's original interpleader

petition that are pertinent to this interpleader proceeding, and (iii) alters or omits certain of the

allegations in its original interpleader petition to take those developments into account.

        Consistent with those guidelines, JPMCB, by its attorneys, Levi Lubarsky Feigenbaum &

Weiss LLP, for its amended answer to the Petition, and for its amended counterclaim and

amended third-party petition in interpleader, alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "Introduction" to the Petition, except admits that a judgment has been entered in favor of Petitioner John Doe ("Doe" or "Petitioner") and against the Revolutionary Armed Forces of Colombia (the "FARC") and Ejercito De Liberacion Nacional ("ELN") (the "Judgment"), that the Judgment has been registered in this district, that a writ of execution was issued by this Court, and that Doe, by the Petition, seeks to collect on the Judgment.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Petition, except admits that Doe obtained the Judgment.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Petition.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Petition.

5.      Admits the allegations of paragraph 4 of the Petition, except denies the specific amounts of assets and number of branches stated therein.

6.      Admits the allegations set forth in paragraph 5 of the Petition.

7.      Admits the allegations set forth in paragraph 6 of the Petition, except states that insofar as the allegations in paragraph 6 purport to state a legal conclusion, no response is required.

8.      Admits the allegations of paragraph 7 of the Petition.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Petition.  To the extent the allegations in paragraph 8 purport to state a legal conclusion, no response is required.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Petition.  To the extent the allegations in paragraph 9 purport to state a legal conclusion, no response is required.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Petition, except admits that venue in this district is proper.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Petition, except admits that Doe obtained the Judgment against the FARC and ELN, and that the Judgment has been registered in this district.

13.     Admits that portion of paragraph 12 of the Petition that alleges that Doe served a restraining notice on JPMCB.  To the extent the allegations in paragraph 12 purport to state a legal conclusion, no response is required.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Petition, except admits that the Court issued a writ of execution, and that the writ was eventually served on JPMCB.  To the extent the allegations in paragraph 13 purport to state a legal conclusion, no response is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Petition, except admits that JPMCB has in its custody blocked accounts in which Kassim Tajeddine ("Tajeddine"), Grand Stores Ltd. ("Grand Stores") and/or Tajco a/k/a Tajco Ltd. ("Tajco") may have an interest.  To the extent the allegations in paragraph 14 purport to state a legal conclusion, no response is required.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Petition, except admits that JPMCB blocked two

accounts, in which Tajeddine may have an ownership interest, pursuant to regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department.  To the extent the allegations in paragraph 15 of the Petition purport to state a legal conclusion, no response is required.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Petition, except admits that JPMCB blocked a wire transfer initiated by Grand Stores for the benefit of non-party ED & F Man Treasury Management PLC ("ED&F") and placed the proceeds of the blocked wire transfer into a blocked account pursuant to regulations issued by OFAC.  To the extent the allegations in paragraph 16 purport to state a legal conclusion, no response is required.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Petition, except admits that JPMCB blocked a wire transfer sent for the benefit of non-party Leaders of Supply and Products SAL (Off-Shore) ("Leaders") and placed the proceeds of the blocked wire transfer into a blocked account pursuant to regulations issued by OFAC.  To the extent the allegations in paragraph 17 purport to state a legal conclusion, no response is required.

19.     Admits that the blocked accounts referred to in paragraph 18 of the Petition are located in this district.

20.     The allegations set forth in paragraph 19 of the Petition purport to state a legal conclusion to which no response is required.

21.     The allegations set forth in paragraph 20 of the Petition purport to state a legal conclusion to which no response is required.

22.     The allegations set forth in paragraph 21 of the Petition purport to state a legal conclusion to which no response is required.

23.     The allegations set forth in paragraph 22 of the Petition purport to state a legal conclusion to which no response is required.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Petition, except admits that the FARC and ELN have been designated as SDGTs.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Petition, except admits that OFAC has designated Tajeddine, Grand Stores and Tajco as specially designated global terrorists ("SDGTs").

26.     Admits that the United States District Court for the Middle District of Florida issued the order referred to in paragraph 25 of the Petition, and respectfully refers the Court to the order for its precise terms.  To the extent the allegations in paragraph 25 purport to state a legal conclusion, no response is required.

27.     Admits that Doe has annexed to the Petition the affidavit of David L. Gaddis referred to in paragraph 26 of the Petition, and respectfully refers the Court to the affidavit for the precise statements made therein.  To the extent the allegations in paragraph 26 purport to state a legal conclusion, no response is required.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Petition.  To the extent the allegations in paragraph 27 of the Petition purport to state a legal conclusion, no response is required.

29.     The allegations of paragraph 28 of the Petition purport to state a legal conclusion to which no response is required.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Petition, except admits that Doe holds the Judgment, and that JPMCB has in its custody blocked accounts whose underlying blocked transactions purportedly involved Tajeddine, Grand Stores or Tajco.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Petition, except states that to the extent those allegations purport to state a legal conclusion, no response is required.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Petition.  To the extent the allegations in paragraph 31 of the Petition purport to state a legal conclusion, no response is required.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Petition.  To the extent the allegations in paragraph 32 purport to state a legal conclusion, no response is required.

34.     Admits the allegations of paragraph 33 of the Petition.

35.     Denies the allegations of paragraph 34 of the Petition.

<u>FIRST AFFIRMATIVE DEFENSE</u>

36.     The Petition fails to state a claim on which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

37.     Persons and entities other than Doe may have interests in or rights to the blocked accounts, held at JPMCB, that are the subject of the Petition, and those interests or rights may be superior to Doe's right, if any, to execute on the blocked accounts to help satisfy the Judgment. Such persons and entities include parties to or participants in the respective wire transfers

underlying the blocked accounts, and other judgment creditors of the FARC or ELN who have served writs of execution or other forms of process or notice of their claims.

## THIRD AFFIRMATIVE DEFENSE

38.     The funds in the blocked accounts at issue, having been blocked pursuant to OFAC regulations, cannot be transferred to Petitioner or anyone else except pursuant to either a license issued by OFAC permitting such a transfer or a final judgment under § 201 of the Terrorism Risk Insurance Act of 2002, Pub. Law No. 107-297 (codified following 28 U.S.C. § 1610) ("TRIA") after the Court's determination that Petitioner has met his burden of proof on all of the elements of a claim under TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t]  of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)" and therefore subject to execution.

## FOURTH AFFIRMATIVE DEFENSE

39.     Petitioner has failed to name as respondents, and thereby bring before the Court, certain indispensable parties under Fed. R. Civ. P. 19, all of whom may have an interest in or claim to the funds in the blocked accounts at issue.  Unless all such potentially interested parties are brought before the Court, JPMCB will likely be unable to obtain an appropriate discharge in the event it were directed to turn over to Doe the funds in the blocked accounts.

## FIFTH AFFIRMATIVE DEFENSE

40.     The two blocked wire transfer accounts at issue are not subject to execution under governing law.  Under the Second Circuit Court of Appeal's recent decisions in Calderon-Cardona v. Bank of New York Mellon, 770 F.3d 993, 1002 (2d Cir. 2014), cert. denied, No. 14A1175, 2016 WL 207446 (U.S. Jan. 19, 2016) ("Calderon-Cardona"), and Hausler v. JP Morgan Chase Bank, N.A., 770 F.3d 207, 212 (2d Cir. 2014), cert. denied sub nom. Hausler v.

JPMorgan Chase Bank, N.A., No. 14A1180, 2016 WL 207447 (U.S. Jan. 19, 2016) ("Hausler"),

a blocked wire transfer, held by an intermediary bank, is subject to execution as property of a

foreign state judgment debtor "only where either the state itself or an agency or instrumentality

thereof (such as a state-owned financial institution) transmitted the EFT [i.e., an electronic funds

transfer or wire transfer] directly to the bank where the EFT is held pursuant to the block."

Calderon-Cardona, 770 F.3d at 1002; Hausler, 770 F.3d at 212.  As to two of the blocked

accounts at issue, Grand Stores and Tajco, as the alleged instrumentalities of the FARC that

originated the respective wire transfers underlying the two blocked accounts, did not make such

a direct transmission to JPMCB.  Under Calderon-Cardona and Hausler, accordingly, those

alleged instrumentalities lack a property interest in the blocked accounts, which in turn are

immune from execution under TRIA § 201.

AMENDED COUNTERCLAIM AND
AMENDED THIRD-PARTY PETITION IN INTERPLEADER

As its amended counterclaim against Doe, and as its amended third-party claim in

interpleader against the third-party respondents identified above and described below, JPMCB

alleges as follows:

A.      Nature of the Amended Counterclaim and Amended Third-Party Claim

41.     JPMCB files its amended third-party petition pursuant to Fed. R. Civ. P. 22,

Sections 1335 and 2361 of Title 28, United States Code, Section 134 of the New York Banking

Law, and New York Civil Practice Law and Rules ("CPLR") §§ 1006 and 5239 for a judicial

determination of the rights, if any, of Petitioner, the third-party respondents, and any other

persons or entities to the funds in the two blocked accounts that remain the subject of the Petition

(collectively, the "Remaining Blocked Accounts").  As noted above, the Petition, as filed, sought

the turnover of funds in four blocked accounts held at JPMCB (the "Blocked Accounts").  The

claims, however, relating to two of the four Blocked accounts – those two being defined below as the "Tajedinne Blocked Accounts" – have since been deemed withdrawn and stricken without prejudice.  The Remaining Blocked Accounts, both of which JPMCB continues to hold today, were established upon JPMCB's block of wire transfers, as described in detail below, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as SDGTs.

42.     Petitioner seeks an order under TRIA § 201 and CPLR § 5225(b) directing JPMCB to turn over to him, in partial satisfaction of the Judgment, the funds in the Remaining Blocked Accounts.  But other persons and entities also have an interest in or claim to those funds, including, but not limited to, other judgment creditors of the FARC, judgment creditors of Iran and Hezbollah, and certain parties to the blocked wire transfers underlying the Remaining Blocked Accounts.  JPMCB has accordingly filed this amended counterclaim and amended third-party petition to bring all such persons and entities before the Court and give them the chance to assert any claims they may have to the Remaining Blocked Accounts, thereby allowing the Court to determine to whom, if anyone, the funds in the Remaining Blocked Accounts should be turned over.  This proceeding is also necessary to enable JPMCB, in the event it is directed to turn over the funds in the Remaining Blocked Accounts, to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that the bank would be subject to double or multiple liability as a result of inconsistent rulings in different forums.

B.     Jurisdiction and Venue

43.     This Court has subject matter jurisdiction over the amended third-party claim asserted herein (i) pursuant to 28 U.S.C. § 1331, because the claim arises under the laws and treaties of the United States, in particular TRIA; (ii) pursuant to 28 U.S.C. § 1367, because the

matters at issue in this proceeding are so related to Doe's Petition, which itself is within the Court's original jurisdiction, that they form part of the same case or controversy; and (iii) pursuant to 28 U.S.C. § 1335, because the amended third-party claim is in the nature of interpleader, JPMCB has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as third-party respondents are, upon information and belief, of adverse citizenship.

44.     Upon information and belief, venue of the amended counterclaim and amended third-party claim asserted in this amended third-party petition is properly set in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim – including Doe's registration of his judgment in this Court, Doe's delivery of a writ of execution to the United States Marshal's Office for the Southern District of New York (the "SDNY Marshal"), and the filing of the Petition – occurred in this district and the Remaining Blocked Accounts are all located here.

C.     The Parties

45.     Third-Party Petitioner JPMCB is a national banking association organized and existing under the laws of the United States, and maintains an office in this district.

46.     Petitioner and counterclaim respondent Doe was the plaintiff in an action entitled John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK, in the United States District Court for the Southern District of Florida, in which Doe recovered the Judgment – a judgment, entered on January 5, 2012, in the amount of $36,800,000.00 against the FARC and ELN.  Upon information and belief, Doe is a citizen of Venezuela and a resident alien in the United States.

47.     Third-party respondents Keith Stansell, Marc Gonsalves, Thomas Howes, Judith G. Janis, Christopher T. Janis, Greer C. Janis, Michael J. Janis, and Jonathan N. Janis (the "Stansell Respondents" or the "Stansells") were plaintiffs in an action entitled <u>Keith Stansell, et al. v. Revolutionary Armed Forces of Colombia (FARC), et al.</u>, No. 09-CV-02308-RAL-MAP, in the United States District Court for the Middle District of Florida (the "Stansells' Florida Proceeding"), in which they recovered a judgment, entered on June 15, 2010, in the amount of $318,030,000 against the FARC, among others.  By order dated July 22, 2015, the court in the Stansells' Florida Proceeding ruled that it lacked *in rem* jurisdiction over the Blocked Accounts and other assets located outside Florida and vacated writs of garnishments that the Stansells had previously served on JPMCB and other garnishee banks.  The Stansells then commenced a new proceeding, also entitled <u>Keith Stansell, et al. v. Revolutionary Armed Forces of Colombia (FARC), et al.</u>, No. 15-cv-06826, in the United States District Court for the Northern District of Illinois (the "Stansells' Illinois Proceeding") in which they sought – as they did in their Florida Proceeding, and as Doe does here – to execute on the Blocked Accounts and certain assets held by other garnishee banks.  By stipulation filed on January 18, 2016, the Stansells voluntarily dismissed their claims in the Illinois Proceeding without prejudice.

48.     Upon information and belief, third-party respondents Keith Stansell, Thomas Howes and Jonathan N. Janis are citizens of the State of Florida, Christopher T. Janis is a citizen of the State of New York, Marc Gonsalves is a citizen of the State of Connecticut, Judith G. Janis and Michael I. Janis are citizens of the State of Alabama, and Greer C. Janis is a citizen of the Commonwealth of Virginia.  As discussed below, the Stansells, after answering JPMCB's original interpleader petition and asserting claims to the Blocked Accounts, voluntarily dismissed their claims without prejudice.

49.     Third-party respondent Antonio Caballero ("Caballero") is the plaintiff in an

action entitled <u>Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.</u>, No.

12-48803-CA-02, in the 11th Circuit Court for the State of Florida, Miami-Dade County, in

which he recovered a judgment, entered on November 18, 2014, in the amount of

$191,433,485.56 against, among others, the FARC and ELN.  Upon information and belief,

Caballero is a citizen of Colombia and a resident alien of the United States.  Caballero never

answered JPMCB's original interpleader petition and is accordingly in default.

50.     The third-party respondents referred to here as the "Havlish Respondents" or the

"Havlishes" are plaintiffs in an action entitled <u>Havlish, et al. v. bin Laden, et al.</u>, No. 03-cv-

09848 (GBD), in the United States District Court for the Southern District of New York., in

which they recovered a judgment, entered on October 16, 2012, in the amount of $6,048,513,805

against the Islamic Republic of Iran ("Iran") and certain individuals and entities associated with

Iran, including Hezbollah.  The Havlishes consist of the following:  Estate of Donald J. Havlish,

Jr.; Estate of Michael A. Bane; Estate of Martin Boryczewski; Estate of Steven Cafiero; Estate of

Richard M. Caproni; Estate of Peter Chirchirillo; Estate of Jeffrey Coale; Estate of Daniel M.

Coffey; Estate of Jason Coffey; Estate of Jeffrey Collman; Estate of Michael Diehl; Estate of

Stephen Dorf; Estate of Judy Fernandez; Estate of Ronald Gamboa; Estate of William R.

Godshalk; Estate of John Grazioso; Estate of Liming Gu; Estate of James D. Halvorson; Estate

of Denis Lavelle; Estate of Robert Levine; Estate of Joseph Lostrangio; Estate of Dorthy Mauro;

Estate of Mary Melendez; Estate of Peter T. Milano; Estate of Yvette Nichole Moreno; Estate of

Brian Nunez; Estate of Philip Paul Ognibene; Estate of Salvatore T. Papasso; Estate of John

William Perry; Estate of Marsha Dianah Ratchford; Estate of Joshua Scott Reiss; Estate of John

M. Rodak; Estate of Elvin Romero; Estate of Richard Rosenthal; Estate of Maria Theresa

Santillian; Estate of Victor Saracini; Estate of Scott Schertzer; Estate of Paul K. Sloan; Estate of

George Eric Smith; Estate of Timothy P. Soulas; Estate of William R. Steiner; Estate of Andrew

Stergiopoulos; Estate of Edward W. Straub; Estate of Jennifer Tino; Estate of Jeanmarie

Wallendorf; Estate of Meta Waller; Estate of Timothy Raymond Ward; Fiona Havlish; Donald

Havlish, Sr.; William Havlish; Susan Conklin; Tara Bane; Donald Bane; Christina Bane-Hayes;

Krystyna Boryczewski; Estate of Michael Boryczewski; Julia Boryczewski; Michele

Boryczewski; Richard A. Caproni; Dolores Caproni; Christopher Caproni; Michael Caproni;

Lisa Caproni-Brown; Clara Chirchirillo; Livia Chirchirillo; Catherine Deblieck; William Coale;

Frances M. Coffey; Daniel D. Coffey, M.D.; Kevin M. Coffey; Dwayne W. Collman; Brian

Collman; Charles Collman; Brenda Sorenson; Loisanne Diehl; Morris Dorf; Anne Marie Dorf;

Joseph Dorf; Michelle Dorf; Robert Dorf; Linda Sammut; Corazon Fernandez; Grace Parkinson-

Godshalk; Tina Grazioso; Maureen Halvorson; Jin Liu; Alan Gu; Grace Kneski; Roni Levine;

Teresanne Lostrangio; JoAnne Lovett; Regina Maria Merwin; Margaret Mauro; Ramon

Melendez; Patricia Milano; Ivy Moreno; Estate of Vincent A. Ognibene; Marie Ann Paprocki;

Patricia J. Perry; Christine Papasso; Rodney Ratchford; Rodney M. Ratchford; Marshee R.

Ratchford; Benefit of Maranda C. Ratchford; Joyce Ann Rodak; Chelsea Nicole Rodak; Benefit

of Devon Marie Rodak; John Rodak; Regina Rodak; Joanne Gori; Diane Romero; Loren

Rosenthal; Judith Reiss; Expedito Santillian; Ester Santillian; Ellen Saracini; Guardian of Anne

C. Saracini; Joanne Renzi; Paul Schertzer; Ronald S. Sloan; Raymond Doyle Smith; Katherine

Soulas; Russa Steiner; George Stergiopoulos, M.D.; Angela Stergiopoulos; Sandra Straub; Joan

E. Tino; Pamela Schiele; Christine Barton (now Pence); Doyle Raymond Ward; Gerald

Bingham; Alice Carpeneto; Stephen L. Cartledge; Michelle Wright; Maureen Halvorson;

Haomin Jian; FuMei Chien; Huichun Jian; Hui-Chuan Jian; Hui-Chien Chen; Hui-Zon Jian;

Michael LoGuidice; Ralph S. Maerz; Martin Panik; Estate of Linda Ellen Panik; Mary Lynn-Anna Panik Stanley; Helen Rosenthal; Alexander Rowe; Ed Russin; Gloria Russin; Barry Russin; Leonard Zeplin; and Leona Zeplin.  Upon information and belief, the individuals and the personal representatives of the estates comprising the Havlish Respondents are citizens of the United States.

51.     Upon information and belief, third-party respondent Kassim Tajeddine (referred to above and hereafter as "Tajeddine") is a citizen of a nation other than the United States, and is a resident of the Lebanese Republic ("Lebanon").  Tajeddine has an interest in two of the four Blocked Accounts, both of which are deposit accounts maintained at JPMCB (the "Tajeddine Blocked Accounts"), and neither of which are part of the Remaining Blocked Accounts.  As discussed below, JPMCB's original interpleader petition was dismissed without prejudice as against Tajeddine; all allegations in that interpleader petition relating to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice; and all allegations in Doe's turnover petition, directed at JPMCB, that relate to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice.

52.     Upon information and belief, third-party respondent American Life Insurance Company, Lebanon Branch ("Alico Lebanon," mistakenly pleaded as Metropolitan Life Insurance Company), is a corporation organized under the laws of Lebanon.  Alico Lebanon has an interest in the Tajeddine Blocked Accounts.  As discussed below, JPMCB's original interpleader petition was dismissed without prejudice as against Alico Lebanon; all allegations in that interpleader petition relating to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice; and all allegations in Doe's turnover petition, directed at JPMCB,

that relate to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice.

53.     Upon information and belief, third-party respondent Grand Stores Ltd. ("Grand Stores") is a corporation or other legal entity organized under the laws of Gambia, with its principal place of business in Gambia.  Grand Stores, which has been designated as an SDGT by OFAC, was a party to a blocked wire transfer that underlies one of the Blocked Accounts, which is referred to hereafter as the "Grand Stores Blocked Account."

54.     Upon information and belief, third-party respondent Trust Bank Ltd. ("Trust Bank") is a bank organized and existing under the laws of Gambia, with its principal place of business in Banjul, Gambia.  As discussed below, Trust Bank was a party to the blocked wire transfer underlying the Grand Stores Blocked Account.

55.     Upon information and belief, third-party respondent Credit Suisse AG ("Credit Suisse") is a bank organized and existing under the laws of Switzerland, with its principal place of business in Zurich, Switzerland.  As discussed below, Credit Suisse was a party to the blocked wire transfer underlying the Grand Stores Blocked Account but has disclaimed, with prejudice, any interest in that account.

56.     ED & F Man Treasury Management PLC ("ED&F"), a corporation or other legal entity organized under the laws of the United Kingdom with its principal place of business in London, England, was also a party to the blocked wire transfer underlying the Grand Stores Blocked Account, having been the beneficiary of the wire transfer initiated by Grand Stores.  But under Calderon-Cardona and Hausler, ED&F, as a beneficiary, has no claim to the funds in the Grand Stores Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

18

57.     Upon information and belief, third-party respondent Tajco a/k/a Tajco Ltd. (referred to above and hereafter as "Tajco") is a corporation or other legal entity organized under the laws of Gambia, with its principal place of business in Gambia.  Tajco, which has been designated as an SDGT by OFAC, was a party to a blocked wire transfer that underlies one of the Remaining Blocked Accounts, which is referred to hereafter as the "Tajco Blocked Account."

58.     Upon information and belief, third-party respondent Arab Gambian Islamic Bank Ltd. ("Arab Gambian") is a bank organized and existing under the laws of Gambia, with its principal place of business in Banjul, Gambia.  As discussed below, Arab Gambian was a party to the blocked wire transfer underlying the Tajco Blocked Account.

59.     Upon information and belief, third-party respondent AHLI United Bank UK PLC ("AHLI") is a bank organized and existing under the laws of the United Kingdom, with its principal place of business in London, England.  As discussed below, AHLI was a party to the blocked wire transfer underlying the Tajco Blocked Account but has disclaimed, with prejudice, any interest in that account.

60.     Lebanese Canadian Bank SAL ("Lebanese Canadian Bank"), a bank organized and existing under the laws of Lebanon with its principal place of business in Beirut, Lebanon, was also a party to the blocked wire transfer underlying the Tajco Blocked Account, having been the bank for the beneficiary of the wire transfer.  But under Calderon-Cardona and Hausler, Lebanese Canadian Bank, as a beneficiary's bank, has no claim to the funds in the Tajco Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

61.     Leaders of Supply and Products SAL (Offshore) (referred to above and hereafter as "Leaders"), a corporation or other legal entity organized under the laws of Lebanon with its principal place of business in Beirut, Lebanon, was also a party to the blocked wire transfer underlying the Tajco Blocked Accounts, having been the beneficiary of the wire transfer.  But under Calderon-Cardona and Hausler, Leaders, as a beneficiary, has no claim to the funds in the Tajco Blocked Account and has accordingly not been named a third-party respondent in this interpleader proceeding.

D.     Facts Common to the Amended Counterclaim and the Amended Third-Party Claims

    (i)     The Remaining Blocked Accounts

        (a)     The Grand Stores Blocked Account

62.     The Grand Stores Blocked Account was established on or about May 30, 2012, after JPMCB blocked a wire transfer, in the amount of $400,951.41, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as an SDGT.  The Grand Stores Blocked Account, whose account number ends in 2908, is located in New York, New York.

63.     The parties to the blocked wire transfer underlying the Grand Stores Blocked Account were the following:  Grand Stores, as the originator; Trust Bank, as the originator's bank; Credit Suisse, as Trust Bank's correspondent bank; JPMCB, as the beneficiary's bank; and ED&F, as the beneficiary.  Because Grand Stores had been designated as an SDGT by the time of the wire transfer, its presence in the wire transfer chain triggered JPMCB's block of the wire transfer in accordance with OFAC's applicable sanctions regulations.

(b)      The Tajco Blocked Account

64.      The Tajco Blocked Account was established on or about December 22, 2010, after JPMCB blocked a wire transfer, in the amount of $120,416.00, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by OFAC and applicable to persons or entities designated by OFAC as an SDGT.  The Tajco Blocked Account, whose account number ends in 2908, is located in New York, New York.

65.      The parties to the blocked wire transfer underlying the Tajco Blocked Account were the following:  Arab Gambian, as the originator's bank; AHLI, as Arab Gambian's correspondent bank; JPMCB, as an intermediary bank; Lebanese Canadian Bank, as the beneficiary's bank; and Leaders, as the beneficiary.  JPMCB has not been able to determine the originator of the blocked wire transfer, though the wire transfer instructions, sent by Arab Gambian, identify Arab Gambian as both the originator and the originator's bank.  The same instructions, however, also include a column entitled "payment details" in which B/O Tajco, at Ecowas Avenue in Banjul, Gambia, was identified, making it possible that Tajco was the originator or otherwise a party to the wire transfer.  Because Tajco had been designated as an SDGT by the time of the wire transfer, its presence in the wire transfer chain triggered JPMCB's block of the wire transfer in accordance with OFAC's applicable sanctions regulations.

(ii)     Petitioner's Claims to the Remaining Blocked Accounts

66.      Upon information and belief, Doe obtained the Judgment against the FARC and ELN on January 5, 2012 in his action in the United States District Court for the Southern District of Florida entitled John Doe v. Ejercito de Liberacion Nacional, et al., No. 10-21517-CIV-HUCK.  The Judgment was entered under the Alien Tort Statute, 28 U.S.C. § 1350, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.  As of the time of

this amended third-party petition, the Judgment, which the judgment debtors have not voluntarily paid, remains unsatisfied.

67.     On or about June 18, 2015, Doe registered the Judgment in the Southern District of New York in this proceeding.  On or about August 28, 2015, the SDNY Marshal served a writ of execution on JPMCB as part of Doe's effort to enforce the Judgment.  On August 31, 2015, Doe filed the Petition under Fed. R. Civ. P. 69, TRIA and CPLR §§ 5225(b), seeking an order directing JPMCB to turn over to him the funds in the Remaining Blocked Accounts (as well as the funds in the Tajeddine Blocked Accounts).

(iii)     The Stansell Respondents' Claims, Later
          Withdrawn, to the Remaining Blocked Accounts

68.     Upon information and belief, on June 15, 2010, the Stansell Respondents obtained a judgment against the FARC and others in the amount of $318,030,000 in the Stansells' Florida Proceeding.  Upon information and belief, as of the time of this third-party petition, the Stansells' judgment against the FARC has been only partially satisfied.

69.     On or about March 31, 2015, the Stansells served writs of garnishment upon JPMCB in the Stansells' Florida Proceeding.  As noted, by order dated July 22, 2015, the court in that proceeding ruled that it lacked *in rem* jurisdiction over the Blocked Accounts and other assets located outside Florida and vacated writs of garnishments that the Stansells had previously served on JPMCB and other garnishee banks.  The Stansells then commenced the Illinois Proceeding, in which they, like Doe in this Court, sought to execute on the Blocked Accounts and certain blocked accounts held by other garnishee banks.  The Stansells served a third-party citation on JPMCB on or about August 6, 2015, and filed a motion in the Illinois Proceeding on August 30, 2015 for the turnover of the funds in the Blocked Accounts.  As noted, by stipulation

entered in the Illinois Proceeding on January 18, 2016, the Stansells voluntarily dismissed the Illinois Proceeding without prejudice.

70.     As discussed below, the Stansell Respondents, after unsuccessfully moving to transfer or dismiss JPMCB's original interpleader petition and then answering the petition and asserting claims to the Blocked Accounts, voluntarily dismissed their claims without prejudice.

(iv)    Caballero's Possible Claims to the Remaining Blocked Accounts

71.     Upon information and belief, on November 18, 2014, Caballero obtained a judgment against the FARC, in the amount of $191,433,485.56, in his action in the 11th Circuit Court for the State of Florida.  Upon information and belief, as of the time of this third-party petition, Caballero's judgment remains unsatisfied.

72.     As of the time of this amended third-party petition, Caballero has not served JPMCB with a writ of execution or comparable lien that covers the Blocked Accounts.  It follows that, vis-à-vis Doe, Caballero is unlikely to have priority for purposes of executing on the Remaining Blocked Accounts.  JPMCB nonetheless named Caballero as a third-party respondent in its original interpleader petition to ensure that Caballero is fully covered by any discharge that may at some future time be entered in this proceeding.

(iv)    The Havlish Respondents' Possible
        Claims to the Remaining Blocked Accounts

73.     Upon information and belief, on October 16, 2012, the Havlish Respondents obtained a judgment against Iran and certain individuals and entities associated with Iran, including Hezbollah, in the amount of $6,048,513,805 in their action in the Southern District of New York.  Upon information and belief, as of the time of this amended third-party petition, the Havlishes' judgment remains unsatisfied.

74.     The Havlishes are not judgment creditors of the FARC.  But in light of an alleged connection between Grand Stores and Tajco, on the one hand, and Hezbollah, on the other, the Havlishes' counsel has told JPMCB's counsel that the Havlishes believe they have or may have an interest in the Remaining Blocked Accounts.  The Havlishes have not, as of the time of this amended third-party petition, served JPMCB with a writ of execution or comparable lien that covers the Remaining Blocked Accounts, so they are unlikely to have priority vis-à-vis Doe for purposes of executing on the Remaining Blocked Accounts.  But Doe may not be able to establish a connection between Hezbollah and Grand Stores or Tajco, and the Havlishes have in all events declined to enter into a stipulation of discharge and dismissal with JPMCB with respect to the Remaining Blocked Accounts.  JPMCB has therefore named the Havlishes as third-party respondents to ensure that they are fully covered by any discharge that may at some future time be entered in this proceeding.

    (v)     The Interests of the Other Third-Party
            Respondents in the Remaining Blocked Accounts

75.     The remaining third-party respondents were or have been named as respondents in light of their respective positions as parties involved with the transactions underlying one or more of the Blocked Accounts.  With respect to the Remaining Blocked Accounts, Grand Stores, as the originator, and Trust Bank, as the originator's bank, were both upstream parties to the wire transfer underlying the Grand Stores Blocked Account and therefore could conceivably have claimed an interest in the funds in that account.  Tajco, as the putative originator, and Arab Gambian, as the possible originator, were both upstream parties to the wire transfer underlying the Tajco Blocked Account and therefore could conceivably have claimed an interest in the funds in that account.

24

76.     Although JPMCB is unaware that Grand Stores, Trust Bank, Tajco and Arab Gambian ever made a claim to any of the Remaining Blocked Accounts, any one of them could conceivably have done so.  Credit Suisse, meanwhile, as the party to the Grand Stores wire transfer that directly transmitted the blocked funds to JPMCB, which blocked the wire transfer, is the sole entity that can have an ownership interest in the Grand Stores Blocked Account under the law as established by the Second Circuit in Calderon-Cardona and Hausler.  Likewise, AHLI, as the party to the Tajco wire transfer that directly transmitted the blocked funds to JPMCB, as the intermediary bank, is the sole entity that can have an ownership interest in the Tajco Blocked Account under Calderon-Cardona and Hausler.  As discussed below, however, Credit Suisse and AHLI have relinquished their respective interests.

      (vi)    Developments Pertinent to this Interpleader Proceeding Since
               JPMCB's September 2015 Filing of the Original Interpleader Petition

77.     After it filed original interpleader petition, JPMCB served the petition on all of the third-party respondents.  Since the completion of service, third-party respondents Grand Stores, Trust Bank, Tajco, Arab Gambian and Caballero have all defaulted.

78.     Third-party respondent Credit Suisse entered into a "so ordered" stipulation of discharge and dismissal disclaiming with prejudice any interest in the Remaining Blocked Account as to which it was a party to the underlying blocked wire transfer (ECF No. 51).

79.     Third-party respondent AHLI entered into a "so ordered" stipulation of discharge and dismissal disclaiming with prejudice any interest in the Remaining Blocked Account as to which it was a party to the underlying blocked wire transfer (ECF No. 61).

80.     The Stansell Respondents, after answering JPMCB's original interpleader petition and asserting claims to the Blocked Accounts, entered into a "so ordered" stipulation voluntarily dismissing all of those claims without prejudice (ECF No. 120).

25

81.     By Stipulation and Order entered on March 8, 2016 (ECF No. 142), JPMCB's original interpleader petition was dismissed without prejudice as against third-party respondents Tajideen and Alico-Lebanon; all allegations in that interpleader petition relating to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice; all allegations in Doe's turnover petition, directed at JPMCB, that relate to the Tajeddine Blocked Accounts were deemed withdrawn and stricken without prejudice; and JPMCB's original interpleader petition and any other claims as against Tajeddine or Alico-Lebanon were dismissed without prejudice (ECF No. 142).

*     *     *

82.     Because of Doe's and the third-party respondents' existing and prospective claims to the funds in either or both of the Remaining Blocked Accounts, JPMCB is being exposed to conflicting claims, to the attendant risk of inconsistent rulings, and ultimately to the prospect of double or multiple liability as to the same blocked assets.

83.     Under these circumstances, this interpleader proceeding is the most effective and cost-effective means by which all interested parties can be brought before one Court, a single determination can be made as to who, if anyone, is entitled to the funds in either or both of the Remaining Blocked Accounts, and JPMCB, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Remaining Blocked Accounts that is binding on all interested parties and not subject to future attack.

**FIRST AMENDED COUNTERCLAIM AND FIRST
AMENDED THIRD-PARTY CLAIM:  FOR INTERPLEADER RELIEF**

84.     JPMCB repeats and realleges the allegations in paragraphs 1 through 83 above as if they were set forth here in full.

85.     Petitioner has commenced this action seeking a turnover order under TRIA, Fed. R. Civ. P. 69 and CPLR § 5225(b) directing that JPMCB turn over to him the funds in the Remaining Blocked Accounts.  The Stansell Respondents and Caballero, as judgment creditors of the FARC, as well as the Havlish Parties, had asserted or could assert claims to the Remaining Blocked Accounts within the meaning of Fed. R. Civ. P. 22.

86.     Grand Stores and Tajco could also have asserted claims to, respectively, the Grand Stores Blocked Account and the Tajco Blocked Account within the meaning of Rule 22, insofar as they could have contended that they are neither an SDGT nor an instrumentality of the FARC, that the funds in the Remaining Blocked Accounts are as a result not subject to execution under TRIA or any other statute or rule, and that the funds should therefore be returned to them. Trust Bank also had a possible interest in the Grand Stores Blocked Account in its capacity as an upstream party to the blocked wire transfer underlying the Account.  Arab Gambian had a possible interest in the Tajco Blocked Account in its capacity as an upstream party to the blocked wire transfer underlying the Account.  Under Calderon-Cardona and Hausler, Credit Suisse's interest in the Grand Stores Blocked Account and AHLI's interest in the Tajco Blocked Account were, in fact, superior to that of any person or entity to those respective accounts insofar as each was the entity that directly transmitted the wire transfer funds to the party that blocked the wire transfer, JPMCB.  As discussed above, however, Credit Suisse and AHLI have relinquished their respective interests.

87.     JPMCB itself is a neutral stakeholder and takes no position on which, if any, of the parties at issue has the superior claim to the funds in either or both of the Remaining Blocked Accounts.  But because JPMCB is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing Doe

and the third-party respondents before the Court and requiring them to litigate their respective claims to the Remaining Blocked Accounts.

88.     JPMCB is ultimately entitled to an order (i) determining which, if any, of the parties at issue is entitled to the funds in the Remaining Blocked Accounts; (ii) to the extent those funds are directed to be turned over, discharging JPMCB from any further liability with respect to the Remaining Blocked Accounts; and (iii) restraining and enjoining Doe and the third-party respondents from instituting or prosecuting any future proceeding, in any jurisdiction, with respect to either or both of the Remaining Blocked Accounts.

89.     JPMCB is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this interpleader proceeding and the ongoing, future or prior judgment enforcement efforts of Doe, the Stansell Respondents, and the Havlish Respondents. Any such attorneys' fees and costs are to be awarded out of the funds in the Remaining Blocked Accounts that may be turned over, to Doe or anyone else, under any judgment entered in this action.

WHEREFORE, JPMCB requests the entry of a judgment as follows:

a.     Dismissing the Petition in its entirety;

b.     Determining the rights, if any, of Doe and the third-party respondents to the funds in the Remaining Blocked Accounts;

c.     Determining that service of the third-party petition and the amended third-party petition, the third-party summons, and other relevant documents upon the third-party respondents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

d.      Determining that this Court has subject matter jurisdiction, personal jurisdiction and *in rem* jurisdiction over Doe, the third-party respondents, and the Remaining Blocked Accounts to the extent necessary to determine the parties' respective rights with respect to the Remaining Blocked Accounts;

e.      Determining (i) whether the Remaining Blocked Accounts are subject to execution under existing law in the Second Circuit as established in Calderon-Cardona and Hausler; (ii) whether Grand Stores and Tajco are instrumentalities of the FARC, and therefore whether the Remaining Blocked Accounts are assets subject to execution under TRIA; and (iii) to the extent the Remaining Blocked Accounts are subject to execution, whether Doe or one of the third-party respondents has priority for purposes of executing on either or both of the Remaining Blocked Accounts;

f.      Discharging JPMCB from any and all liability to Doe, the third-party respondents, and all other persons and entities with respect to the funds in the Remaining Blocked Accounts to the extent those funds are ordered to be turned over to any one or more of those parties;

g.      Permanently restraining and enjoining Doe, the third-party respondents, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to any of the funds in the Remaining Blocked Accounts that JPMCB is ordered to turn over to any party;

h.      Awarding JPMCB its costs and expenses, including reasonable attorneys' fees, incurred in connection with this third-party proceeding and the judgment enforcement efforts of Doe, the Stansell Respondents and the Havlish Respondents; and

i.      Awarding JPMCB such other and further relief as may be just and proper.

Dated:       New York, New York
             April 1, 2016

LEVI LUBARSKY FEIGENBAUM
& WEISS LLP

By:  /s/ Steven B. Feigenbaum
        Steven B. Feigenbaum
655 Third Avenue, 27th Floor
New York, New York 10017
(212) 308-6100 (telephone)
(212) 308-8830 (facsimile)
sfeigenbaum@llfwlaw.com
*Attorneys for Respondent/Third-Party Petitioner*
*JPMorgan Chase Bank, N.A.*