UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>　　Petitioner/Judgment Creditor,<br><br>v.<br><br>EJERCITO DE LIBERACION NACIONAL a/k/a ELN, a/k/a National Liberation Army, and FUERZAS ARMADAS REVOLUCIONARIOS DE COLOMBIA, a/k/a FARC, a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA,<br><br>　　Defendants/Judgment Debtors, and<br><br>TAJCO A/K/A TAJCO LTD. A/K/A TRADEX CO. LTD. AND OTHER ALIASES; GOLFRATE HOLDINGS (ANGOLA) LDA AND ALIASES; AND COMMERZBANK AG NEW YORK BRANCH,<br><br>　　Respondents. | Case No. 15-cv-8652-LTS |

**COMMERZBANK AG NEW YORK BRANCH'S BRIEF IN SUPPORT OF RESPONDENT JPMORGAN CHASE BANK, N.A.'s OPPOSITION TO PETITIONER'S MOTION FOR TURNOVER OF BLOCKED ASSETS**

On January 24, 2016, petitioner filed a petition for turnover against Commerzbank AG, New York Branch ("COBA") with respect to electronic funds transfers ("EFTs") held in certain accounts that COBA's New York branch has blocked pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC") concerning the Fuerzas Armadas Revolucionarios de Colombia ("FARC"). On March 24, 2016, COBA filed a response to the petition for turnover. As of this date, petitioners have not filed any motion directed to COBA for turnover of the funds in the referenced accounts.

2484624.4  103969-92066

On June 29, 2016, petitioner filed a motion for turnover (the "Turnover Motion") of two accounts held by JPMorgan Chase Bank ("JPMCB"). The Turnover Motion addresses whether funds that were received by a garnishee bank directly from a transmitting bank that is not subject to OFAC blocking regulations are available to petitioner for turnover pursuant to *Calderon-Cardona v. Bank of N.Y. Mellon*, 770 F.3d 993 (2d Cir. 2014) *cert. denied* 136 S. Ct. 893 (2016) ("*Calderon-Cardona*"), and *Hausler v. JPMorgan JPMCB Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014).

This Court's decision on the Turnover Motion with respect to this issue will govern in this proceeding with respect to the accounts blocked at COBA. In *Calderon-Cardona*, the Second Circuit held that:

> an EFT blocked midstream is 'property of a foreign state' or 'the property of an agency or instrumentality of such a state,' subject to attachment under 28 U.S.C. § 1610(g), only where either the state itself or an agency or instrumentality thereof (such as a state-owned financial institution) transmitted the EFT directly to the bank where the EFT is held pursuant to the block.

770 F.3d at 1002. Since Petitioner concedes that the subject funds blocked by JPMCB at issue were not transmitted directly from the FARC, or an agency or instrumentality of the FARC. (Turnover Motion (Docket Entry 176) at 4.), under *Calderon-Cardona*, these funds are not subject to attachment. Petitioner's arguments that (1) the upstream wire transfer parties' interests in the funds were temporary and have expired and (2) the upstream wire transfer parties have disclaimed any interest in the funds at issue, fail as a matter of law for the reasons set forth by JPMCB in its brief in opposition to the Turnover Motion.

2

2484624.4 103969-92066

Dated: New York, New York
July 29, 2016

                           **GIBBONS P.C.**
                           One Pennsylvania Plaza, 37th Floor
                           New York, New York 10119-3701
                           (212) 613-2000
                           *Attorneys for Commerzbank AG, New York Branch*

By: ___/s/ Terry Myers_____
     Terry Myers
     Paul A. Saso