UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOHN DOE,

       Petitioner,

  -v-                                      No. 15 CV 8652-LTS

EJERCITO DE LIBERACION NACIONAL,
et al.,

       Defendants,

  -and-

JP MORGAN CHASE BANK, N.A., et al.

       Respondents.

---------------------------------------------------------

JP MORGAN CHASE BANK, N.A.,

       Third-Party Petitioner,

  -v-

GRAND STORES LTD., TRUST BANK LTD.,
TAJCO a/k/a TAJCO LTD., and ARAB
GAMBIAN ISLAMIC BANK LTD., et al.,

       Third-Party Respondents.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

       Before the Court is the motion of Petitioner John Doe for an order requiring the turnover of two blocked bank accounts (the "Blocked Accounts") currently held by Respondent JP Morgan Chase Bank, N.A. ("JP Morgan"). (Docket entry no. 176.) The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1331. JP Morgan opposes the motion on

the grounds that the turnover Plaintiff seeks is precluded by the Second Circuit's holdings in Calderon-Cardona v. Bank of N.Y. Mellon, 770 F.3d 993 (2014), and Hausler v. JP Morgan Chase Bank, N.A., 770 F.3d 207 (2014).  The Court has carefully considered all of the submissions in connection with this motion practice, and, for the reasons that follow, denies Petitioner's motion for a turnover order.

BACKGROUND

This action was initiated in June 2015 with the registration in this District by Petitioner Doe of a $36.8 million judgment rendered against Defendants Ejercito de Liberacion Nacional (the "ELN") and Fuerzas Armadas Revolucionarios de Colombia (the "FARC" and, with ELN, "Defendants") by the United States District Court for the Southern District of Florida.  JP Morgan was named as a respondent in Petitioner John Doe's August 31, 2015, petition in this Court for a turnover order.  (Docket entry no. 4.)  In Doe's petition, he seeks the turnover of assets allegedly belonging to purported agents or instrumentalities of the FARC.  (Docket entry no. 4, ¶ 14.)  Specifically, as relevant to the instant motion, Doe seeks the turnover of assets he alleges are the property of Grand Stores Ltd. ("Grand Stores"), and Tajco or Tajco Ltd. ("Tajco"), both of which Doe claims are agents or instrumentalities of the FARC, for purposes of executing upon his Florida judgment.[1]  (Id.)

The Blocked Accounts that are the subject of the instant motion for a turnover order are alleged, in the operative Third Amended Complaint in the related interpleader

---

[1] The Terrorism Risk Insurance Act of 2002, Pub.L. No. 107–297, § 201(a), 116 Stat. 2322, 2337 ("TRIA"), permits execution of certain judgments upon assets of a state actor or terrorist party as well as any "agency or instrumentality" of such a party. Id.

proceeding commenced by JP Morgan (docket entry no. 159 (the "TAC")), as supplemented by the factual proffer of JP Morgan's counsel (docket entry no. 186 (Declaration of Steven B. Feigenbaum ("Feigenbaum Decl."))), to have come into existence as follows:

(1) The Grand Stores blocked account, which was originated by Grand Stores, contains funds that were sent by an electronic fund transfer ("EFT") that originated with Trust Bank Ltd. ("Trust Bank"), as the originator's bank.  Trust Bank sent the funds to Credit Suisse AG ("Credit Suisse"), as Trust Bank's correspondent bank, and then Credit Suisse sent the funds to JP Morgan, as the beneficiary bank.[2]  (Feigenbaum Decl. ¶ 5.)  JP Morgan blocked the transfer and placed the funds into a blocked account because Grand Stores was listed on the Office of Foreign Asset Control ("OFAC") list of Specially Designated Global Terrorists ("SGDT") at the time of the wire transfer.[3]  (TAC ¶ 63.)

(2) The Tajco blocked account, which does not have an identified originator, contains funds that were sent by an EFT that originated with Arab Gambian Islamic Bank Ltd. ("Arab Gambian"), with a notation "B/O Tajco", as the originator's bank.  Arab Gambian sent the funds to AHLI United Bank UK PLC ("AHLI"), as Arab Gambian's correspondent bank, and then AHLI sent the funds to JP Morgan, as the intermediary bank, with instructions for JP Morgan to send the funds to Lebanese Canadian Bank SAL ("Lebanese Canadian Bank"), as the beneficiary's bank.  (Feigenbaum Decl. ¶ 7; TAC ¶ 65.)  JP Morgan blocked the transfer and

---

[2]   The TAC alleges that JP Morgan was the intermediary bank, and received the ETF with instructions to send the funds to ED & F Man Treasury Management PLC ("ED&F"), as the beneficiary bank.  (TAC ¶ 63.)  Whether JP Morgan was the beneficiary bank or the intermediary bank does not affect the legal analysis that follows.

[3]   31 C.F.R. Section 594.310 defines an SGDT as a person whose property must be blocked by U.S. financial institutions pursuant to 31 C.F.R. Section 594.201.  It is undisputed by the parties that Grand Stores and Tajco are SGDTs.

placed the funds into a blocked account because Tajco was referenced in the payment details of the EFT and was listed on the OFAC list of SGDTs at the time of the wire transfer. (Id.) Doe does not dispute these allegations.

In connection with these proceedings, both Credit Suisse and AHLI have disclaimed any ownership or property interest in the Blocked Accounts for which they served as correspondent banks. (Docket entry nos. 51 & 61.)

Doe further alleges that both Grand Stores and Tajco are agencies or instrumentalities of the FARC, and that turnover of their assets to satisfy Doe's judgment against the FARC is authorized under the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610(a), which is commonly referred to as Section 201(a) of TRIA. See Pub. L. No. 107-297, 116 Stat. 2322 (2002).

DISCUSSION

TRIA permits a plaintiff to execute a judgment on the blocked assets of a terrorist party, or its agency or instrumentality, to satisfy a judgment against the terrorist party, where: (1) the plaintiff obtained a judgment against the terrorist party; (2) the judgment is for a claim based on an act of terrorism; (3) the assets are "blocked assets" within the meaning of TRIA; and (4) execution is sought only to the extent of the plaintiff's outstanding judgment for compensatory damages. Weininger v. Castro, 462 F. Supp. 2d 457, 479 (S.D.N.Y. 2006). The only material disputed issue raised in the instant motion practice is whether the assets in the Blocked Accounts are the property of Grand Stores or Tajco. Because the Court concludes that they are not, the Court does not address whether Doe could satisfy the other requirements of TRIA.

In Hausler, the Second Circuit considered a similar case, in which a plaintiff

sought to attach assets sent via EFT to satisfy a judgment under TRIA Section 201(a).  770 F.3d at 211.  The Second Circuit, relying on Calderon-Cardona (which analyzed attempted attachment under the Foreign Sovereign Immunities Act, rather than TRIA), held that "'EFTs are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank.'"  Id. at 212 (quoting Calderon-Cardona, 770 F.3d at 1001).  Rather, "'the only entity with a property interest in the stopped EFT is the entity that passed the EFT on to the bank where it presently rests.'"  Id. (quoting Calderon-Cardona, 770 F.3d at 1002) (emphasis added).

Here, as in Hausler, "it is undisputed that no [SDGT] transmitted any of the blocked EFTs in this case directly to the blocking bank."  Id.  Credit Suisse transmitted the funds held in the Grand Stores blocked account to JP Morgan; AHLI transmitted the funds held in the Tajco blocked account to JP Morgan.  Hausler therefore compels the conclusion that neither Grand Stores nor Tajco "ha[s] any property interest in the ETFs that are blocked at" JP Morgan, and those funds are accordingly "not attachable under TRIA § 201."  Id.

Doe seeks to avoid the application of Hausler to this case by arguing that the property interests of Credit Suisse and AHLI have either expired or been disclaimed and that, under general equitable principles, Grand Stores and Tajco ought to be recognized as the only parties with interests in the Blocked Accounts, on which Doe should therefore be permitted to execute.  (See docket entry no. 195, Corrected Reply in Support of Petitioner's Motion for Turnover, at 12.)  Doe's desired result is, however, precluded by the Second Circuit's binding legal determinations in Calderon-Cardona and Hausler that only property of a target party can be attached under TRIA and that a mid-stream EFT is the sole property of the entity that transmitted the EFT to the blocking bank.  See Calderon-Cardona, 770 F.3d at 1000-01; Hausler, 770 F.3d at 212.  Thus, because "it is undisputed that [neither Grand Stores nor Tajco] transmitted any of the

blocked EFTs in this case directly to the blocking bank . . . neither [Grand Stores nor Tajco has] <u>any</u> property interest in the EFTs that are blocked at the . . . banks." <u>Hausler</u>, 770 F.3d at 212 (emphasis added).  The intermediary banks' disclaimers thus could not vest a property interest in the originator, nor does the potential for equitable claims constitute a current property interest in the blocked assets.

Because Doe has not demonstrated that the Blocked Accounts contain property of Grand Stores or Tajco that is attachable under TRIA, the turnover motion must be denied and the Court need not address Doe's arguments regarding equitable claims to the funds.

### CONCLUSION

For the foregoing reasons, Doe's motion for a turnover order is denied.  This Memorandum Opinion and Order resolves docket entry no. 176.

A pre-trial conference in this matter will be held on **April 6, 2017, at 10:30 a.m.** The parties are directed to file an updated joint pre-trial statement one week prior to the conference identifying, <u>inter alia</u>, the matters remaining to be resolved in this litigation, any necessary discovery, and any anticipated motion practice, and provide a courtesy copy of that filing for Chambers.

SO ORDERED.

Dated: New York, New York
       February 14, 2017

                                                         /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge